# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT of FLORIDA
# TAMPA DIVISION

LOGOS I. FARROW,

      Plaintiff,

   v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER
FINANCIAL SERVICES;
DOVENMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; SANTANDER CONSUMER
USA INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

      Defendants.

Case No. *8:25-cv-2417-KKM-SPF*

SEP 9 2025 PM 4:03
FILED - USDC - FLMD - TPA

---

## <u>VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

    Plaintiff brings this action under the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. §1681 et seq., for Defendants' willful and/or negligent

violations of federal law in connection with their inaccurate reporting, failure

1

TPA 72921
$485

to conduct proper reinvestigations, and failure to correct errors despite repeated notice and proof.

## PRELIMINARY STATEMENT

1.     Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2.     The FCRA places obligations both on consumer reporting agencies ("CRAs") such as Equifax, Experian, and TransUnion, and on furnishers of credit information such as Capital One, Citi, Discover, Dovenmuehle, JPMorgan Chase, and Santander.

3.     Plaintiff seeks relief for damages sustained as a result of Defendants' actions, including emotional distress, denial of credit, adverse financial consequences, and reputational harm.

4.     Defendants committed the acts and violations described herein knowingly, willfully, and intentionally, and failed to maintain procedures reasonably adapted to avoid such violations.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337 because Plaintiff's claims arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

6.      Jurisdiction is also proper under 15 U.S.C. §1681p, which provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7.      This Court has personal jurisdiction over Defendants because each Defendant regularly conducts business in the State of Florida, including within the Middle District of Florida, and each Defendant furnishes, reports, or maintains consumer credit information relating to Florida residents.

8.      Venue is proper in this Court under 28 U.S.C. §1391(b) because Plaintiff resides in the Middle District of Florida, a substantial part of the events and omissions giving rise to these claims occurred in this District, and Defendants transact business within this District.


**PARTIES**

9.      Plaintiff Logos I. Farrow is a natural person residing in Wesley

Chapel, Pasco County, Florida. Plaintiff is a "consumer" as defined by 15

U.S.C. §1681a(c).

10.      Plaintiff resided at 7542 Avocet Dr, Wesley Chapel, Florida at all

times relevant, and all actions related to Plaintiff stated herein took place in

or around Wesley Chapel, Florida.

11.      Defendant Capital One Services, LLC is a foreign for-profit limited

liability company formed in the State of Delaware, with its registered

agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL

32301-2525, and principal address at 1680 Capital One Drive, McLean, VA

22102.

12.      Defendant Citibank, N.A. is a foreign for-profit corporation organized

in the State of Delaware, with its registered agent CT Corporation System,

1200 South Pine Island Road, Plantation, FL 33324, and principal address at

388 Greenwich Street, New York, NY 10013.

13.      Defendant Discover Financial Services is a foreign for-profit LLC

organized in the State of Delaware, with its registered agent Corporation

Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, and

principal address at 2500 Lake Cook Road, Riverwoods, IL 60015.

14.     Defendant JPMorgan Chase Bank, N.A. is a foreign for-profit

corporation incorporated in the State of Ohio, with its registered agent CT

Corporation System, 1200 South Pine Island Road, Plantation, FL 33324,

and principal address at 1111 Polaris Parkway, Columbus, OH 43240.

15.     Defendant Santander Consumer USA Inc. is a foreign for-profit

corporation organized in the State of Illinois, with its registered agent CT

Corporation System, 1200 South Pine Island Road, Plantation, FL 33324,

and principal address at 1601 Elm Street, Suite 800, Dallas, TX 75201.

16.     Defendant Equifax Information Services, LLC is a foreign for-profit

LLC formed in the State of Georgia, with its registered agent Corporation

Service Company, 1201 Hays Street, Tallahassee, FL 32301, and principal

address at 1550 Peachtree Street NW, Atlanta, GA 30309.

17.     Defendant Experian Information Solutions, Inc. is a foreign for-profit

corporation formed in the State of Ohio, with its registered agent CT

Corporation System, 1200 South Pine Island Road, Plantation, FL 33324,

and principal address at 475 Anton Boulevard, Costa Mesa, CA 92626.

18.     Defendant Trans Union LLC is a foreign for-profit LLC formed in the

State of Delaware, with its registered agent Corporation Service Company,

1201 Hays Street, Tallahassee, FL 32301-2525, and principal address at 555

West Adams Street, Chicago, IL 60661.

19.     Each Defendant is a "person" as defined by 15 U.S.C. §1681a(b) and regularly engages in the business of furnishing and/or evaluating consumer credit information.

20.     Each Defendant acted through its agents, employees, officers, directors, successors, and assigns, all of whom were acting within the scope of their authority and employment.

## GENERAL ALLEGATIONS

21.     Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

22.     Defendants are each engaged in the business of assembling, evaluating, and furnishing consumer credit information for the purpose of providing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties.

23.     Defendants have a duty under the Fair Credit Reporting Act ("FCRA") to ensure the maximum possible accuracy of the information they report and maintain regarding consumers.

24.     Plaintiff alleges that Defendants have reported, and continue to report, inaccurate, misleading, and incomplete information concerning Plaintiff's accounts, credit history, and creditworthiness.

25.     Defendants' reporting has included incorrect account statuses, high credit limits, dates of last activity, payment histories, and other derogatory information that does not comply with the accuracy and completeness standards of the FCRA.

26.     When a data furnisher elects to report an account, the FCRA requires that the account be reported completely and accurately. A furnisher cannot selectively report portions of an account in a manner that is misleading, incomplete, or inaccurate.

27.     The consumer reporting agencies (Equifax, Experian, and TransUnion) are not passive entities that must report whatever information furnishers provide; rather, they have an independent duty under 15 U.S.C. §1681e(b) and §1681i to ensure maximum accuracy and to reinvestigate disputed information.

28.     Plaintiff alleges that Defendants are well aware of the requirements of the FCRA and the credit reporting industry standards yet chose not to comply with them. The "furnisher" Defendants have a duty under 15 U.S.C. §1681s-2, When a furnisher receives notice of a consumer dispute, it

must investigate, review all relevant information, and report the results back. If the disputed information is inaccurate, incomplete, or unverifiable, the furnisher must correct it, delete it, or block it from further reporting, and notify all appropriate credit bureaus.

