UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER.
FINANCIAL SERVICES;
DOVEMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; SANTANDER CONSUMER
USA, INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

    Defendant.
_____/

Case No.
8:25-CV-2417-KKM-SPF

## **DISCOVER BANK'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Capital One, N.A. Successor by Merger to Discover Bank, improperly named in the Complaint as Discover Financial Services ("Discover"), by and through undersigned counsel, and hereby submits its Answer and Affirmative Defenses to the Verified Complaint and Demand for Trial by Jury filed by LOGOS I. FARROW ("Plaintiff") stating as follows:

Discover admits Plaintiff purports to assert violations of the Fair Credit Reporting Act ("FCRA") but denies it violated any law, regulation or statute, or that Plaintiff is entitled to any relief whatsoever, and demands strict proof thereof.

62782200 v1

## PRELIMINARY STATEMENT

1. Paragraph 1 contains general statements regarding the FCRA to which no response is required.

2. Paragraph 2 contains general statements regarding the FCRA to which no response is required.

3. Discover admits Plaintiff purports to assert damages but denies it violated any law, regulation or statute, or that Plaintiff is entitled to any relief whatsoever, and demands strict proof thereof.

4. Discover denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 contains jurisdictional allegations to which no response is required.

6. Paragraph 6 contains jurisdictional allegations to which no response is required.

7. Paragraph 7 contains jurisdictional allegations to which no response is required.

8. Paragraph 8 contains venue allegations to which no response is required.

## PARTIES

9. Discover is without sufficient information to admit or deny the allegations in Paragraph 9 regarding Plaintiff and therefore demands strict proof thereof.

10. Discover is without sufficient information to admit or deny the allegations in Paragraph 10 regarding Plaintiff and therefore demands strict proof thereof.

11. Discover states that the allegations in Paragraph 11 concern another Defendant and therefore no response is required.

12. Discover states that the allegations in Paragraph 12 concern another Defendant and therefore no response is required.

13. Discover admits the allegations in Paragraph 13.

14. Discover states that the allegations in Paragraph 14 concern another Defendant and therefore no response is required.

15. Discover states that the allegations in Paragraph 15 concern another Defendant and therefore no response is required.

16. Discover states that the allegations in Paragraph 16 concern another Defendant and therefore no response is required.

17. Discover states that the allegations in Paragraph 17 concern another Defendant and therefore no response is required.

18. Discover states that the allegations in Paragraph 18 concern another Defendant and therefore no response is required.

19. Paragraph 19 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

20. Discover denies the allegations in Paragraph 20.

## GENERAL ALLEGATIONS

21. Discover restates and incorporates by reference its responses to Paragraphs 1-20 above.

22. Paragraph 22 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

23. Paragraph 23 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

24. Discover admits Plaintiff purports to assert violations of the FCRA but denies it violated any law, regulation or statute.

25. Paragraph 25 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

26. Paragraph 26 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

27. Paragraph 27 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

28. Paragraph 28 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations. To the extent this Paragraph purports to state that Discover did not comply with the FCRA, Discover denies that allegation.

29. Discover denies the allegations in Paragraph 29.

30. Discover denies the allegations in Paragraph 30.

## FACTUAL ALLEGATIONS

31. Discover restates and incorporates by reference its responses to Paragraphs 1-30 above.

### A. PLAINTIFF'S DISPUTES AND THE USPS CERTIFIED MAIL PROCESS

32. Discover is without sufficient information to admit or deny the allegations in Paragraph 32.

33. Discover is without sufficient information to admit or deny the allegations in Paragraph 33.

34. Discover denies the allegations in Paragraph 34.

35. Discover denies the allegations in Paragraph 35.

### B. ADVERSE ACTION

36. Discover is without sufficient information to admit or deny the allegations in Paragraph 36.

37. Discover is without sufficient information to admit or deny the allegations in Paragraph 37.

38. Discover denies the allegations in Paragraph 38.

### C. INACCURACY – CAPITAL ONE SERVICES LLC

39 – 45: Discover states that the allegations in Paragraphs 39-45 concern another Defendant and therefore no response is required.

### D. INACCURACY – CITI BANK, NA

46 – 52: Discover states that the allegations in Paragraphs 46-52 concern another Defendant and therefore no response is required.

**E. INACCURACY – DISCOVER FINANCIAL SERVICES**

53. Discover is without sufficient information to admit or deny the allegations in Paragraph 53.

54. Discover states that the document referenced in Paragraph 54 should speak for itself, but Plaintiff attached no documentation to his Complaint and therefore Discover is without sufficient information to admit or deny the allegations.

55. Discover denies the allegations in Paragraph 55.

56. Discover states that the document referenced in Paragraph 56 should speak for itself, but Plaintiff attached no documentation to his Complaint and therefore Discover is without sufficient information to admit or deny the allegations.

57. Discover states that the document referenced in Paragraph 57 should speak for itself, but Plaintiff attached no documentation to his Complaint and therefore Discover is without sufficient information to admit or deny the allegations.

58. Discover states that the documents referenced in Paragraph 58 should speak for themselves, but Plaintiff attached no documentation to his Complaint and therefore Discover is without sufficient information to admit or deny the allegations.

59. Discover denies the allegations in Paragraph 59.

**F. INACCURACY – DOVENMUEHLE MORTGAGE, INC.**

60 – 66:   Discover states that the allegations in Paragraphs 60-66 concern another Defendant and therefore no response is required.

**G. INACCURACY – JP MORGAN CHASE BANK, NA.**

67 – 74:   Discover states that the allegations in Paragraphs 67-74 concern another Defendant and therefore no response is required.

**H. INACCURACY – SANTANDER CONSUMER USA, INC.**

75 – 82: Discover states that the allegations in Paragraphs 75-82 concern another Defendant and therefore no response is required.

