UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.                                                        Case No. 8:25-cv-02417-KKM-SPF

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER FINANCIAL
SERVICES; DOVENMUEHLE MORTGAGE,
INC.; JPMORGAN CHASE BANK, N.A.;
SANTANDER CONSUMER USA INC.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC,

    Defendants.
_____/

## DEFENDANT SANTANDER CONSUMER USA INC'S MOTION TO COMPEL ARBITRATION

Defendant Santander Consumer USA Inc. ("Santander"), by and through the undersigned counsel, hereby moves to compel Plaintiff, Logos I. Farrow ("Plaintiff"), to submit his claims against Santander to arbitration. In support of its Motion, Santander states as follows:

### INTRODUCTION

Plaintiff entered into a retail installment contract (the "Contract") with Chevrolet of Wesley Chapel, a.k.a. Wesley Chapel-C, LLC ("Wesley Chevrolet"), for the purchase of a 2021 Chevrolet Tahoe bearing VIN # 1GNSKPKD7MR488965 (the "Vehicle"). Plaintiff's purchase was financed by Santander and the Contract was assigned to Santander. In the Contract, Plaintiff agreed to arbitrate any and all claims relating to the Contract, whether in contract, tort, statute or otherwise which arise out of or relate to Plaintiff's credit application, purchase, or condition of the Vehicle,

the Contract, or any resulting transaction or relationship. In sum, Plaintiff agreed to arbitrate any cause of action that accrued related to the Vehicle or Contract whatsoever, including Plaintiff's statutory claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Regardless of the lack of merit to the Plaintiff's claims, they are all within the scope of the arbitration provision and governed by the Federal Arbitration Act, 9 U.S.C. § 2 (the "FAA"), which reflects a liberal federal policy favoring arbitration. Thus, this Court should compel Plaintiff to arbitrate his claims herein.

## FACTUAL BACKGROUND

### A. Plaintiff Purchased A Vehicle from Wesley Chevrolet.

On or about September 21, 2024, Plaintiff entered into the Contract with Wesley Chevrolet for the purchase of the Vehicle. *See* the Declaration in Support of Motion to Compel Arbitration attached hereto as Exhibit 1 (the "Van Haren Decl.") ¶3.

### B. The Contract was Assigned to Santander.

The Contract was financed by Santander and the Contract was assigned to Santander. *See* Van Haren Decl. ¶4.

### C. Pursuant to the Contract, Plaintiff Agreed to Arbitrate his Claims.

The Contract contains an arbitration clause (the "Arbitration Provision"), which provides in part:

> EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

*See id.* ¶5; Ex. A, p. 6. The Arbitration Provision also broadly defines the scope of the provision to mean:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision,

>   and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Id*. The Arbitration Provision clearly waived Plaintiff's right to have a court or jury hear any claims covered by the Arbitration Provision. *Id*. As Plaintiff's claims in this lawsuit are regarding credit reporting and investigation actions allegedly taken as a result of Plaintiff's payment obligations under the Contract, they are directly related to, and arose out of, Plaintiff's purchase of the Vehicle and the Contract. Plaintiff's claims are therefore covered by the Arbitration Provision.

## LEGAL STANDARD

When all of the issues raised in a case are subject to arbitration and arbitration is compelled, the case may be properly dismissed with prejudice. *See Lambert v. Austin Indus.*, 544 F.3d 1192, 1195 (11th Cir. 2008); *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV-JORDAN, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003), *aff'd*, 90 F. App'x 383 (11th Cir. 2003) (compelling arbitration and dismissing case with prejudice where all claims were subject to arbitration); *Hodgson v. NCL (Bahamas), Ltd.*, 151 F. Supp. 3d 1315, 1317 (S.D. Fla. 2015) (compelling arbitration, denying Plaintiff's request to stay the case, and dismissing the case, reasoning that "[e]ach claim alleged in Plaintiff's Complaint falls within the purview of the arbitration provision . . . and therefore, there is nothing remaining for this Court to consider"); *Eco Brands, LLC by & through Midas Fin. Grp., LLC v. Eco Brands, LLC*, No. 20-21713-CIV, 2021 WL 724924, at *7 (S.D. Fla. Feb. 5, 2021), *report and recommendation adopted*, No. 20-21713-CV, 2021 WL 722801 (S.D. Fla. Feb. 24, 2021) (granting motion to compel arbitration, delegating arbitrability of claims to an arbitrator, and dismissing the case).

