UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION LLC,<br><br>                    Defendants. | Civil Action No.  8:25-CV-02417 |

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 10/__/2025. Enter names attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/19/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/26/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>    Plaintiff<br>    Defendant<br>    Rebuttal | 2/9/2025<br>3/9/2026<br>4/9/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 5/31/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/30/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Enter mediator's name, address, and phone number. | 7/31/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/17/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/21/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/26/2026 |
| Month and year of the trial term. | 9/1/2026 |

The trial will last approximately 1-2 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

2

**Plaintiff:** Logos I. Farrow is an individual adversely affected by the negligent handling of his credit information by the defendants (furnishers and consumer reporting agencies) as defined under the Fair Credit Reporting Act (FCRA).

The Plaintiff alleges that the Defendants failed to maintain reasonable procedures to assure such accuracy, resulting in the reporting of false or incomplete information. This misconduct caused tangible harm, including the denial of credit, unfavorable loan terms, and other financial and personal losses. Despite the Plaintiff's formal disputes, the Defendants failed to conduct reasonable reinvestigations or correct the inaccuracies, further violating the FCRA.

As a direct and proximate result, the Plaintiff suffered damages, including emotional distress, due to the Defendants' negligence and willful noncompliance. Through discovery, the Plaintiff intends to substantiate these claims and pursue all remedies available under law, reserving the right to amend or supplement this statement as additional facts emerge through discovery.

**Equifax:** Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, and any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this response.

**TransUnion:** Defendant Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

In addition, at this time, Trans Union does not have knowledge or possession

of facts or documents controlled by the Plaintiff, Capital One, Discover, Citibank, Dovenmuehle Mortgage, JPMorgan Chase Bank, Sanander, Equifax, and Experian, and/or any underlying creditor(s). Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Capital One:** This is an action brought by an account holder against Capital One alleging violations of the FCRA. Capital One denies violating the FCRA or any other regulation, statue, or law. Further, Capital One denies that it failed to conduct a reasonable investigation.

**Discover:** This is an action brought by a card member against Discover alleging violations of the FCRA. Discover denies violating the FCRA or any other law, regulation, or statute. Discover denies that it failed to conduct a reasonable investigation.

**Citibank:**[1] This is an action brought by a card member against Citibank alleging violations of the FCRA. Citibank denies violating the FCRA or any other law, regulation, or statute. Citibank denies that it failed to conduct a reasonable investigation.

**Dovenmuehle Mortgage:** This is a federal civil action brought under the Fair Credit Reporting Act, 15 U.S.C. 1681 ("FCRA"). Plaintiff attempts to allege that Dovenmuehle failed to conduct a reasonable investigation of Plaintiff's disputes and failed to report accurate results to consumer reporting agencies. Moreover, Plaintiff alleges that Dovenmuehle failed to follow reasonable procedures to assure maximum accuracy of the information furnished. Dovenmuehle denies same and all liability under the FCRA.

Please note, Dovenmuehle complied with this Court's Order to complete the Case Management Report within 7 days of the IDEAL Program Case Management Conference, but it does so without waiving any objections to jurisdiction.

**JP Morgan Chase Bank:** This is an action brought by a card member against JPMorgan Chase Bank, N.A. ("**JPMC**"), alleging violations of the FCRA. JPMC denies violating the FCRA or any other law, regulation, or statute. And JPMC denies that it failed to conduct a reasonable investigation.

---

[1] As set forth below, the claims raised by Plaintiff against Citibank are subject to an arbitration provision contained within Plaintiff's card agreements. Citibank expressly reserves and does not waive its right to compel arbitration.

**Experian:** Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

4. **Disclosure Statement**

    ☐ Each party has filed a disclosure statement using the required form.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

8. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

   The parties anticipate the following specific discovery will be conducted:

   **Plaintiff:** Plaintiff will submit Interrogatories, Requests for

Production and Admissions to gather pertinent information about the Defendants' data practices and dispute resolution procedures.

**TransUnion's Statement:** Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint; communications between Plaintiff and the Defendants; communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages; Plaintiff's failure to mitigate his alleged damages; causation relating to Plaintiff's alleged damages; the facts and circumstances surrounding Plaintiff's any alleged adverse credit action Plaintiff claims to have suffered; Plaintiff's credit history and usage; the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

**Equifax:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; and (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations.

**Experian:** Based on what is presently known, Defendant Experian anticipates conducting discovery on the following: the facts and circumstances

surrounding the allegations in Plaintiff's Complaint; communications between Plaintiff and the Defendants; communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages; Plaintiff's failure to mitigate his alleged damages; causation relating to Plaintiff's alleged damages; the facts and circumstances surrounding Plaintiff's any alleged adverse credit action Plaintiff claims to have suffered; Plaintiff's credit history and usage; the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

**CAPITAL ONE**: Capital One anticipates needing discovery on Plaintiff's allegations in the Complaint as well as documents relating to those allegations. Capital One also anticipates the need for discovery from the other defendants on any information or documents relating to Plaintiff's associated accounts and allegations.

