UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER
FINANCIAL SERVICES;
DOVEMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; SANTANDER CONSUMER
USA, INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

    Defendants.
_____/

Case No.
8:25-CV-02417-KKM-SPF

## CAPITAL ONE, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant named as Capital One Services, LLC, properly identified as Capital One, N.A. ("Capital One"), by and through undersigned counsel, and hereby submits its Answer and Affirmative Defenses to the Verified Complaint and Demand for Trial by Jury filed by Logos I. Farrow ("Plaintiff") stating as follows:

Capital One admits Plaintiff purports to assert violations of the Fair Credit Reporting Act ("FCRA") but denies it violated any law, regulation or

statute, or that Plaintiff is entitled to any relief whatsoever, and demands strict proof thereof.

## PRELIMINARY STATEMENT

1. Paragraph 1 contains general statements regarding the FCRA to which no response is required. To the extent a response is required, Capital One admits only that the FCRA speaks for itself and denies any allegations or conclusions inconsistent therewith.

2. Paragraph 2 contains general statements regarding the FCRA to which no response is required. To the extent a response is required, Capital One admits only that the FCRA speaks for itself and denies any allegations or conclusions inconsistent therewith.

3. Capital One admits Plaintiff purports to assert damages but denies it violated any law, regulation or statute, or that Plaintiff is entitled to any relief whatsoever, and demands strict proof thereof.

4. Capital One denies the allegations in Paragraph 4 and demands strict proof thereof.

## JURISDICTION AND VENUE

5. Paragraph 5 contains jurisdictional allegations to which no response is required. To the extent a response is required, Capital One admits only that the referenced statutes speak for themselves and denies any allegations or conclusions inconsistent therewith.

6. Paragraph 6 contains jurisdictional allegations to which no response is required. To the extent a response is required, Capital One admits only that the referenced statutes speak for themselves and denies any allegations or conclusions inconsistent therewith.

7. Paragraph 7 contains jurisdictional allegations to which no response is required. To the extent a response is required, Capital One admits only that it conducts business in Florida and furnishes information to the consumer reporting agencies as required by law.

8. Paragraph 8 contains venue allegations to which no response is required. To the extent a response is required, Capital One admits only that the referenced statute speaks for itself and denies any allegations or conclusions inconsistent therewith.

## PARTIES

9. Capital One is without sufficient information to admit or deny the allegations in Paragraph 9 regarding Plaintiff and therefore demands strict proof thereof.

10. Capital One is without sufficient information to admit or deny the allegations in Paragraph 10 regarding Plaintiff and therefore demands strict proof thereof.

11. Capital One admits that Capital One, N.A., the proper defendant herein, is a national banking association with its principal place of business in

Virginia. Capital One denies the remaining allegations in Paragraph 11 and demands strict proof thereof.

12. Capital One states that the allegations in Paragraph 12 concern another Defendant and therefore no response is required.

13. Capital One states that the allegations in Paragraph 13 concern another Defendant and therefore no response is required.

14. Capital One states that the allegations in Paragraph 14 concern another Defendant and therefore no response is required.

15. Capital One states that the allegations in Paragraph 15 concern another Defendant and therefore no response is required.

16. Capital One states that the allegations in Paragraph 16 concern another Defendant and therefore no response is required.

17. Capital One states that the allegations in Paragraph 17 concern another Defendant and therefore no response is required.

18. Capital One states that the allegations in Paragraph 18 concern another Defendant and therefore no response is required.

19. Paragraph 19 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations.

20. Capital One denies the allegations in Paragraph 20 and demands strict proof thereof.

## **GENERAL ALLEGATIONS**

21. Capital One restates and incorporates by reference its responses to Paragraphs 1-20 above.

22. Paragraph 22 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations. Otherwise, Capital One is without sufficient information to admit or deny the allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Capital One states that the FCRA speaks for itself and denies any inconsistent allegations.

