UNITED STATES DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER
FINANCIAL SERVICES;
DOVENMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; SANTANDER CONSUMER
USA INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

    Defendants.

Case No. **8:25-cv-02417-KKM-SPF**

**RESPONSE IN OPPOSITION TO DEFENDANT CAPITAL ONE, N.A.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

**I. Response to Defendant's Preliminary Statement**

    1.    Plaintiff, *pro se*, responds in opposition to Capital One's "Preliminary Statement." Defendant's narrative mischaracterizes the pleadings and ignores documentary proof that

1

Plaintiff sent multiple FCRA disputes, Defendant received them, issued only a form response, and Plaintiff sustained measurable adverse credit action as a result.

2. First dispute & delivery: On June 6, 2025, Plaintiff mailed a formal FCRA dispute regarding Capital One account ending …2992 (USPS Tracking 9214 8901 4298 0419 8977 04). USPS confirms delivery on June 16, 2025 at 08:28 a.m. in Salt Lake City, UT. Signed for by "Cody", with an address recipient line of "Capital One".

3. Second dispute & delivery: On July 13, 2025, Plaintiff sent a second dispute (USPS Tracking 9202 8901 4298 0422 4108 10) reiterating inaccuracies and requesting verification. USPS confirms delivery on July 17, 2025 at 08:12 a.m. in Salt Lake City, UT. Signed for by "Cody", with an address recipient line of "Capital One".

4. Capital One's form response: Capital One issued a letter dated June 26, 2025 asserting it "correctly reported" certain fields (high credit, credit limit, open date) but did not provide verification documentation or a description of procedures, as required by the FCRA.

5. Notice of Intent to Sue & delivery: On August 15, 2025, Plaintiff mailed a Notice of Intent to Sue (USPS Tracking 9214 8901 4298 0424 7877 55). USPS confirms delivery on August 19, 2025 at 09:02 a.m. in Salt Lake City, UT. Signed for by "Cody", with an address recipient line of "Capital One".

6. Regulatory complaints: Plaintiff lodged a CFPB complaint (No. 250714-22313892) documenting Capital One's failure to reinvestigate and verify disputed data Capital One and submitted a BBB (No. 23629816) complaint describing the same statutory deficiencies.

7. Adverse action / damages. Plaintiff suffered a credit denial from Lexus Financial Services on August 6, 2025, based in whole or in part on an Experian consumer report, confirming concrete harm within this District.

8. Rule 26 disclosures: Consistent with *Fed. R. Civ. P. 26(a)(1)*, Plaintiff has provided initial disclosures to Capital One, N.A. on October 17, 2025, which include the dispute letters, USPS delivery confirmations and signature records, Capital One's June 26, 2025 response, the Notice of Intent to Sue (and proof of delivery), the Lexus Financial Services adverse action letter, and copies of the CFPB and BBB complaints referenced above.

9. In light of these materials, Defendant's preliminary characterization of Plaintiff's claims as conclusory is unfounded. Plaintiff's allegations are specific, documented, and demonstrate notice, noncompliance, and resulting harm.

## II. Response to Defendant's Jurisdiction and Venue Allegations

10. Plaintiff notes that Defendant's Answer states multiple "no response required" to the jurisdiction and venue allegations. To the extent a response is necessary, Plaintiff reaffirms that jurisdiction and venue are proper before this Court.

11. This action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., conferring federal-question jurisdiction under 28 U.S.C. § 1331.

12. Defendant Capital One Services, N.A. is a foreign for-profit corporation formed in the State of Delaware, with its principal business address at 1680 Capital One Drive, McLean, VA 22102, and maintains a registered agent in Florida:

　　Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525. As reflected on Sunbiz.org, the official records of the Florida Division of Corporations,

3

this registration confirms that Defendant actively conducts and transacts business within the State of Florida and is therefore subject to personal jurisdiction in this forum.

13. Plaintiff resides in Wesley Chapel, Florida, and included with his mailed dispute letters documentary enclosures proving residency at that address. The adverse credit action and resulting harm giving rise to this suit occurred within this District. Venue is therefore proper under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 1681p.

14. Accordingly, Plaintiff maintains that both jurisdiction and venue are proper in the United States District Court for the Middle District of Florida, Tampa Division, and no further response is warranted.

## III. Response to Defendant's General and Factual Allegations

15. Plaintiff responds to Defendant's general and factual allegations and denies any assertion inconsistent with the Verified Complaint and the record before this Court.

