UNITED STATES DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>      Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE, INC; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>      Defendants. | Case No. **8:25-cv-02417-KKM-SPF** |

**RESPONSE IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**I. RESPONSE TO DEFENDANT'S PRELIMINARY STATEMENT**

Plaintiff, pro se, responds in opposition to Defendant JP Morgan Chase Bank, N.A. ("Chase")'s Preliminary Statement and denies any characterization of the facts that is

1

inconsistent with those set forth in Plaintiff's Complaint. Chase's Preliminary Statement is incomplete, omits material facts, and fails to provide the Court with a fair and accurate understanding of the claims at issue. Chase's narrative does not acknowledge Plaintiff's multiple written disputes, the statutory notice provided, the regulatory complaints filed, or the resulting financial harm suffered by Plaintiff as a direct consequence of Chase's continued inaccurate reporting. Chase's Preliminary Statement is misleading and omits material facts necessary for a fair and accurate evaluation of Plaintiff's claims.

**First dispute & delivery:** On June 6, 2025, Plaintiff mailed a formal written dispute to Chase via USPS Certified Mail No. 9214 8901 4298 0419 8978 41. USPS records confirm delivery on June 13, 2025, at 12:21 p.m. in Wilmington, Delaware 19850, where it was signed for by Chase's authorized agent. Chase failed to conduct a reasonable investigation and continued reporting inaccurate information to the consumer reporting agencies in violation of the Fair Credit Reporting Act ("FCRA").

**Second dispute & delivery:** On July 15, 2025, Plaintiff mailed a second written dispute to Chase via USPS Certified Mail No. 9202 8901 4298 0422 4107 11. USPS records confirm delivery on July 16, 2025, at 1:42 p.m. in Wilmington, Delaware 19850, and it was signed for by Chase's authorized agent. Chase again failed to conduct a lawful and reasonable investigation and continued reporting inaccurate information, further violating its duties under 15 U.S.C. § 1681s-2(b).

**Chase's response:** Chase issued a letter dated June 23, 2025, in response to Plaintiff's first dispute; however, the response did not include the verification or documentation required to substantiate the continued reporting of the disputed information. Instead, Chase merely restated

internal data, improperly shifted responsibility to the consumer reporting agencies, and requested additional information from Plaintiff rather than conducting a reasonable investigation. Chase's response did not satisfy the requirements of the FCRA and did not correct the inaccuracies being reported.

**Notice of Intent to Sue & delivery:** On August 15, 2025, Plaintiff mailed a Notice of Intent to Sue to Chase via USPS Certified Mail No. 9214 8901 4298 0424 7890 87. USPS records confirm delivery on August 18, 2025, at 11:37 a.m. in Wilmington, Delaware 19850, and it was signed for by Chase's authorized agent. Despite receiving this notice, Chase still failed to remove or correct the inaccurate reporting.

**Regulatory complaints:** On July 14, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB"), Reference No. 250714-22319229, outlining Chase's failure to conduct a reasonable reinvestigation in response to Plaintiff's disputes. Plaintiff also filed a complaint with the Better Business Bureau ("BBB"), Case No. 23650482, as a further effort to resolve the matter prior to litigation. Chase failed to take corrective action in response to either regulatory complaint.

**Adverse action & damages:** As a direct result of Chase's continued inaccurate reporting, Plaintiff suffered tangible financial harm, including the denial of an auto loan application in the amount of $65,650.00 from Lexus Financial Services on August 6, 2025, as reflected in the adverse action notice issued to Plaintiff. This financial harm constitutes actual damages under 15 U.S.C. §§ 1681n and 1681o.

**Rule 26 disclosures:** Consistent with Fed. R. Civ. P. 26(a)(1), Plaintiff served initial disclosures upon Chase on October 3, 2025, which included copies of the June 6, 2025 and July 15, 2025 dispute letters, USPS certified mail receipts, delivery confirmations and signature records, Chase's June 23, 2025 response letter, the August 15, 2025 Notice of Intent to Sue and proof of delivery, the August 6, 2025 Lexus Financial Services adverse action notice, and copies of the CFPB and BBB complaints referenced above. These disclosures further demonstrate that Chase received all relevant documentation and had full knowledge of the inaccuracies and resulting harm well before filing its Answer.

**Summary:** Chase had repeated notice of the disputed information and multiple opportunities to correct the inaccuracy yet refused to do so. Chase's continued reporting of inaccurate information after receiving multiple written disputes, a Notice of Intent to Sue, two regulatory complaints, and evidence of resulting financial harm reflects a willful disregard for its statutory duties under the FCRA. Plaintiff asserts that this lawsuit was brought only after Chase repeatedly failed to comply with its obligations under federal law, and Plaintiff stands by the allegations set forth in the Complaint as accurate, legally supported, and fully justified.