29.     Plaintiff further alleges that Defendants' conduct was willful, intentional, and in reckless disregard of Plaintiff's rights, designed to maximize their own convenience and profits while undermining Plaintiff's credit standing.

30.     As a result of Defendants' inaccurate reporting and failure to conduct proper investigations, Plaintiff has suffered significant damages, including denial of credit, higher costs of credit, damage to reputation, emotional distress, and financial harm.

## FACTUAL ALLEGATIONS

31.     Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

### A. Plaintiff's Disputes and the USPS Certified Mail Process

32.      Plaintiff, acting pro se, initiated multiple written disputes with Defendants beginning in June 2025, sent via USPS Certified Mail with tracking numbers confirming delivery.

33.      Plaintiff attached supporting documentation with each dispute letter, including copies of consumer reports, explanations of inaccuracies, and relevant statutory references.

34.      Defendants received and/or had the opportunity to receive these dispute letters yet failed to conduct reasonable reinvestigations as required by the Fair Credit Reporting Act, 15 U.S.C. §1681i and §1681s-2(b).

35.      Plaintiff's disputes were timely, specific, and clearly identified inaccurate tradelines.

### B. Adverse Action

36.      On or about August 6, 2025, Plaintiff was denied a vehicle loan in the amount of $65,650, due to Plaintiff's inaccurately reported credit report.

37.      This denial directly resulted from inaccurate and incomplete reporting maintained and furnished by Defendants.

38.     The inaccurate reporting has impaired Plaintiff's creditworthiness, caused denial of financial opportunities, and inflicted significant emotional distress.

### C. Inaccuracy – Capital One Services LLC

39.     On June 6, 2025, Plaintiff sent a formal written dispute to Capital One Services, LLC regarding inaccurate reporting on Account No. *517805852992*\*\*\*. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 04, and Capital One received and signed for delivery on June 16, 2025 in Salt Lake City, Utah.

40.     In this first-round dispute, Plaintiff challenged inaccurate data points being reported to Equifax, Experian, and TransUnion, including: Date Opened, High Credit, Credit Limit, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff specifically requested supporting documentation such as payment history, original account agreements, and transaction records.

41.     On June 26, 2025, Capital One issued a perfunctory response letter that merely restated the currently reported data without producing any

documentary evidence. No verification of the high credit amount, credit

limit, or account opening date was provided, and no underlying

documentation was supplied.

42.     On July 13, 2025, Plaintiff submitted a second dispute letter, again

via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4108 10),

reiterating the inaccuracies. USPS records confirm delivery on July 17,

2025 in Salt Lake City, Utah.

43.     Plaintiff's July 13 letter highlighted that Capital One's June 26

response failed to meet its statutory obligations under 15 U.S.C. §1681s-

2(b), and emphasized that the disputed information remained unchanged on

Plaintiff's credit report pulled on July 13, 2025.

44.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue to Capital

One via USPS Certified Mail No. 9214 8901 4298 0424 7877 55, received

on August 19, 2025 in Salt Lake City, Utah. This Notice of Intent cited

ongoing FCRA violations, the adverse action denial of a $65,650 auto loan

on August 6, 2025, and the filing of formal complaints with the Better

Business Bureau (BBB, Case No. 23629816) and the Consumer Financial

Protection Bureau (CFPB, Case No. 250812-23099174).

45.     Despite receipt of three separate certified disputes and notices,

Capital One has failed to conduct a reasonable reinvestigation, verify the

disputed tradeline, or provide documentary evidence as required by law. Instead, Capital One has willfully and/or negligently continued reporting inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

### D. Inaccuracy – Citi Bank, NA

46.    On June 6, 2025, Plaintiff sent a formal written dispute to Citibank, N.A. regarding inaccurate reporting on multiple accounts, including Account Nos. *410039056330*** and *542418138506****. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 35, and Citi received delivery and signature on June 13, 2025 in Sioux Falls, South Dakota.

47.    Plaintiff disputed inaccuracies including Monthly Payment, Date Opened, Balance, High Credit, Credit Limit, Last Reported, Date Last Active, and Date of Last Payment, and requested supporting documentation such as payment histories, original account agreements, and transaction records.

48.    On July 2, 2025, Citi responded, but its letter falsely claimed the disputes lacked clarity. Plaintiff's June 6 letter, however, had specifically identified the erroneous tradeline fields and included copies of Plaintiff's identification and credit report.

49.    On July 13, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4108 03). USPS records confirm delivery on July 18, 2025 in Sioux Falls, South Dakota. This letter reiterated the disputed inaccuracies and highlighted Citi's failure to comply with 15 U.S.C. §1681s-2(b) and §1681i.

50.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7878 85, which was received on August 18, 2025 in Sioux Falls, South Dakota. In this Notice, Plaintiff emphasized Citi's ongoing FCRA violations, the denial of a $65,650 auto loan on August 6, 2025, and the resulting adverse action.

51.    Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23629854) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22315834), documenting Citi's failure to reasonably investigate and correct disputed inaccuracies.

52.    Despite multiple certified disputes, a Notice of Intent to Sue, and the filing of formal complaints with oversight agencies, Citi has willfully and/or

13

negligently continued to report inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion, causing direct harm to Plaintiff's creditworthiness.

### E. Inaccuracy – Discover Financial Services

53.    On June 6, 2025, Plaintiff sent a formal written dispute to Discover Financial Services regarding inaccurate reporting on Account No. *601101209760*\***. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 66, and Discover received and signed for delivery on June 16, 2025, in Salt Lake City, Utah.

54.    Plaintiff disputed the following data fields as inaccurate, outdated, or unverifiable: Monthly Payment, Date Opened, Balance, High Credit, Past Due, Payment Status, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff specifically requested documentation including payment histories, original account agreements, and transaction records.

55.    On July 12, 2025, Discover issued a response that failed to provide verification documents or adequate explanation, merely reiterating internal account data.

56.     On July 24, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0423 1804 08). USPS records confirm delivery on July 28, 2025, in Salt Lake City, Utah. This second dispute noted that the June 6 dispute remained unresolved and that Discover was continuing to report inaccurate tradeline information in violation of 15 U.S.C. §§ 1681i and 1681s-2(b).

57.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7887 83), which was received on August 18, 2025, in Salt Lake City, Utah. This Notice detailed Discover's repeated violations, referenced the denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation absent corrective action.