**I. INACCURACY – EQUIFAX INFORMATION SERVICES, LLC.**

83 – 89: Discover states that the allegations in Paragraphs 83-89 concern another Defendant and therefore no response is required.

**J. INACCURACY – EXPERIAN INFORMATION SOLUTIONS, INC.**

90 – 96: Discover states that the allegations in Paragraphs 90-96 concern another Defendant and therefore no response is required.

**K. INACCURACY – TRANSUNION**

97 – 102: Discover states that the allegations in Paragraphs 97-102 concern another Defendant and therefore no response is required.

**COUNT 1 – CAPITAL ONE SERVICES, LLC**

103 – 122: Discover states that the allegations in Paragraphs 103-122 concern another Defendant and therefore no response is required.

**COUNT 2 – CITIBANK, N.A.**

123 – 142: Discover states that the allegations in Paragraphs 123-142 concern another Defendant and therefore no response is required.

**COUNT 3 – DISCOVER FINANCIAL SERVICES**

**Cause of Action 1 – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies.**

143. Discover restates and incorporates by reference its responses to Paragraphs 1-142 above.

144. Paragraph 144 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

145. Paragraph 145, including subparts (a)-(d), contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

146. Discover denies the allegations in Paragraph 146.

147. Discover denies the allegations in Paragraph 147.

148. Discover denies the allegations in Paragraph 148.

**Cause of Action 2 – Failure to Ensure Maximum Possible Accuracy of the Information Furnished.**

149. Discover restates and incorporates by reference its responses to Paragraphs 1-148 above.

150. Paragraph 150 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

151. Discover denies the allegations in Paragraph 151.

152. Discover denies the allegations in Paragraph 152.

153. Discover denies the allegations in Paragraph 153.

154. Discover denies the allegations in Paragraph 154.

155. Discover denies the allegations in Paragraph 155.

**Cause of Action 3 – Negligent and Willful Noncompliance – Actual, Statutory, and Punitive Damages.**

156. Discover restates and incorporates by reference its responses to Paragraphs 1-155 above.

157. Paragraph 157 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

158. Discover denies the allegations in Paragraph 158.

159. Discover denies the allegations in Paragraph 159.

160. Discover denies the allegations in Paragraph 160, including subparts (a)-(e)

161. Paragraph 161 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Discover states the section cited therein speaks for itself and denies any inconsistent allegations.

162. Discover denies the allegations in Paragraph 162.

## COUNT 4 – DOVENMUEHLE MORTGAGE, INC

163 – 182:   Discover states that the allegations in Paragraphs 163-182 concern another Defendant and therefore no response is required.

## COUNT 5 – JP MORGAN CHASE BANK, N.A

183 – 202:   Discover states that the allegations in Paragraphs 183-202 concern another Defendant and therefore no response is required.

## COUNT 6 – SANTANDER CONSUMER USA, INC

203 – 223:   Discover states that the allegations in Paragraphs 203-223 concern another Defendant and therefore no response is required.

### COUNT 7 – EQUIFAX INFORMATION SERVICES, LLC

224 – 243:   Discover states that the allegations in Paragraphs 224-243 concern another Defendant and therefore no response is required.

### COUNT 8 – EXPERIAN INFORMATION SOLUTIONS, INC

244 – 263:   Discover states that the allegations in Paragraphs 244-263 concern another Defendant and therefore no response is required.

### COUNT 9 – TRANSUNION LLC

264 – 284:   Discover states that the allegations in Paragraphs 264-284 concern another Defendant and therefore no response is required.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state any plausible claim for relief which can be granted against Discover and should be dismissed pursuant to Fed. R. Civ. P. 12.

### SECOND DEFENSE

Discover is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. § 1681, *et seq.*

### THIRD DEFENSE

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the standing. Specifically, Plaintiff cannot recover from Discover under the Complaint to the extent he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### FOURTH DEFENSE

Discover denies that it is guilty of any fault, either negligent, wanton, willful or otherwise.

## FIFTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties, including but not limited to the credit reporting agencies referenced in the Complaint, over which Discover had no responsibility or control and for which Discover may not be held liable.

## SIXTH DEFENSE

Plaintiff's claims fail to the extent Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SEVENTH DEFENSE

To the extent Plaintiff's claims against Discover relate to conduct beyond the applicable statute of limitations, they are barred.

## EIGHTH DEFENSE

Plaintiff's claims against Discover are barred by the doctrines of judicial estoppel, collateral estoppel, and *res judicata*.

## NINTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Discover denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Discover.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

To the extent Plaintiff's Complaint seeks relief for mental anguish, such claim is barred because a jury award of mental anguish damages will violate due process and equal protection

rights guaranteed to Discover by the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Florida.

## TWELFTH DEFENSE

Any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## THIRTEENTH DEFENSE

Discover affirmatively invokes and asserts all defenses created by and under the FCRA.

## RESERVATION OF DEFENSES

Defendant reserves its right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Dated: September 29, 2025.

Respectfully submitted,

**BURR & FORMAN LLP**

*/s/ Jacqueline Simms-Petredis*
Jacqueline Simms-Petredis, Esq.
Florida Bar No. 0906751
BURR & FORMAN, LLP
201 North Franklin Street, Suite 3200
Tampa, FL 33602
Primary Email:jsimms-petredis@burr.com
Secondary Email: dmorales@burr.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of September, 2025, I filed a true and correct copy of the foregoing via the Florida EPortal, which will provide electronic notice to the following person of record:

Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
sonnyF78@yahoo.com
(813) 781-6308

                                                   */s/ Jacqueline Simms-Petredis*
                                                   Jacqueline Simms-Petredis (FBN 0906751)