**ARGUMENT**

I. **THE COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HIS CLAIMS AND DISMISS THE CASE.**

    A. **The Federal Arbitration Act Mandates Enforcement of The Arbitration Provision.**

Plaintiff's claims are governed by the FAA. Under the FAA, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The FAA embodies a liberal federal policy in favor of arbitration. *Sachse Constr. & Dev. Corp. v. Affirmed Drywall, Corp.*, 251 So. 3d 1005, 1009 (Fla. 2d DCA 2018). The purpose of the FAA was to reverse the enduring "judicial hostility to arbitration agreements that existed at English common law" and that was subsequently adopted by American courts. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (citing *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 219–20, and n. 6, (1985)). The drafters of the Act intended to place arbitration agreements "'upon the same footing as other contracts, where it belongs,'" and "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate." *Dean Witter*, 470 U.S. at 219–20 (quoting H.R. Rep. No. 96, 68th Cong., 1st Sess., 1 (1924)); *see also Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89 (2000). ("We conclude, however, on consideration of Congress' intent in passing the statute, that a court must compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made. The legislative history of the Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter*, 470 U.S. at 219).

The Supreme Court has interpreted this policy as establishing a strong presumption favoring the enforcement of binding arbitration agreements so that *any doubts* over whether an issue is arbitrable should be resolved in favor of arbitration. *Krol v. FCA US, LLC*, 273 So.3d 198, 202 (Fla. 5th DCA 2019), approved, 310 So.3d 1270 (Fla. 2021). "This presumption applies

4

equally to statutory claims. Courts will enforce binding arbitration of statutory claims, unless Congress has expressed a clear intention to preclude arbitration. The party challenging arbitration bears the heavy burden of proving such congressional intent." *Id.* at 203 (citations omitted).

Here, the Arbitration Provision in the Contract expressly states that "Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration." *See* Van Haren Decl., Ex. A, p. 6. The Arbitration Provision's express designation of the FAA as its governing law is sufficient to bring it within the FAA's purview. *See Brown v. Napleton's W. Palm Hyundai*, No. 20-81903-CIV, 2021 WL 3286852, at *2 (S.D. Fla. July 23, 2021) (compelling arbitration of all claims and applying FAA where contract contained identical language that the arbitration would be governed by the FAA).

Accordingly, the FAA governs the Arbitration Agreement, and as a result, the Court must apply federal substantive law under the FAA to determine whether the parties agreed to arbitrate this dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (the Court must apply "the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage'" of the FAA).

    **B.**    **The Validity Of The Arbitration Provision Must Be Decided By the Arbitrator.**

To the extent Plaintiff argues that a valid arbitration agreement does not exist (which Santander disputes), the Court need not address that threshold question because the Arbitration Provision includes those claims as to "the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute." *See* Van Haren Decl., Ex. A, p. 6.

Such language is generally known as the delegation provision. Generally, when an arbitration agreement contains a delegation provision, a court may only retain jurisdiction to review a challenge to that particular provision; absent a direct challenge, the court must treat the delegation provision as valid and allow the arbitrator to determine the issue of arbitrability. *Angels Senior Living at Connerton Court, LLC v. Gundry*, 210 So.3d 257, 258 (Fla. 2d DCA 2017).

"When an arbitration agreement contains a delegation provision and the plaintiff raises a challenge to the contract *as a whole*, the federal courts may not review his claim because it has been committed to the power of the arbitrator." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (emphasis added) (citations omitted). *See also Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1262 (11th Cir. 2017).

As the Supreme Court explained:

> [T]he question "who has the primary power to decide arbitrability" turns upon what the parties agreed about that matter. Did the parties agree to submit the arbitrability question itself to arbitration? If so, then the court's standard for reviewing the arbitrator's decision about that matter should not differ from the standard courts apply when they review any other matter that parties have agreed to arbitrate. That is to say, the court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances.

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

Here, because the Arbitration Provision includes arbitrating issues related to "the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute[,]" there can be no doubt that in addition to resolving any claims and disputes through arbitration, the parties also intended to delegate even gateway issues relating to arbitrability to an arbitrator. As such, the Court's inquiry should end here, and the Court should compel arbitration.

6

### C. Under The FAA and The Arbitration Provision, Plaintiff Must Arbitrate His Claims.

Even if the Court does not enforce the delegation clause—and it must—the Court should nonetheless compel arbitration. The FAA creates a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Krol v. FCA US, LLC*, 273 So.3d 198, 202 (Fla. 5th DCA 2019), approved, 310 So.3d 1270 (Fla. 2021). The Supreme Court has interpreted this policy as establishing a strong presumption favoring the enforcement of binding arbitration agreements so that any doubts over whether an issue is arbitrable should be resolved in favor of arbitration. *Id.* at 202. "This presumption applies equally to statutory claims. Courts will enforce binding arbitration of statutory claims, unless Congress has expressed a clear intention to preclude arbitration. The party challenging arbitration bears the heavy burden of proving such congressional intent." *Id.* at 203 (citations omitted).