**DOVENMUEHLE:** Dovenmuehle anticipates needing discovery on Plaintiff's allegations in the Complaint, as well as documents relating to same. Dovenmuehle also anticipates discovery will be needed on Plaintiff's alleged damages, including any claim of statutory, actual or punitive damages. Dovenmuehle also anticipates needing discovery from other defendants regarding information and documentation relating to Plaintiff. Dovenmuehle also anticipates needing discovery to any and all defenses Dovenmuehle may raise in the event it's Rule 12 Motion is denied.

Please note, Dovenmuehle complied with this Court's Order to complete the Case Management Report within 7 days of the IDEAL Program Case Management Conference, but it does so without waiving any objections to jurisdiction. Additionally, Dovenmuehle objects to any discovery until this Court resolves the threshold jurisdictional questions and Dovenmuehle's Rule 12 motion. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) ("[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.").

**DISCOVER**: Discover anticipates needing discovery on Plaintiff's allegations as well as documents relating to the same. Discover also anticipates needed discovery from the other defendants on any information or documents relating to Plaintiff's accounts and allegations.

**CITIBANK**: In the event that Plaintiff's claims against Citibank are not compelled to arbitration, Citibank anticipates needing discovery on Plaintiff's allegations as well as documents relating to the same. Citibank also anticipates needed discovery from the other defendants on any information or documents relating to Plaintiff's accounts and allegations.

**JPMC:** JPMC anticipates needing discovery on Plaintiff's allegations in the Complaint, including documents relating to those allegations, as well as JPMC's defenses to Plaintiff's claims. JPMC also anticipates needing discovery from other defendants on any information or documents relating to Plaintiff's subject accounts and allegations.

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; the parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy (PDF or other similar means) has been sufficient in prior similar FCRA cases.

The parties shall conduct discovery pursuant to Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. The parties have discussed a discovery plan, including all topics required by Rule 26(f)(3) and have the following proposals regarding Electronically Stored Information:

The parties agree to produce ESI in PDF format, and to the extent possible, in searchable PDF format. The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses listed for the parties in the Court's CM/ECF system for service. The format to be used for attachments to any email

message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). The requesting party agrees to attach its requests in Microsoft Word (.doc) format upon request. If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws. The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

    The parties agree that there may be a need for discovery in this case to be governed by a stipulated confidentiality agreement. If the parties agree concerning the need for, and scope and form of, such a confidentiality agreement, their counsel will confer and stipulate. If the parties disagree concerning the need for, and/or the scope or form of, a confidentiality agreement, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; Trans Union proposes that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

## 9. Request for Special Handling

☐ The parties do not request special handling.

10

☐  The parties request special handling. Specifically, describe requested special handling.

☒  Citibank, N.A. unilaterally requests special handling. Specifically, Citibank states that Plaintiff's claims are subject to a binding arbitration agreement contained in the card agreement governing Plaintiff's account and Citibank expressly does not waive its right to compel Plaintiff's claims to arbitration. Citibank is in the process of preparing a Motion to Compel Arbitration, which it anticipates filing by its responsive pleading deadline on November 3, 2025. Further, while Plaintiff has requested a jury trial, Citibank denies that Plaintiff is entitled to a jury trial. In the event that the case is not referred to arbitration, Citibank reserves the right to seek a bench trial on the basis of the contractual jury trial waiver contained in the card agreement.

## 10. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 11. Signatures

*/s/ Logos I. Farrow*  
Logos Farrow  
Pro Se  
10/13/2025

*/s/   Gary Sonnenfeld*  
Gary Sonnenfeld, Esq.  
Experian Information Solutions, Inc.  
10/13/25

*/s/ Sean Moloney*  
Sean Moloney  
Florida Bar No. 0638358  
Trans Union LLC

*/s/ Paige Vacante*  
Paige Vacante  
Florida Bar No. 1019135  
Equifax Information Services, LLC

11

10/13/25                                          10/13/25

/s/ *Brett Stroze*                                /s/ *Scott D. Feather*
Capital One Services, LLC                         JP Morgan Chase Bank N.A.
Brett Stroze, Esq.                                Scott D. Feather (FBN 0068740)
10/13/2025                                        10/13/2025

/s/ *Brett Stroze*                                /s/ *T. Dylan Reeves*
Discover Financial Services,                      Dovenmuehle Mortgage, Inc.
properly identified as Capital One,               10/14/2025
N.A. successor by merger
To Discover Bank
Brett Stroze, Esq.
10/13/2025

/s/ *Andrew C. Wilson*
Citibank, N.A.
Andrew C. Wilson, Esq. (FBN: 103203)              If counsel, add name of client
10/13/2025                                        Add date of signature