24. Capital One admits only that Plaintiff purports to assert violations of the FCRA but denies it violated any law, regulation or statute. Capital One denies the remaining allegations in Paragraph 24, including any implication that Capital One reported inaccurate, incomplete, or misleading information regarding Plaintiff's account.

25. Capital One denies the allegations in Paragraph 25, including any implication that Capital One reported inaccurate, incomplete, or misleading information regarding Plaintiff's account.

26. Paragraph 26 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Capital One states that the FCRA speaks for itself and denies any inconsistent allegations.

27. Paragraph 27 contains legal conclusions regarding FCRA to which no response is required and concern other Defendants. To the extent a response is required, Capital One states that the reference statute speaks for itself and denies any inconsistent allegations. Otherwise, Capital One is without sufficient information to admit or deny the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions regarding FCRA to which no response is required and also improperly lumps together all Defendants. To the extent a response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations. Capital One denies the remaining allegations in Paragraph 28, including any implication that Capital One did not comply with the FCRA.

29. Capital One denies the allegations in Paragraph 29 and demands strict proof thereof.

30. Capital One denies the allegations in Paragraph 30 and demands strict proof thereof.

## FACTUAL ALLEGATIONS

31. Capital One restates and incorporates by reference its responses to Paragraphs 1-30 above.

### A. Plaintiff's Disputes and the USPS Certified Mail Process

32. Capital One admits that Plaintiff sent certain letters to Capital One regarding Capital One's reporting of Plaintiff's account via USPS Certified Mail in and around June 2025. To the extent the allegations in Paragraph 32 are intended to stand for additional or inconsistent propositions, Capital One denies the same and demands strict proof thereof.

33. Capital One admits that Plaintiff attached copies of his credit report and driver's license to the letter referenced in Paragraph 32. Capital One denies the remaining allegations in Paragraph 33.

34. Capital One denies the allegations in Paragraph 34 and demands strict proof thereof.

35. Capital One denies the allegations in Paragraph 35 and demands strict proof thereof.

### B. Adverse Action

36. Capital One is without sufficient information to admit or deny the allegations in Paragraph 36 regarding Plaintiff's vehicle loan denial. Capital One denies any implication that it inaccurately reported Plaintiff's account.

37. Capital One denies the allegations in Paragraph 37 as directed to Capital One and demands strict proof thereof.

38. Capital One denies the allegations in Paragraph 38 and demands strict proof thereof.

*C. Inaccuracy – Capital One Services LLC*

39. Capital One admits only that it received correspondence from Plaintiff in June 2025 regarding his account. Otherwise, denied.

40. Capital One admits only that Plaintiff's June 2025 letter speaks for itself and denies any inconsistent allegations in Paragraph 40.

41. Capital One denies the allegations in Paragraph 41 and demands strict proof thereof.

42. Capital One denies the allegations in Paragraph 42 and demands strict proof thereof.

43. Capital One admits only that Plaintiff's July 13 letter speaks for itself and denies any inconsistent allegations in Paragraph 43. Capital One denies that it failed to meet any of its obligations under the Fair Credit Reporting Act and demands strict proof thereof.

44. Capital One admits only that Plaintiff sent Capital One a Notice of Intent to Sue on August 15, 2025 via USPS Certified Mail (No. 9214 8901 4298 0424 7877 55) as alleged in Paragraph 44 and that such letter speaks for itself. To the extent the allegations in Paragraph 44 are intended to stand for

additional or inconsistent propositions, Capital One denies the same and demands strict proof thereof.

45. Capital One denies the allegations in Paragraph 45 and demands strict proof thereof.

### D. Inaccuracy – Citi Bank, N.A.

46 – 52:   Capital One states that the allegations in Paragraphs 46-52 concern another Defendant and therefore no response is required.

### E. Inaccuracy – Discover Financial Services

53 – 59.   Capital One states that the allegations in Paragraphs 53-59 concern another Defendant and therefore no response is required.