16. Plaintiff incorporates by reference Sections I and II of this Response, which set forth the factual chronology, USPS delivery confirmations, and supporting documentation showing that Defendant Capital One, N.A. received multiple dispute letters and a Notice of Intent to Sue, all establishing notice and contact within this District.

17. To the extent Defendant asserts "lack of knowledge" under *Fed. R. Civ. P. 8(b)(5)*, such denials are improper. As the furnisher of the tradeline at issue, Defendant possesses or controls all records necessary to verify the truth of Plaintiff's allegations and cannot in good faith claim insufficient information.

4

18. Plaintiff's Verified Complaint, exhibits, and Rule 26(a)(1) disclosures collectively demonstrate that Defendant was placed on proper statutory notice and failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(a) and 1681s-2(b).

19. Accordingly, Plaintiff maintains that Defendant's general denials are unsupported and contradicted by the record already before the Court, as detailed in the preceding sections.

**IV. Response to Defendant's Denials – Count 1 (Capital One Services, N.A.)**

**Cause of Action 1 – 15 U.S.C. § 1681s-2(b): Failure to Conduct a Reasonable Investigation and Report Results to the Consumer Reporting Agencies**

20. Plaintiff incorporates by reference Sections I through III of this Response, including all factual statements, exhibits, and statutory citations, which demonstrate that Defendant Capital One received multiple written disputes and failed to conduct a reasonable investigation or report results to the consumer reporting agencies as required under 15 U.S.C. § 1681s-2(b)(1)(A)–(D).

21. Defendant's repeated assertion that the "statute speaks for itself" is a non-responsive boilerplate objection and does not refute the specific factual allegations set forth in Plaintiff's Verified Complaint. The FCRA provisions cited are clear in their requirements, and Defendant's compliance is a factual issue not resolved by denial.

22. Plaintiff has alleged and supported with documentary proof that Defendant was placed on notice through at least two written disputes and one formal Notice of Intent to Sue, all received and signed for at Defendant's designated address. Defendant's response consisted only of a form letter dated June 26, 2025 and copies of statements, which failed

5

to describe any investigation or verification process, thereby violating its duties under § 1681s-2(a) and 1681s-2(b).

23. Plaintiff's allegations are well-pleaded and establish a plausible claim for relief. See *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303 (11th Cir. 2016) (holding that an investigation that merely confirms a furnisher's own internal data matches the disputed information, without verifying its accuracy from reliable sources, may be found unreasonable under § 1681s-2(b).

24. Plaintiff believes that the defendant was notified by Equifax, Experian, and Trans Union of the consumers disputes thereby crossing the threshold of FCRA requirements. Further, plaintiff believes that discovery will show the same.

## Cause of Action 2 – 15 U.S.C. § 1681e(b): Failure to Ensure Maximum Possible Accuracy of Information Furnished

25. Plaintiff incorporates by reference the factual statements in Paragraphs 20–23 above. Defendant's denial of liability under 15 U.S.C. § 1681e(b) ignores its continuing duty to maintain reasonable procedures to assure maximum possible accuracy once notified of a dispute.

26. Defendant's reporting of inaccurate tradeline data—specifically incorrect "Date Opened," "Date of Last Payment," and "Terms"—constitutes a violation of § 1681e(b), which imposes a duty to ensure the accuracy of information it furnishes to the consumer reporting agencies. Defendant's blanket denials fail to rebut these factual allegations.

**Cause of Action 3 – 15 U.S.C. §§ 1681n and 1681o: Willful and Negligent Non-Compliance**

27. Plaintiff realleges and incorporates by reference Paragraphs 20–25. Defendant's continued furnishing of inaccurate information despite repeated written notice constitutes both willful and negligent noncompliance under §§ 1681n and 1681o.

28. Plaintiff has alleged actual damages, including a credit denial from Lexus Financial Services on August 6, 2025, as well as emotional distress and reputational harm, satisfying the damage element required under §§ 1681n(a)(1)(A) and 1681o(a)(1).

29. Defendant's denials, unsupported by any documentary evidence or description of investigation, do not overcome Plaintiff's verified factual allegations and should therefore be disregarded.

**V. Response to Defendant's Jury Demand, Prayer for Relief, and Affirmative Defenses**

30. Plaintiff incorporates by reference Sections I through IV of this Response, which set forth the factual and legal bases supporting the claims alleged in the Verified Complaint.