## II. JURISDICTION AND VENUE

Plaintiff, pro se, responds in opposition to Chase's jurisdictional assertions and states that jurisdiction and venue are properly established in this Court. Chase's Answer characterizes the jurisdictional allegations in the Complaint as "legal conclusions," and asserts that it "denies any allegations that are contrary to the law and also denies that Plaintiff is entitled to any relief from JPMC," and further that "JPMC denies that Plaintiff sustained any damages because of JPMC's actions or conduct and denies that Plaintiff is entitled to any relief from JPMC." These blanket

denials are legally insufficient to defeat jurisdiction at the pleading stage and are directly contradicted by the documented financial injury set forth in Section I.

**Subject-matter jurisdiction:** This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., a federal statute. Plaintiff has alleged specific violations committed by Chase in its capacity as a furnisher of information under 15 U.S.C. § 1681s-2(b). Chase's generalized denials do not negate federal question jurisdiction, and Plaintiff has demonstrated concrete harm within this District as outlined in Section I.

**Personal jurisdiction and venue:** Chase admits it "is a national association and is chartered pursuant to the laws of the United States of America, that it issues credit cards to customers nationwide, including customers in Florida, and that it furnishes information regarding customer accounts to CRAs." Chase is a foreign for-profit corporation incorporated in the State of Ohio, with its principal business address located at 1111 Polaris Parkway, Columbus, Ohio 43240, and may be served through its registered agent in Florida: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Chase conducts substantial business in the State of Florida and within the Middle District of Florida, including furnishing the inaccurate information at issue. Venue is proper under 28 U.S.C. § 1391(b), and personal jurisdiction is clearly established.

### III. PARTIES

**Plaintiff:** Plaintiff is a natural person and consumer who resides in Wesley Chapel, Pasco County, Florida, and has resided in this District at all times relevant to the events giving rise to this action. Plaintiff included documented proof of residency, including a government-issued

identification and utility bills, with each dispute letter and with the Notice of Intent to Sue sent to Chase. Plaintiff also provided the same residency documentation within the *Rule 26(a)(1)* Initial Disclosures served on October 3, 2025. These enclosures confirm that Plaintiff's residence within this District remained constant throughout all relevant times.

**Defendant – JP Morgan Chase Bank, N.A.:** Chase is a national association chartered under the laws of the United States, issuing credit cards to customers nationwide, including within the State of Florida, and furnishing information regarding consumer accounts to consumer reporting agencies. Chase conducts business within the Middle District of Florida and throughout the United States. Chase is a foreign for-profit corporation incorporated in the State of Ohio, with its principal business address located at 1111 Polaris Parkway, Columbus, Ohio 43240, and may be served through its registered agent in Florida: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

**Agency & scope of employment:** Chase acted through its agents and employees, who were acting within the course and scope of their authority and employment at all times relevant to this action. The certified mail delivery records reflecting signatures by authorized agents of Chase establish that Chase, through its agents, received Plaintiff's disputes, Notice of Intent to Sue, and supporting documentation. As provided within Plaintiff's *Rule 26(a)(1)* Initial Disclosures, Chase is responsible for the acts and omissions of its agents and employees under well-established agency principles.

### IV. GENERAL AND FACTUAL ALLEGATIONS

Plaintiff, pro se, reaffirms the General and Factual Allegations set forth in the Complaint as true, accurate, and sufficiently pled in compliance with *Fed. R. Civ. P. 8*. Chase's blanket denials of these allegations fail to rebut the well-pleaded facts establishing Chase's obligations and conduct relevant to this action.

Plaintiff has alleged that Chase, as a furnisher of information to consumer reporting agencies, is subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., including the reinvestigation duties imposed under 15 U.S.C. § 1681s-2(b). As referenced in Section I, Plaintiff provided Chase with multiple disputes, notice, documentation, and supporting evidence demonstrating the inaccuracy of the information being furnished.

The factual allegations in the Complaint are supported by the documentation and evidence already detailed in Section I of this Response. Plaintiff's claims remain legally and factually grounded, and Chase's general denials do not undermine the sufficiency of the allegations or the validity of Plaintiff's claims.

## V. RESPONSE TO CHASE'S AFFIRMATIVE DEFENSES

Plaintiff, pro se, responds to Chase's Affirmative Defenses and states that most asserted defenses are conclusory, legally insufficient, and unsupported by facts as required under the Federal Rules of Civil Procedure. To the extent any defense conflicts with the specific facts and evidence already provided in Sections I through IV of this Response, Plaintiff expressly disputes and denies such defenses. Plaintiff provides the following responses in the same order in which Chase asserted its defenses.