58.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23655783) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22615748) documenting Discover's failure to comply with its statutory obligations.

59.     Despite multiple certified disputes, USPS-confirmed deliveries, and the filing of formal complaints with oversight agencies, Discover has willfully and/or negligently continued to report inaccurate, incomplete, and

unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

## F. Inaccuracy – Dovenmuehle Mortgage, Inc.

60.     On June 6, 2025, Plaintiff sent a formal written dispute to Dovenmuehle Mortgage, Inc. regarding inaccurate reporting on Mortgage Account No. *310002561\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 73, and delivery was confirmed on June 12, 2025, at 9:19 AM in Lake Zurich, Illinois.

61.     Plaintiff disputed the following data fields as inaccurate, outdated, or unverifiable: Date Opened, Number of Months (Terms), Last Reported, Date Last Active, and Date of Last Payment. Plaintiff specifically requested documentation including payment histories, the original loan agreement, and transaction records verifying each disputed item.

62.     Dovenmuehle issued responses dated June 16, 2025 and June 30, 2025, neither of which addressed the disputes. Instead, the responses either acknowledged receipt or enclosed a loan modification offer, without supplying documentation or conducting a reinvestigation.

63.     On July 13, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4107 80), which was delivered on July 17, 2025, at 3:21 PM in Lake Zurich, Illinois. Plaintiff's second dispute reiterated Dovenmuehle's noncompliance and noted that as of Plaintiff's updated three-bureau credit report pulled on July 13, 2025, the inaccurate tradeline remained unchanged.

64.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7888 82) and was received by Dovenmuehle. This Notice cited Dovenmuehle's repeated violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i and 1681s-2(b), referenced the denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

65.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23650459) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22316566) regarding Dovenmuehle's ongoing failure to correct or verify the disputed tradeline.

66.     Despite two formal disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Dovenmuehle has willfully and/or negligently continued to report inaccurate, incomplete, and

unverifiable information to Equifax, Experian, and TransUnion, directly

harming Plaintiff's credit standing.

### G. Inaccuracy – JPMorgan Chase Bank, NA

67.     On June 6, 2025, Plaintiff sent a formal written dispute to JPMorgan

Chase Bank, N.A. regarding inaccurate reporting on Account

No. *426684160960\*\*\**. The dispute was mailed via USPS Certified Mail

No. 9214 8901 4298 0419 8978 41, and delivery was confirmed on June 13,

2025, at 12:21 PM in Wilmington, Delaware.

68.     Plaintiff disputed the following data fields as inaccurate, outdated, or

unverifiable: Date Opened, High Credit, Credit Limit, Last Reported, Date

Last Active, and Date of Last Payment. Plaintiff specifically requested

supporting documentation, including payment histories, the original account

agreement, and transaction records verifying each disputed item.

69.     JPMorgan Chase issued a response June 23, 2025 but failed to

address the disputes or provide investigation details.

70.     On July 15, 2025, Plaintiff sent a second dispute letter via USPS

Certified Mail No. 9202 8901 4298 0422 4107 11, which was delivered

on July 16, 2025, at 1:42 PM in Wilmington, Delaware. Despite receipt, JPMorgan Chase failed to provide documentary evidence or correct the erroneous tradeline information.

71.     As of Plaintiff's updated three-bureau credit report pulled on August 11, 2025, the disputed account remained inaccurately reported, with no corrections or supporting documentation provided.

72.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7890 87, which was delivered on August 18, 2025, at 11:37 AM in Wilmington, Delaware. This Notice detailed Chase's repeated violations, referenced the adverse action denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

73.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23650482) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22319229) regarding JPMorgan Chase's ongoing failure to comply with its statutory obligations.

74.     Despite multiple disputes, USPS-confirmed deliveries, and oversight agency complaints, JPMorgan Chase has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information to

Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

## H. Inaccuracy – Santander Consumer USA, Inc.

75.    On June 6, 2025, Plaintiff sent a formal written dispute to Santander Consumer USA Inc. regarding inaccurate reporting on Auto Loan Account No. *3000028156305\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8978 72 .

76.    Santander Consumer USA issued a response dated June 26, 2025 advising my dispute letter was received then proceeded to ask for the dispute information already provided.

77.    In this first-round dispute, Plaintiff contested multiple inaccurate tradeline entries being reported to the CRAs, including: Date Opened, High Credit, Past Due, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff requested supporting documentation including payment histories, original account agreements, and transaction records.

78.    On July 13, 2025, Plaintiff sent a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0422 4106 50, which was successfully

delivered on July 22, 2025, at 6:23 AM in Fort Worth, Texas 76161.

Santander again failed to provide the required documentation or correct the

disputed tradeline.

79.    As of Plaintiff's updated credit report pulled on August 11, 2025, the

disputed Santander tradeline remained uncorrected, showing significant

derogatory information across all three CRAs, despite Santander's receipt of

two disputes.

80.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS

Certified Mail No. 9214 8901 4298 0424 7891 62, which was delivered

on August 19, 2025, at 6:27 AM in Fort Worth, Texas 76161. This Notice

detailed Santander's continued noncompliance referenced the denial of

Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent

litigation.

81.    Plaintiff also filed complaints with the Better Business Bureau (BBB,

Case No. 23752997) and the Consumer Financial Protection Bureau (CFPB,

Case No. 250714-22319492) regarding Santander's failure to comply with

the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i and 1681s-2(b).

82.    Despite receipt of two certified disputes, a Notice of Intent to Sue,

USPS-confirmed deliveries, and regulatory complaints, Santander has

willfully and/or negligently continued to report inaccurate, incomplete, and

unverifiable information to Equifax, Experian, and TransUnion, directly

harming Plaintiff's creditworthiness.

## I. Inaccuracy – Equifax Information Services, LLC

83.     On June 6, 2025, Plaintiff sent a formal written dispute to Equifax

Information Services, LLC regarding inaccurate and unverifiable reporting

across multiple tradelines and personal identifiers. The dispute was mailed

via USPS Certified Mail No. 9214 8901 4298 0419 8976 05, and delivery

was confirmed on June 15, 2025, at 1:07 PM in Atlanta, Georgia.

84.     Plaintiff's June 6 dispute challenged: (a) outdated and inaccurate

personal information, including former addresses and aliases; (b) multiple

tradelines furnished by Capital One, Citi, Discover, JPMorgan Chase,

Santander, Dovenmuehle, Florida CRU, and GS Bank USA; and (c) several

unauthorized inquiries dated September 2024 that lacked a permissible

purpose under 15 U.S.C. § 1681b.