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Thus, when presented with a motion to compel arbitration, a court will consider three factors: "1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable issue exists; and 3) whether the right to arbitration has been waived." *Dep't of Off-St. Parking of the City of Miami v. Downtown 56, LLC*, 350 So. 3d 171 (Fla. 3d DCA 2022). Here, these factors are easily satisfied.

#### i. The Parties Are Bound By Their Valid, Written Arbitration Agreement.

The Court must look to ordinary contract principles in determining whether a party is bound by the terms of a written arbitration agreement while giving due regard to the federal policy in favor of arbitration. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ*. 489 U.S. 468, 47576

(1989). Thus, the FAA governs the enforceability of the arbitration agreement according to its terms, and Florida law governs the determination of whether a valid contract to arbitrate exists.

"To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove offer, acceptance, consideration, and sufficient specification of essential terms." *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019). Under Florida law, if the moving party shows the existence of an agreement, the burden shifts to the party opposing arbitration to "show that no valid contract existed." *Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*, 154 F. Supp. 3d 1318, 1325 (S.D. Fla. 2016). To meet that burden, a non-moving party must "unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." *Magnolia Capital Advisors v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (citation omitted). Here, it cannot be disputed that Plaintiff entered into the Contract and that the Contract is a valid agreement with specific terms whereby Plaintiff was offered and accepted the Vehicle in exchange for agreeing to pay the total sale price of $114,423.25. *See* Van Haren Decl. Ex. A.

      ii.    **The Broad Language in the Arbitration Provision Covers Plaintiff's Claims.**

What is also clear is that Plaintiff's claims fall within the substantive scope of the provisions of the Arbitration Provision. When determining the scope of an arbitration provision, a court must look to the factual allegations of the complaint and determine whether the claims alleged therein touch matters covered by the arbitration provisions. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. at 625 n. 13. In making this analysis, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). The presumption of arbitrability, created by the

mere existence of an arbitration clause, can be overcome *only* if "'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 654 (1986) (citations omitted).

As detailed above, the Arbitration Provision at issue is broad in scope, and covers "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) . . . ." *See* Van Haren Decl., Ex. A, p. 6. The third parties referenced in this section include Santander Consumer USA Inc.

Thus, Plaintiff's Complaint, which asserts claims premised on credit reporting and investigatory actions, which allegedly arose in connection with Plaintiff's payment obligations for the Vehicle under the Contract are undeniably claims within the scope of the Arbitration Provision as the alleged reporting would clearly arise from the "purchase . . .of this Vehicle" and relate to the contract and resulting transactions and relationships, namely, the servicing of the loan, Plaintiff's default, and payments owed under contract. *See Id.*

Plaintiff cannot show "'with positive assurance that the arbitration [provision] is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Techs., Inc.*, 475 U.S. at 652. Accordingly, Plaintiff's claims against Santander are subject to arbitration under the broad scope of the Arbitration Provision and further issues relating to the arbitrability of claims should be reserved for the arbitrator, as required by the Parties' agreement and applicable law.

### iii.    Santander Can Enforce the Arbitration Provision

Santander can enforce the Arbitration Provision because the Arbitration Provision contemplates encompassing any claims related to Wesley Chevrolet's assigns such as Santander Consumer USA Inc. – who is specifically named as Assignee in the Contract. The Arbitration Provision specifically encompasses: "[Wesley Chevrolet] or our employees, agents, successors or assigns." *See* Van Haren Decl., Ex. A, p. 5 (emphasis added). Here, there can be no dispute that Santander Consumer USA Inc. is Wesley Chevrolet's assignee.

Further, "Florida law treats arbitration as a 'remedial mechanism' that is included in any assignment." *Webb Roofing & Constr., LLC v. FedNat Ins. Co.*, 320 So. 3d 803, 806 (Fla. 2d DCA 2021). Thus Santander Consumer USA Inc. (as an assignee) can enforce the Arbitration Provision against Plaintiff, who is a signatory. *See Akin Bay Co. v. Von Kahle*, 180 So. 3d 1180 (Fla. 3rd DCA 2015) (finding that arbitration was required even as to assignee as "assignee was bound by the terms of assigned contract, including arbitration provision.") (citations omitted); *Cone Constructors, Inc. v. Drummond Community Bank*, 754 So. 2d 779 (Fla. 1st DCA 2000) (bank was required to arbitrate its claims because it was an assignee of rights under a contract containing an arbitration clause, and stating: "The UCC makes explicit, however, that the rights of an assignee are subject to all terms of the contract between the account debtor and assignor and any defense or claim arising therefrom. This principle applies to arbitration provisions, which would be of no value if a party could escape the effect of such a clause by assigning a claim subject to arbitration between the original parties to a third party.") (citations omitted); *See also Passerrello v. Robert L. Lipton, Inc.*, 690 So. 2d 610 (Fla. 4th DCA 1997) (court required arbitration of plaintiff's claims against non-signatory bank where plaintiff bought a vehicle from the dealership, and entered into a financing agreement which was later assigned to the bank.).