### F. Inaccuracy - Dovenmuehle Mortgage, Inc.

60 – 66:   Capital One states that the allegations in Paragraphs 60-66 concern another Defendant and therefore no response is required.

### G. Inaccuracy – JP Morgan Chase Bank, N.A.

67 – 74:   Capital One states that the allegations in Paragraphs 67-74 concern another Defendant and therefore no response is required.

### H. Inaccuracy – Santander Consumer USA, Inc.

75 – 82:   Capital One states that the allegations in Paragraphs 75-82 concern another Defendant and therefore no response is required.

### I. Inaccuracy – *Equifax Information Services, LLC*

83 – 89: Capital One states that the allegations in Paragraphs 83-89 concern another Defendant and therefore no response is required.

### J. Inaccuracy – *Experian Information Solutions, Inc.*

90 – 96: Capital One states that the allegations in Paragraphs 90-96 concern another Defendant and therefore no response is required.

### K. Inaccuracy – *TransUnion*

97 – 102: Capital One states that the allegations in Paragraphs 97-102 concern another Defendant and therefore no response is required.

## COUNT 1 – CAPITAL ONE SERVICES, LLC

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b) – Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

103. Capital One restates and incorporates by reference its responses to Paragraphs 1-102 above.

104. Paragraph 104 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations.

105. Paragraph 105, including subparts (a)-(d), contains legal conclusions regarding FCRA to which no response is required. To the extent a

response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations.

106. Capital One denies the allegations in Paragraph 106 and demands strict proof thereof.

107. Capital One denies the allegations in Paragraph 107 and demands strict proof thereof.

108. Capital One denies the allegations in Paragraph 108 and demands strict proof thereof.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) – Failure to Ensure Maximum Possible Accuracy of the Information Furnished**

109. Capital One restates and incorporates by reference its responses to Paragraphs 1-108 above.

110. Paragraph 110 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations.

111. Capital One denies the allegations in Paragraph 111 and demands strict proof thereof.

112. Capital One denies the allegations in Paragraph 112 and demands strict proof thereof.

113. Capital One denies the allegations in Paragraph 113 and demands strict proof thereof.

114. Capital One denies the allegations in Paragraph 114 and demands strict proof thereof.

115. Capital One denies the allegations in Paragraph 115 and demands strict proof thereof.

**Cause of Action 3 – Negligent and Willful Noncompliance – 15 U.S.C. §§ 1681n NS 1681o – Actual, Statutory, and Punitive Damages**

116. Capital One restates and incorporates by reference its responses to Paragraphs 1-115 above.

117. Paragraph 117 contains legal conclusions regarding FCRA to which no response is required. To the extent a response is required, Capital One states that the referenced statute speaks for itself and denies any inconsistent allegations.

118. Capital One denies the allegations in Paragraph 118 and demands strict proof thereof.

119. Capital One denies the allegations in Paragraph 119 and demands strict proof thereof.

120. Capital One denies the allegations in Paragraph 120, including subparts (a)-(e) and demands strict proof thereof.

121. Capital One denies the allegations in Paragraph 121 and demands strict proof thereof.

122. Capital One denies the allegations in Paragraph 122 and demands strict proof thereof.

## COUNT 2 – CITIBANK, N.A.

123 – 142: Capital One states that the allegations in Paragraphs 123-142 concern another Defendant and therefore no response is required.

## COUNT 3 – DISCOVER FINANCIAL SERVICES

143 – 162: Capital One states that the allegations in Paragraphs 143-162 concern another Defendant and therefore no response is required.

## COUNT 4 – DOVENMUEHLE MORTGAGE, INC

163 – 182: Capital One states that the allegations in Paragraphs 163-182 concern another Defendant and therefore no response is required.

## COUNT 5 – JP MORGAN CHASE BANK, N.A

183 – 202: Capital One states that the allegations in Paragraphs 183-202 concern another Defendant and therefore no response is required.