31. In response to Defendant's statements under "Jury Demand" and "Prayer for Relief," Plaintiff reaffirms his constitutional right to a jury trial pursuant to *Fed. R. Civ. P. 38(a)* and the *Seventh Amendment*, and maintains that his Verified Complaint states valid, well-pleaded claims for relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

32. Plaintiff denies the assertions contained in Defendant's First through Thirteenth Affirmative Defenses, which are either conclusory, unsupported by facts, or contradicted by the record referenced throughout this Response. Plaintiff specifically incorporates the

7

factual allegations and exhibits referenced in Sections I through IV, which establish that Defendant:

**a.** acted with notice of each dispute and did not conduct a reasonable reinvestigation as required under § 1681s-2(b);

**b.** cannot assert good faith or lack of standing in light of actual damages, including the August 6, 2025 Lexus Financial Services credit denial; and

**c.** raises affirmative defenses that are premature, redundant, or legally insufficient under *Fed. R. Civ. P. 8(c)* and *12(f)*.

33.     Plaintiff reserves the right to move to strike one or more of Defendant's affirmative defenses following discovery, pursuant to *Rule 12(f) of the Federal Rules of Civil Procedure*, should they remain unsupported by evidence.

34.     Plaintiff respectfully requests that the Court disregard Defendant's generalized denials and affirmative defenses, affirm his entitlement to proceed before a jury, and deny any implied or express motion to dismiss or strike his claims at this stage.

## VI. Conclusion and Relief Sought

35.     Plaintiff incorporates by reference Sections I through V of this Response.

36.     Plaintiff respectfully submits that his Verified Complaint satisfies the pleading requirements of *Fed. R. Civ. P. 8(a)* and *12(b)(6)* by alleging specific facts, supported by documentary evidence, that state plausible claims for relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

37.     Accordingly, Plaintiff respectfully requests that this Honorable Court disregard or strike any unsupported affirmative defenses asserted by Defendant Capital One, N.A., uphold Plaintiff's right to a jury trial, and permit this matter to proceed to discovery and adjudication on the merits.

Dated on this 20th day of October 2025                    Respectfully submitted,

*/s/ Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com
(813) 781-6308

**Certification**

I HEREBY CERTIFY that on this 20th day of October 2025, I filed the foregoing *Response in Opposition to Defendant Capital One, N.A.'s Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

*Distribution:*
**Rachel Blackmon Cash**
Burr & Forman LLP
Alabama
420 North 20th Street
Suite 3400
Birmingham, AL 35203
205-458-5483
Email: rcash@burr.com
*Attorney for Capital One Services, N.A.*

**Brett Stroze**
Burr & Forman LLP / Orlando
200 S. Orange Ave.
Suite 800
Orlando, FL 32801
407-540-6611
Email: bstroze@burr.com
*Attorney for Capital One Services, N.A.*

9

**Timothy Dylan Reeves**
McGlinchey Stafford
333 Commerce Street
Suite 1425
Nashville, TN 37201
615-762-9050
Fax: 615-296-4716
Email: dreeves@mcglinchey.com
*Attorney for Dovenmuehle Mortgage, Inc.*

**Kayleigh Wright**
McGlinchey Stafford
10375 Centurion Parkway N
Suite 420
Jacksonville, FL 32256
786-417-9856
Email: kwright@mcglinchey.com
*Attorney for Dovenmuehle Mortgage, Inc.*

**Paige Vacante**
Seyfarth Shaw LLP
233 S. Wacker Drive
Chicago, IL 60606-6448
312-460-5121
Email: pvacante@seyfarth.com
*Attorney for Equifax Information Services, LLC.*

**Andrew Charles Wilson**
Adams and Reese LLP
2001 Siesta Drive
Suite 302
Sarasota, FL 34239
941-316-7600
Email: andrew.wilson@arlaw.com
*Attorney for CITI Bank, NA.*

**John Emery Springer**
Adams & Reese, LLP
100 N. Tampa Street
Suite 4000
Tampa, FL 33602
727-501-4471
Fax: 813-402-2887

10

Email: john.springer@arlaw.com
*Attorney for Citibank, N.A.*

**Louis M. Ursini, III**
Adams and Reese LLP
100 North Tampa Street
Suite 4000
Tampa, FL 33602
813-402-2880
Email: louis.ursini@arlaw.com
*Attorney for Citibank, N.A*

**Scott D. Feather**
Carlton Fields, PA
4221 W Boy Scout Blvd, Ste. 1000
Tampa, FL 33607
(813) 223-7000
Fax: (813) 229-4133
Email: sfeather@carltonfields.com
*Attorney for JPM Chase Bank*

**Gary Sonnenfeld**
Troutman Pepper Locke LLP
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33327
305-712-1572
Fax: 561-655-8719
Email: Gary.Sonnenfeld@troutman.com
*Attorney for Experian Information Services*

11