**First Defense:** Chase's assertion that Plaintiff fails to state a claim upon which relief can be granted is without merit. Plaintiff has sufficiently pled facts showing that Chase violated its duties under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and has provided supporting evidence, as referenced in Section I, demonstrating Chase's failure to conduct a reasonable reinvestigation and continued reporting of inaccurate information. Accordingly, Plaintiff has stated a valid claim under federal law.

**Second Defense:** Chase's assertion that Plaintiff is not entitled to relief is contradicted by the factual record. As detailed in Section I, Plaintiff suffered actual harm in the form of a $65,650.00 auto loan denial and other adverse consequences due to Chase's continued reporting of inaccurate information, establishing damages under 15 U.S.C. §§ 1681n and 1681o. Plaintiff has pled and substantiated entitlement to relief.

**Third Defense:** Chase's defense that Plaintiff's alleged damages were caused by others or by Plaintiff's own actions is unsupported and contradicted by the evidence. Plaintiff repeatedly notified Chase of the disputed inaccuracies, and Chase failed to correct or reasonably investigate the information, which directly caused the adverse action detailed in Section I. This defense fails as a matter of fact and law.

**Fourth Defense:** Chase's assertion that Plaintiff failed to mitigate damages is misplaced. Plaintiff took reasonable steps to mitigate harm by disputing the inaccurate information multiple times, filing complaints with regulatory agencies, and issuing a Notice of Intent to Sue before initiating this action. Plaintiff acted diligently; the damages resulted from Chase's continued noncompliance, not from any failure to mitigate.

**Fifth Defense:** Chase's allegation that it acted in good faith or without willfulness does not negate liability under the FCRA. Plaintiff's multiple disputes, Chase's receipt of those disputes through authorized agents, and Chase's failure to correct the inaccurate reporting despite repeated notice support a showing of willfulness or, at minimum, negligence under 15 U.S.C. §§ 1681n–1681o. Chase's good faith assertion is a factual issue inappropriate for dismissal at this stage.

**Sixth Defense:** Chase's statute of limitations defense fails because Plaintiff's claims are timely under the applicable two-year limitations period under 15 U.S.C. § 1681p. Plaintiff filed suit within two years of discovering the FCRA violations. This defense is unsupported and without basis.

**Seventh Defense:** Chase's preemption defense fails because Plaintiff's claims arise exclusively under the FCRA and fall squarely within the private right of action authorized by Congress. Plaintiff is not asserting state law claims that would trigger preemption concerns. This defense is irrelevant and improper.

**Eighth Defense:** Chase's assertion that Plaintiff is barred from recovery due to equitable doctrines, including laches, waiver, or estoppel, lacks factual and legal support. Plaintiff acted promptly and consistently to address the inaccurate reporting and took action only after Chase repeatedly failed to comply with the FCRA. These doctrines do not apply here.

**Ninth Defense:** Chase's defense that its actions were justified or privileged is unsupported. Furnishers do not have a privilege to continue reporting inaccurate information after receiving

proper notice of a dispute. Chase's conduct was not justified under the FCRA, and this defense lacks merit.

**Tenth Defense:** Chase's defense that Plaintiff is not entitled to punitive damages is premature and lacks basis at this stage of the litigation. Whether punitive damages are warranted is a fact-based determination reserved for the finder of fact, particularly when there is evidence of willfulness as referenced in Section I. Plaintiff has sufficiently pled entitlement to punitive damages under 15 U.S.C. § 1681n.

**Eleventh Defense:** Chase's defense that Plaintiff has failed to demonstrate causation is contradicted by the evidence set forth in Section I. Plaintiff has established a direct causal connection between Chase's conduct and the adverse action, including the Lexus Financial Services denial. This defense is without merit.

**Twelfth Defense:** Chase's reservation of rights to assert additional defenses in the future is not an affirmative defense and is improper. Such a reservation is unnecessary and has no legal effect. Plaintiff reserves the right to challenge any new defenses if raised.

Dated on this 6th day of November 2025                    Respectfully submitted,

                                                          */s/ Logos I. Farrow*
                                                          Logos I. Farrow, Plaintiff, Pro Se
                                                          7542 Avocet Drive
                                                          Wesley Chapel, FL 33544
                                                          SonnyF78@yahoo.com
                                                          (813) 781-6308

## Certification

I HEREBY CERTIFY that on this 6th day of November 2025, I filed the foregoing *Response in Opposition to Defendant JPMorgan Chase Bank, N.A.'s Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

*Distribution:*

**Scott D. Feather**
Carlton Fields, PA
4221 W Boy Scout Blvd, Ste. 1000
Tampa, FL 33607
(813) 223-7000
Fax: (813) 229-4133
*Attorney for JPMorgan Chase Bank, N.A.C*