85.     On July 7, 2025, Equifax issued a response, which Plaintiff received

on July 18, 2025, that failed to provide verification documents or perform a

22

meaningful reinvestigation. The inaccurate tradelines and unauthorized inquiries remained unchanged.

86.    On July 24, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0423 1805 21), which was delivered on July 28, 2025, at 12:12 PM in Atlanta, Georgia. This dispute reiterated Equifax's noncompliance, demanded a lawful reinvestigation, and enclosed an updated three-bureau credit report confirming the inaccuracies remained uncorrected.

87.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7889 36), which was delivered on August 18, 2025, at 9:48 AM in Atlanta, Georgia. This Notice cited Equifax's repeated violations of 15 U.S.C. §§ 1681i and 1681e(b), documented the adverse action denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

88.    Plaintiff also filed formal complaints with the Better Business Bureau (BBB, Case No. 23748475) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22616578) regarding Equifax's continued failure to correct or delete the disputed items.

89.    Despite two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Equifax has willfully

and/or negligently continued to report inaccurate, incomplete, and unverifiable information, thereby failing to follow reasonable procedures to assure maximum possible accuracy and directly harming Plaintiff's creditworthiness.

## J. Inaccuracy – Experian Information Solutions, Inc.

90.     On June 6, 2025, Plaintiff sent a formal written dispute to Experian Information Solutions, Inc. regarding inaccurate personal identifiers, unauthorized inquiries, and multiple tradelines including Capital One, Citi, Discover, JPMorgan Chase, Santander, and Dovenmuehle. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8975 51, and delivery was confirmed on June 23, 2025, at 1:43 PM in Allen, Texas.

91.     Plaintiff's June 6 dispute identified numerous inaccuracies:

a. Outdated and incorrect personal information, including former names and addresses.

b. Multiple tradelines containing errors in Date Opened, High Credit, Credit Limit, Balance, Past Due, Last Reported, Date Last Active, and Date of Last Payment.

c. At least six unauthorized inquiries dated September 21, 2024, lacking any permissible purpose under 15 U.S.C. § 1681b, including inquiries by Chevrolet of Wesley Chapel, NCCINC/Sun Toyota, Ally Financial, Santander, Suncoast Credit Union, and USF Federal Credit Union.

92. For lack of response, on July 24, 2025, Plaintiff mailed a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0423 1804 22, which was delivered on July 27, 2025, at 2:03 PM in Allen, Texas. In this second dispute, Plaintiff emphasized that Experian had failed to acknowledge or respond to the June 6 dispute, noted the absence of any reinvestigation, and included updated credit reports confirming that inaccuracies persisted.

93. As of Plaintiff's updated credit report pulled on July 24, 2025, Experian continued reporting the same inaccurate tradelines and personal identifiers without change or verification, in violation of 15 U.S.C. §§ 1681i(a) and 1681e(b).

94. On August 15, 2025, Plaintiff mailed a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7889 74, which was delivered on August 19, 2025, at 1:23 PM in Allen, Texas. This Notice cited Experian's repeated statutory violations, referenced the August 6, 2025

denial of Plaintiff's $65,650 auto loan, and warned of imminent litigation absent corrective action.

95.      Plaintiff also filed complaints with the Better Business Bureau (BBB, Case No. 23748443) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22616248), documenting Experian's continued noncompliance and failure to reasonably reinvestigate or correct disputed inaccuracies.

96.      Despite receipt of two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Experian has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information, directly harming Plaintiff's creditworthiness.

## K. Inaccuracy – TransUnion

97.      On June 6, 2025, Plaintiff sent a formal written dispute to TransUnion LLC regarding inaccurate personal identifiers, unauthorized inquiries, and multiple tradelines. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8976 74, and delivery was confirmed on June 13, 2025, at 3:06 PM in Chester, Pennsylvania.

98.      Plaintiff's June 6 dispute challenged:

a.  Outdated and inaccurate personal identifiers including former names and addresses.

b.  Multiple tradelines furnished by Capital One, Citi, Discover, JPMorgan Chase, Santander, Dovenmuehle, Florida CRU, and GS Bank USA, with errors in Date Opened, High Credit, Credit Limit, Balance, Last Reported, Date Last Active, and Date of Last Payment.

c.  Unauthorized inquiries dated September 21, 2024 by JPMCB Auto, VyStar, Sun Toyota, and Chevrolet of Wesley Chapel, none of which were authorized or supported by a permissible purpose under 15 U.S.C. § 1681b.

99.  On July 14, 2025, Plaintiff mailed a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0422 4106 29, which was delivered on July 16, 2025, at 1:28 PM in Chester, Pennsylvania. This second dispute reiterated that Plaintiff had received no response to the June 6 letter, noted that inaccuracies remained on Plaintiff's updated July 13 three-bureau credit report, and demanded a lawful reinvestigation under 15 U.S.C. § 1681i.

100.  On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7894 52, which was delivered on August 28, 2025, at 4:04 PM in Chester, Pennsylvania. This Notice detailed TransUnion's repeated statutory violations, referenced the August 6,

2025 denial of Plaintiff's $65,650 auto loan, and warned of imminent litigation.

101.    Plaintiff also filed complaints with the Better Business Bureau (BBB, Case No. 23752985) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22319928), documenting TransUnion's failure to reasonably investigate and correct the disputed inaccuracies.

102.    Despite two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, TransUnion has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information, thereby failing to follow reasonable procedures to assure maximum possible accuracy and directly harming Plaintiff's creditworthiness.

## COUNT 1 – CAPITAL ONE SERVICES, LLC

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

103.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

104.     Defendant CAPITAL ONE SERVICES, LLC ("Capital One") is a "furnisher" of information as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

105.     Upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2), Capital One was obligated under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. Modify, delete, or permanently block reporting of information found to be inaccurate or unverifiable.

106.     Despite these statutory obligations, Capital One failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to the consumer reporting agencies.

107.     Capital One's continued reporting of inaccurate and derogatory information after receiving Plaintiff's disputes caused direct harm, including

29

reduced creditworthiness, denials of credit, emotional distress, and reputational damage.