Thus, the Arbitration Provision and Florida law are clear that Santander, as assignee of the Contract, can enforce the Arbitration Provision and that this matter must be compelled to arbitration pursuant to this Motion to Compel Arbitration.

### iv. Santander Has Not Waived Its Right To Arbitrate Plaintiff's Claims.

This case is ripe to consider Santander's request for arbitration. The question of whether there has been waiver in the arbitration agreement context is analyzed under the totality of the circumstances. *Leder v. Imburgia Constr. Services, Inc.*, 325 So. 3d 256, 259 (Fla. 3d DCA 2021). The Court must analyze whether the party has acted inconsistently with the arbitration right. *Id.* at 259. Here, Santander has not acted inconsistently with its arbitration rights. Santander has not filed any responsive pleading nor has discovery commenced. Under the totality of the circumstances, Santander has taken no act inconsistent with its right to compel arbitration of Plaintiff's claims. Accordingly, Santander has not waived its arbitration rights.

### D. The Court Should Dismiss The Case

Having established that Plaintiff is required to arbitrate his claims, the Court should dismiss the case. Where the moving party establishes the necessary elements for upholding the validity and enforceability of a claim, proving that the parties agreed to arbitrate such a claim, and that they have not previously waived the right to arbitrate the claim, "the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).

Where all issues presented in the lawsuit are arbitrable, the Eleventh Circuit has found that dismissal of the lawsuit is a proper remedy. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005); *see also Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) (King, J.); *Stapleton v. Nordstrom, Inc.*, No. 19-20193, 2009 WL 10667803, at *4 (S.D. Fla. Aug. 11, 2009), *report and recommendation adopted*, No. 09-20193-

CIV, 2009 WL 10668756 (S.D. Fla. Sept. 30, 2009) (Seitz, J.); *Abellard*, 2019 WL 2106389, at *4 (citing *Perera* in support of the statement that "where the Court compels arbitration of all of the claims involved, the Court sees no benefit to a stay, as opposed to dismissal."). Here, because Plaintiff's sole claim asserted in this action is subject to arbitration, this Court should exercise its discretion to dismiss the case with prejudice.

Alternatively, Santander seeks a stay of these proceedings pending such arbitration. To that end, the FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **_shall on application of one of the parties stay the trial of the action until such arbitration has been had_** in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

The Eleventh Circuit has held "the FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding is referable to arbitration under an *agreement in writing* for such arbitration." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (citation omitted).

In *Brown v. Napleton's W. Palm Hyundai*, the plaintiff brought an action against Napleton's West Palm Hyundai and Santander Consumer USA (Santander) where the contract and buyers order contained a nearly identical arbitration provision to the one at issue in this lawsuit, as it stated that:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us ... which arises out of or relates to your credit application, purchase or

12

> condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Compare* 2021 WL 3286852, at *1 (S.D. Fla. July 23, 2021) *with* Van Haren Decl., Ex. A, p. 6.

The *Brown* court properly found that "the arbitration provisions are broad enough to encompass Plaintiff's claims of fraud and violation of Florida's Deceptive and Unfair Trade Practices Act, predatory lending, and civil conspiracy. . . While Plaintiff argues that the arbitration provisions in the RISC and Buyer's Order are not that broad, the plain language of the arbitration provisions undermines this claim. Thus, the parties agreed to arbitrate Plaintiff's claims." *Id.* at *2. The *Brown* court then stayed, administratively closed, and compelled the entire proceeding to arbitration (including claims against Santander). *Id.* at *3. Thus, should the Court agree with Santander that Plaintiff's claim is governed by the Arbitration Provision, but that dismissal is not appropriate, Santander respectfully requests that this Court stay this case pending arbitration of Plaintiff's claim.

## **CONCLUSION**

For the reasons detailed above, Santander respectfully requests that this Court grant its Motion to Compel Arbitration and Dismiss Plaintiff's claims with prejudice. Further, because Plaintiff has articulated no valid reason for refusing to dismiss and re-file his dispute in the Parties' chosen arbitration forum, Santander reserves its right to seek its costs and fees associated with this Motion.

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

*/s/ Kameron Fleming*

Robert Carter Burgess, Esq.
Florida Bar No. 058298
carter.burgess@hklaw.com
kathleen.griffith@hklaw.com
Kameron Neil Fleming, Esq.
Florida Bar 1035926
kameron.fleming@hklaw.com
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 (telephone)
(904) 358-1872 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 1, 2025, a copy of the foregoing was filed with the Florida Courts E-Filing Portal, which will serve a copy of it on all counsel of record.

/s/    *Kameron Fleming*
                Attorney