## COUNT 6 – SANTANDER CONSUMER USA, INC

203 – 223: Capital One states that the allegations in Paragraphs 203-223 concern another Defendant and therefore no response is required.

## COUNT 7 – EQUIFAX INFORMATION SERVICES, LLC

224 – 243: Capital One states that the allegations in Paragraphs 224-243 concern another Defendant and therefore no response is required.

## COUNT 8 – EXPERIAN INFORMATION SOLUTIONS, INC

244 – 263: Capital One states that the allegations in Paragraphs 244-263 concern another Defendant and therefore no response is required.

## COUNT 9 – TRANSUNION LLC

264 – 284: Capital One states that the allegations in Paragraphs 264-284 concern another Defendant and therefore no response is required.

## JURY DEMAND

In response to the unnumbered paragraph appearing below the heading "DEMAND FOR JURY TRIAL" following Paragraph 284 of the Complaint, Capital One admits that Plaintiff requests a jury trial but denies that Plaintiff has stated any valid claim that could be presented to a jury and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with "WHEREFORE" and appearing below the heading "PRAYER FOR RELIEF," including subparts 1 through 7, Capital One denies that Plaintiff is entitled to any of the relief requested, or any relief whatsoever, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state any plausible claim for relief which can be granted against Capital One and should be dismissed pursuant to Fed. R. Civ. P. 12.

### SECOND DEFENSE

Capital One is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. § 1681, *et seq.*

### THIRD DEFENSE

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the standing. Specifically, Plaintiff cannot recover from Capital One under the Complaint to the extent he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### FOURTH DEFENSE

Capital One denies that it is guilty of any fault, either negligent, wanton, willful or otherwise.

### FIFTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties, including but not limited to the credit

reporting agencies referenced in the Complaint, over which Capital One had no responsibility or control and for which Capital One may not be held liable.

## SIXTH DEFENSE

Plaintiff's claims fail to the extent Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SEVENTH DEFENSE

To the extent Plaintiff's claims against Capital One relate to conduct beyond the applicable statute of limitations, they are barred.

## EIGHTH DEFENSE

Plaintiff's claims against Capital One are barred by the doctrines of judicial estoppel, collateral estoppel, and *res judicata*.

## NINTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Capital One denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Capital One.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

To the extent Plaintiff's Complaint seeks relief for mental anguish, such claim is barred because a jury award of mental anguish damages will violate due process and equal protection rights guaranteed to Capital One by the Fifth

and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Florida.

## TWELFTH DEFENSE

Any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## THIRTEENTH DEFENSE

Capital One affirmatively invokes and asserts all defenses created by and under the FCRA, including that it did not timely or completely receive notice of Plaintiff's alleged dispute(s) and/or that it conducted a timely and reasonable investigation of same.

## RESERVATION OF DEFENSES

Defendant reserves its right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in

the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 17th day of October, 2025,

>	*/s/ Rachel B. Cash*
>	Rachel B. Cash
>	Florida Bar No.: 114052
>	Brett Stroze
>	Florida Bar No.: 1049718
>	BURR & FORMAN LLP
>	420 North 20th Street
>	Suite 3400
>	Birmingham, AL 35203
>	Telephone: (205) 251-3000
>	Facsimile: (205) 413-8701
>	Email: rcash@burr.com
>	           bstroze@burr.com
>
>	Attorneys for Defendant
>	*Capital One, N.A.,*
>	*improperly identified as*
>	*Capital One Services, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I also served a copy of same via email and/or U.S. mail upon the following:

Logos I. Farrow
7542 Avocet Drive
Wesley Chapel, FL  33544
(813) 781-6308
SonnyF78@yahoo.com
*Pro Se Plaintiff*

                                        */s/ Rachel B. Cash*
                                        Rachel B. Cash
                                        Fla. Bar No. 114052