108.    Capital One's conduct was willful, knowing, and in reckless disregard of its statutory duties, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished**

109.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

110.    Under 15 U.S.C. § 1681e(b), consumer reporting agencies must follow reasonable procedures to assure maximum possible accuracy of the information in a consumer's file. This duty extends to furnishers, such as Capital One, whose data is incorporated into consumer reports.

111.    Capital One furnished inaccurate, incomplete, and misleading information about Plaintiff's account to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

112.    The inaccurate information included, but was not limited to, erroneous account statuses, high credit amounts, dates of activity, and payment histories that were not supported by competent verification.

113.    Capital One failed to establish and/or follow reasonable procedures to ensure that the information it reported was accurate, complete, and not misleading.

114.    As a result of Capital One's failures, inaccurate and derogatory information remained on Plaintiff's consumer credit reports, damaging Plaintiff's creditworthiness, reputation, and causing denials of credit opportunities, higher interest rates, emotional distress, and other actual damages.

115.    Capital One's conduct was willful and in reckless disregard of its duties under the FCRA, or, in the alternative, negligent.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

116.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

117.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

118.     Capital One's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681s-2(b) – failing to conduct a reasonable investigation and accurately report the results to consumer reporting agencies; and

b. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of information furnished.

119.     Capital One's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, Capital One's conduct was negligent.

120.     As a direct and proximate result of Capital One's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the inaccurate reporting.

121.     Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover statutory damages of up to $1,000 for each willful violation, punitive

damages in an amount to be determined by the Court, and reasonable attorneys' fees and costs.

122.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual damages sustained as a result of Capital One's negligent violations of the FCRA, together with costs and reasonable attorneys' fees.

## COUNT 2 – CITIBANK, N.A.

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

123.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

124.    Defendant CITIBANK, N.A. ("Citi") is a "furnisher" of information as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

125.    Upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2), Citi was obligated under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. Modify, delete, or permanently block reporting of information found to be inaccurate or unverifiable.

126.    Despite these statutory obligations, Citi failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to the consumer reporting agencies.

127.    Citi's continued reporting of inaccurate and derogatory information after receiving Plaintiff's disputes caused direct harm, including reduced creditworthiness, denials of credit, emotional distress, and reputational damage.

128.    Citi's conduct was willful, knowing, and in reckless disregard of its statutory duties, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished**

129.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

130.     Under 15 U.S.C. § 1681e(b), consumer reporting agencies must follow reasonable procedures to assure maximum possible accuracy of the information in a consumer's file. This duty extends to furnishers, such as Citi, whose data is incorporated into consumer reports.

131.     Citi furnished inaccurate, incomplete, and misleading information about Plaintiff's accounts to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

132.     The inaccurate information included, but was not limited to, erroneous Monthly Payments, Balances, High Credit amounts, Credit Limits, Dates Opened, Last Reported dates, Dates Last Active, and Dates of Last Payment.

133.     Citi failed to establish and/or follow reasonable procedures to ensure that the information it reported was accurate, complete, and not misleading.

134.     As a result of Citi's failures, inaccurate and derogatory information remained on Plaintiff's consumer credit reports, damaging Plaintiff's creditworthiness, reputation, and causing denials of credit opportunities, higher interest rates, emotional distress, and other actual damages.

135.     Citi's conduct was willful and in reckless disregard of its duties under the FCRA, or, in the alternative, negligent.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

136.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

137.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

138.    Citi's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681s-2(b) – failing to conduct a reasonable investigation and accurately report the results to consumer reporting agencies; and

b. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of information furnished.

139.    Citi's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, Citi's conduct was negligent.

140.    As a direct and proximate result of Citi's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the

inaccurate reporting.

141.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover

statutory damages of up to $1,000 for each willful violation, punitive

damages in an amount to be determined by the Court, and reasonable

attorneys' fees and costs.

142.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual

damages sustained as a result of Citi's negligent violations of the FCRA,

together with costs and reasonable attorneys' fees.

## COUNT 3 – DISCOVER FINANCIAL SERVICES

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

143.    Plaintiff incorporates by reference all preceding paragraphs as though

fully set forth herein.

144.    Defendant DISCOVER FINANCIAL SERVICES ("Discover") is a "furnisher" of information as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

145.    Upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2), Discover was obligated under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. Modify, delete, or permanently block reporting of information found to be inaccurate or unverifiable.

146.    Despite these statutory obligations, Discover failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to the consumer reporting agencies.

147.    Discover's continued reporting of inaccurate and derogatory information after receiving Plaintiff's disputes caused direct harm, including reduced creditworthiness, denials of credit, emotional distress, and reputational damage.

148.     Discover's conduct was willful, knowing, and in reckless disregard of

its statutory duties, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished**

149.     Plaintiff incorporates by reference all preceding paragraphs as though

fully set forth herein.

150.     Under 15 U.S.C. § 1681e(b), consumer reporting agencies must

follow reasonable procedures to assure maximum possible accuracy of the

information in a consumer's file. This duty extends to furnishers, such as

Discover, whose data is incorporated into consumer reports.

151.     Discover furnished inaccurate, incomplete, and misleading

information about Plaintiff's account to one or more consumer reporting

agencies, including Experian, Equifax, and TransUnion.

152.     The inaccurate information included, but was not limited to, erroneous

Monthly Payments, Dates Opened, Balances, High Credit amounts, Past Due

amounts, Payment Statuses, Last Reported dates, Dates Last Active, and

Dates of Last Payment.

153.    Discover failed to establish and/or follow reasonable procedures to ensure that the information it reported was accurate, complete, and not misleading.

154.    As a result of Discover's failures, inaccurate and derogatory information remained on Plaintiff's consumer credit reports, damaging Plaintiff's creditworthiness, reputation, and causing denials of credit opportunities, higher interest rates, emotional distress, and other actual damages.

155.    Discover's conduct was willful and in reckless disregard of its duties under the FCRA, or, in the alternative, negligent.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

156.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

157.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

158.    Discover's acts and omissions described herein constitute violations

of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681s-2(b) – failing to conduct a reasonable investigation and

accurately report the results to consumer reporting agencies; and

b. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure

maximum possible accuracy of information furnished.

159.    Discover's violations were committed knowingly, willfully, and in

reckless disregard for Plaintiff's rights under the FCRA. Alternatively,

Discover's conduct was negligent.

160.    As a direct and proximate result of Discover's violations, Plaintiff

suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the

inaccurate reporting.

161.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover

statutory damages of up to $1,000 for each willful violation, punitive

damages in an amount to be determined by the Court, and reasonable attorneys' fees and costs.

162.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual damages sustained as a result of Discover's negligent violations of the FCRA, together with costs and reasonable attorneys' fees.

## COUNT 4 – DOVENMUEHLE MORTGAGE, INC.

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

163.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

164.    Defendant DOVENMUEHLE MORTGAGE, INC. ("Dovenmuehle") is a "furnisher" of information as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

165.    Upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2), Dovenmuehle was obligated under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. Modify, delete, or permanently block reporting of information found to be inaccurate or unverifiable.

166.    Despite these statutory obligations, Dovenmuehle failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to the consumer reporting agencies.

167.    Dovenmuehle's continued reporting of inaccurate and derogatory information after receiving Plaintiff's disputes caused direct harm, including reduced creditworthiness, denials of credit, emotional distress, and reputational damage.

168.    Dovenmuehle's conduct was willful, knowing, and in reckless disregard of its statutory duties, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished**

169.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

170.     Under 15 U.S.C. § 1681e(b), consumer reporting agencies must follow reasonable procedures to assure maximum possible accuracy of the information in a consumer's file. This duty extends to furnishers, such as Dovenmuehle, whose data is incorporated into consumer reports.

171.     Dovenmuehle furnished inaccurate, incomplete, and misleading information about Plaintiff's mortgage account to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

172.     The inaccurate information included, but was not limited to, erroneous Dates Opened, Number of Months (Terms), Last Reported dates, Dates Last Active, and Dates of Last Payment.

173.     Dovenmuehle failed to establish and/or follow reasonable procedures to ensure that the information it reported was accurate, complete, and not misleading.

174.     As a result of Dovenmuehle's failures, inaccurate and derogatory information remained on Plaintiff's consumer credit reports, damaging Plaintiff's creditworthiness, reputation, and causing denials of credit opportunities, higher interest rates, emotional distress, and other actual damages.

175.    Dovenmuehle's conduct was willful and in reckless disregard of its

duties under the FCRA, or, in the alternative, negligent.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

176.    Plaintiff incorporates by reference all preceding paragraphs as though

fully set forth herein.

177.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o,

provides a private right of action against any person who willfully or

negligently fails to comply with any requirement imposed under the FCRA

with respect to any consumer.

178.    Dovenmuehle's acts and omissions described herein constitute

violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681s-2(b) – failing to conduct a reasonable investigation and

accurately report the results to consumer reporting agencies; and

b. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure

maximum possible accuracy of information furnished.

179.    Dovenmuehle's violations were committed knowingly, willfully, and

in reckless disregard for Plaintiff's rights under the FCRA. Alternatively,

Dovenmuehle's conduct was negligent.

180.    As a direct and proximate result of Dovenmuehle's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the inaccurate reporting.

181.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover statutory damages of up to $1,000 for each willful violation, punitive damages in an amount to be determined by the Court, and reasonable attorneys' fees and costs.

182.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual damages sustained as a result of Dovenmuehle's negligent violations of the FCRA, together with costs and reasonable attorneys' fees.

### COUNT 5 – JPMORGAN CHASE BANK, N.A.

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

183.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

184.    Defendant JPMORGAN CHASE BANK, N.A. ("Chase") is a "furnisher" of information as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

185.    Upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies under 15 U.S.C. § 1681i(a)(2), Chase was obligated under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. Modify, delete, or permanently block reporting of information found to be inaccurate or unverifiable.

186.    Despite these statutory obligations, Chase failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to the consumer reporting agencies.

187.    Chase's continued reporting of inaccurate and derogatory information after receiving Plaintiff's disputes caused direct harm, including reduced

47

creditworthiness, denials of credit, emotional distress, and reputational damage.

188.　　Chase's conduct was willful, knowing, and in reckless disregard of its statutory duties, or alternatively, negligent.

## Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished

189.　　Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

190.　　Under 15 U.S.C. § 1681e(b), consumer reporting agencies must follow reasonable procedures to assure maximum possible accuracy of the information in a consumer's file. This duty extends to furnishers, such as Chase, whose data is incorporated into consumer reports.

191.　　Chase furnished inaccurate, incomplete, and misleading information about Plaintiff's account to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

192.　　The inaccurate information included, but was not limited to, erroneous Dates Opened, High Credit amounts, Credit Limits, Last Reported dates, Dates Last Active, and Dates of Last Payment.

193.    Chase failed to establish and/or follow reasonable procedures to ensure that the information it reported was accurate, complete, and not misleading.

194.    As a result of Chase's failures, inaccurate and derogatory information remained on Plaintiff's consumer credit reports, damaging Plaintiff's creditworthiness, reputation, and causing denials of credit opportunities, higher interest rates, emotional distress, and other actual damages.

195.    Chase's conduct was willful and in reckless disregard of its duties under the FCRA, or, in the alternative, negligent.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

196.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

197.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

198.    Chase's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681s-2(b) – failing to conduct a reasonable investigation and accurately report the results to consumer reporting agencies; and

b. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of information furnished.

199.    Chase's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, Chase's conduct was negligent.

200.    As a direct and proximate result of Chase's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the inaccurate reporting.

201.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover statutory damages of up to $1,000 for each willful violation, punitive damages in an amount to be determined by the Court, and reasonable attorneys' fees and costs.

202.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual

damages sustained as a result of Chase's negligent violations of the FCRA,

together with costs and reasonable attorneys' fees.

## COUNT 6 – SANTANDER CONSUMER USA INC.

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable
Investigation and Report Results to the Consumer Reporting Agencies**

203.    Plaintiff incorporates by reference all preceding paragraphs as though

fully set forth herein.

204.    Defendant SANTANDER CONSUMER USA INC. ("Santander") is a

"furnisher" of information as defined by the Fair Credit Reporting Act, 15

U.S.C. § 1681s-2.

205.    Upon receiving notice of Plaintiff's disputes from one or more

consumer reporting agencies under 15 U.S.C. § 1681i(a)(2), Santander was

obligated under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting

agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. Modify, delete, or permanently block reporting of information found to be inaccurate or unverifiable.

206.    Despite these statutory obligations, Santander failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to the consumer reporting agencies.

207.    Santander's refusal to even claim Plaintiff's certified dispute letter, and its subsequent failure to investigate, constitutes a reckless and knowing disregard of its statutory duties.

208.    Santander's continued reporting of inaccurate and derogatory information after receiving Plaintiff's disputes caused direct harm, including reduced creditworthiness, denials of credit, emotional distress, and reputational damage.

209.    Santander's conduct was willful, knowing, and in reckless disregard of its statutory duties, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished**

210.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

211.    Under 15 U.S.C. § 1681e(b), consumer reporting agencies must follow reasonable procedures to assure maximum possible accuracy of the information in a consumer's file. This duty extends to furnishers, such as Santander, whose data is incorporated into consumer reports.

212.    Santander furnished inaccurate, incomplete, and misleading information about Plaintiff's auto loan account to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

213.    The inaccurate information included, but was not limited to, erroneous Dates Opened, High Credit amounts, Past Due balances, Last Reported dates, Dates Last Active, and Dates of Last Payment.

214.    Santander failed to establish and/or follow reasonable procedures to ensure that the information it reported was accurate, complete, and not misleading.

215.    As a result of Santander's failures, inaccurate and derogatory information remained on Plaintiff's consumer credit reports, damaging Plaintiff's creditworthiness, reputation, and causing denials of credit opportunities, higher interest rates, emotional distress, and other actual damages.

216.    Santander's conduct was willful and in reckless disregard of its duties under the FCRA, or, in the alternative, negligent.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

217.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

218.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

219.    Santander's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681s-2(b) – failing to conduct a reasonable investigation and accurately report the results to consumer reporting agencies; and

b. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of information furnished.

220.    Santander's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, Santander's conduct was negligent.

221.     As a direct and proximate result of Santander's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the inaccurate reporting.

222.     Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover statutory damages of up to $1,000 for each willful violation, punitive damages in an amount to be determined by the Court, and reasonable attorneys' fees and costs.

223.     Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual damages sustained as a result of Santander's negligent violations of the FCRA, together with costs and reasonable attorneys' fees.

## COUNT 7 – EQUIFAX INFORMATION SERVICES, LLC

**Cause of Action 1 – 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

224.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

225.    Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

226.    Under 15 U.S.C. § 1681e(b), Equifax was required to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

227.    Despite this obligation, Equifax reported inaccurate, incomplete, and misleading information about Plaintiff, including erroneous tradelines, outdated and incorrect personal identifiers, and unauthorized inquiries.

228.    Equifax failed to follow reasonable procedures to ensure that the information furnished for inclusion in Plaintiff's consumer credit report was accurate, complete, and not misleading.

229.    As a direct result of Equifax's failure, Plaintiff suffered harm, including the denial of a $65,650 auto loan on August 6, 2025, loss of credit opportunities, damage to reputation, financial harm, and emotional distress.

230.    Equifax's violations were willful and committed in reckless disregard of its statutory duties under the FCRA, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681i – Failure to Conduct a Reasonable Reinvestigation of Disputed Information**

231.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

232.    Under 15 U.S.C. § 1681i(a)(1)(A), if the completeness or accuracy of any item of information is disputed by a consumer and the consumer notifies the CRA, the agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the information within 30 days.

233.    Plaintiff submitted disputes to Equifax beginning June 6, 2025, which were delivered and signed for on June 15, 2025, as confirmed by USPS Certified Mail tracking.

234.    Equifax failed to conduct a lawful reinvestigation, failed to provide verification of the disputed items, and continued reporting inaccurate tradelines, personal identifiers, and unauthorized inquiries.

235.    Plaintiff submitted a second dispute on July 24, 2025, which Equifax received on July 28, 2025, but Equifax again failed to reasonably reinvestigate or correct the disputed information.

236.    Equifax's willful or negligent noncompliance with § 1681i directly harmed Plaintiff by allowing false and damaging information to remain on

Plaintiff's credit reports, resulting in credit denials and adverse financial consequences.

## Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages

237.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

238.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

239.    Equifax's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information; and

b. 15 U.S.C. § 1681i – failing to conduct a reasonable reinvestigation of Plaintiff's disputes.

240.    Equifax's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, Equifax's conduct was negligent.

241.    As a direct and proximate result of Equifax's violations, Plaintiff

suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the

inaccurate reporting.

242.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover

statutory damages of up to $1,000 for each willful violation, punitive

damages in an amount to be determined by the Court, and reasonable

attorneys' fees and costs.

243.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual

damages sustained as a result of Equifax's negligent violations of the FCRA,

together with costs and reasonable attorneys' fees.

**COUNT 8 – EXPERIAN INFORMATION SOLUTIONS, INC.**

**Cause of Action 1 – 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

244.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

245.     Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

246.     Under 15 U.S.C. § 1681e(b), Experian was required to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

247.     Despite this obligation, Experian reported inaccurate, incomplete, and misleading information about Plaintiff, including erroneous tradelines, outdated personal identifiers, and unauthorized inquiries.

248.     Experian failed to follow reasonable procedures to ensure that the information furnished for inclusion in Plaintiff's consumer credit report was accurate, complete, and not misleading.

249.     As a direct result of Experian's failure, Plaintiff suffered harm, including the denial of a $65,650 auto loan on August 6, 2025, loss of credit opportunities, damage to reputation, financial harm, and emotional distress.

250.    Experian's violations were willful and committed in reckless

disregard of its statutory duties under the FCRA, or alternatively, negligent.

**Cause of Action 2 – 15 U.S.C. § 1681i – Failure to Conduct a Reasonable**

**Reinvestigation of Disputed Information**

251.    Plaintiff incorporates by reference all preceding paragraphs as though

fully set forth herein.

252.    Under 15 U.S.C. § 1681i(a)(1)(A), if the completeness or accuracy of

any item of information is disputed by a consumer and the consumer notifies

the CRA, the agency must conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the current status

of the information within 30 days.

253.    Plaintiff submitted disputes to Experian beginning June 6, 2025,

which were delivered and signed for on June 23, 2025, as confirmed by

USPS Certified Mail tracking.

254.    Experian failed to conduct a lawful reinvestigation, failed to provide

verification of the disputed items, and continued reporting inaccurate

tradelines, personal identifiers, and unauthorized inquiries.

255.     Plaintiff submitted a second dispute on July 24, 2025, which Experian received on July 27, 2025, but Experian again failed to reasonably reinvestigate or correct the disputed information.

256.     Experian's willful or negligent noncompliance with § 1681i directly harmed Plaintiff by allowing false and damaging information to remain on Plaintiff's credit reports, resulting in credit denials and adverse financial consequences.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

257.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

258.     The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

259.     Experian's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information; and

b. 15 U.S.C. § 1681i – failing to conduct a reasonable reinvestigation of Plaintiff's disputes.

260.    Experian's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, Experian's conduct was negligent.

261.    As a direct and proximate result of Experian's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the inaccurate reporting.

262.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover statutory damages of up to $1,000 for each willful violation, punitive damages in an amount to be determined by the Court, and reasonable attorneys' fees and costs.

263.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual damages sustained as a result of Experian's negligent violations of the FCRA, together with costs and reasonable attorneys' fees.

## COUNT 9 – TRANSUNION LLC

**Cause of Action 1 – 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

264.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

265.    Defendant TRANSUNION LLC ("TransUnion") is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

266.    Under 15 U.S.C. § 1681e(b), TransUnion was required to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

267.    Despite this obligation, TransUnion reported inaccurate, incomplete, and misleading information about Plaintiff, including erroneous tradelines, outdated personal identifiers, and unauthorized inquiries.

268.    TransUnion failed to follow reasonable procedures to ensure that the information furnished for inclusion in Plaintiff's consumer credit report was accurate, complete, and not misleading.

269.    As a direct result of TransUnion's failure, Plaintiff suffered harm, including the denial of a $65,650 auto loan on August 6, 2025, loss of credit opportunities, damage to reputation, financial harm, and emotional distress.

270.    TransUnion's violations were willful and committed in reckless disregard of its statutory duties under the FCRA, or alternatively, negligent.

## Cause of Action 2 – 15 U.S.C. § 1681i – Failure to Conduct a Reasonable Reinvestigation of Disputed Information

271.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

272.    Under 15 U.S.C. § 1681i(a)(1)(A), if the completeness or accuracy of any item of information is disputed by a consumer and the consumer notifies the CRA, the agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the information within 30 days.

273.    Plaintiff submitted disputes to TransUnion beginning June 6, 2025, which were delivered and signed for on June 13, 2025, as confirmed by USPS Certified Mail tracking.

274.    TransUnion failed to conduct a lawful reinvestigation, failed to provide verification of the disputed items, and continued reporting inaccurate tradelines, personal identifiers, and unauthorized inquiries.

275.    Plaintiff submitted a second dispute on July 14, 2025, which TransUnion received on July 16, 2025, but TransUnion again failed to reasonably reinvestigate or correct the disputed information.

276.    On August 15, 2025, Plaintiff mailed a Notice of Intent to Sue, which was received on August 28, 2025, but TransUnion still failed to take corrective action.

277.    TransUnion's willful or negligent noncompliance with § 1681i directly harmed Plaintiff by allowing false and damaging information to remain on Plaintiff's credit reports, resulting in credit denials and adverse financial consequences.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n and 1681o – Actual, Statutory, and Punitive Damages**

278.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

279.    The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and 1681o, provides a private right of action against any person who willfully or

negligently fails to comply with any requirement imposed under the FCRA with respect to any consumer.

280.    TransUnion's acts and omissions described herein constitute violations of multiple provisions of the FCRA, including, but not limited to:

a. 15 U.S.C. § 1681e(b) – failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information; and

b. 15 U.S.C. § 1681i – failing to conduct a reasonable reinvestigation of Plaintiff's disputes.

281.    TransUnion's violations were committed knowingly, willfully, and in reckless disregard for Plaintiff's rights under the FCRA. Alternatively, TransUnion's conduct was negligent.

282.    As a direct and proximate result of TransUnion's violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit;

b. Loss of credit opportunities;

c. Damage to credit reputation;

d. Emotional distress;

e. Out-of-pocket expenses associated with attempting to correct the inaccurate reporting.

283.    Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover

statutory damages of up to $1,000 for each willful violation, punitive

damages in an amount to be determined by the Court, and reasonable

attorneys' fees and costs.

284.    Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover actual

damages sustained as a result of TransUnion's negligent violations of the

FCRA, together with costs and reasonable attorneys' fees.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby

demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter

judgment in Plaintiff's favor and against each Defendant named herein,

jointly and severally where permitted by law, and grant the following relief:

1. **Actual Damages** – Award Plaintiff actual damages in an amount to be determined at trial, as authorized by 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), for all losses proximately caused by Defendants' violations of the Fair Credit Reporting Act, including but not limited to:

   • Emotional distress, humiliation, mental anguish, and suffering;

   • Reputational harm and loss of creditworthiness;

   • Loss of credit opportunities and denials of credit;

   • Increased cost of credit and higher interest rates; and

   • Other pecuniary and non-pecuniary damages.

2. Statutory Damages – Award statutory damages of up to $1,000 per violation per Defendant for willful noncompliance, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

3. Punitive Damages – Award punitive damages against each Defendant for willful and reckless violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(2), in an amount sufficient to punish Defendants and deter similar unlawful conduct.

4. Costs and Attorney's Fees – Award Plaintiff the costs of this action, including reasonable attorney's fees, litigation expenses, and expert witness fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

5. Injunctive and Equitable Relief – Order that each Defendant:

• Permanently delete, suppress, or correct all inaccurate, incomplete, and unverifiable information from Plaintiff's consumer reports and credit files;

• Implement and maintain reasonable procedures to assure maximum possible accuracy of consumer information in compliance with 15 U.S.C. § 1681e(b);

• Conduct full and reasonable reinvestigations in compliance with 15 U.S.C. § 1681i; and

• Cease and desist from any future violations of the Fair Credit Reporting Act with respect to Plaintiff.

6. Pre- and Post-Judgment Interest – Award Plaintiff pre-judgment and post-judgment interest at the maximum legal rate, as permitted by law.

7. Other Relief – Grant such other and further relief as the Court deems just, equitable, and proper.

Dated: September 9th, 2025                    Respectfully submitted,


/s/ *Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com
(813) 781-6308

## VERIFICATION

I, Logos I. Farrow, am the Plaintiff in the foregoing Verified Complaint for Damages and Jury Demand. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of September 2025.         */s/ Logos I. Farrow*