# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT of FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE, INC; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>    Defendants. | Case No. **8:25-cv-02417-KKM-SPF** |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DOVENMUEHLE MORTGAGE, INC.'S MOTION TO STAY DISCOVERY

1

Plaintiff, Logos I. Farrow, respectfully files this Response in Opposition to Defendant Dovenmuehle Mortgage, Inc.'s Motion to Stay Discovery (Doc. 95) and states:

## I. INTRODUCTION

Defendant seeks an unnecessary and unsupported stay of discovery based solely on its pending Motion to Dismiss. The Motion to Stay Discovery contains no legal or factual basis to justify halting the normal progression of this case. Because Defendant has failed to demonstrate good cause or any specific burden, its Motion should be denied, and discovery should proceed.

## II. APPLICABLE STANDARD

A stay of discovery is an extraordinary remedy, and the party seeking a stay bears a heavy burden to show good cause and prejudice. Courts in the Middle District of Florida consistently hold that a pending motion to dismiss, standing alone, is insufficient to warrant a stay of discovery. A movant must make a "particularized showing" of why discovery would be unduly burdensome, expensive, or inappropriate at this stage. Defendant has not done so.

## III. DEFENDANT HAS NOT SHOWN GOOD CAUSE FOR A STAY

Defendant's Motion provides only conclusory statements and cites no specific burden, expense, or prejudice that would result from responding to proper discovery. Defendant has already appeared in this matter, participated in motion practice, and is fully capable of responding to discovery. A blanket stay of discovery based merely on a pending dispositive motion is improper.

## IV. A PENDING MOTION TO DISMISS DOES NOT AUTOMATICALLY STAY DISCOVERY

The Eleventh Circuit has made clear that the filing of a motion to dismiss does not by itself warrant a stay of discovery. Courts in this District routinely reject attempts to rely

on *Chudasama v. Mazda* where, as here, the defendant fails to show undue burden or that the motion to dismiss will fully dispose of the action. Plaintiff has already filed a Response in Opposition to Defendant's Motion to Dismiss, and the issues raised are fact-intensive—further confirming that discovery should proceed.

## V. CONCLUSION

Defendant has not met its burden to justify the extraordinary relief it seeks. Plaintiff respectfully requests that the Court deny Defendant's *Motion to Stay Discovery* (Doc. 95) and allow discovery to proceed without delay. Plaintiff requests a hearing only if the Court deems one necessary.

Dated on this 6th day of November 2025          Respectfully submitted,

*/s/ Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com
(813) 781-6308

### Certification

I HEREBY CERTIFY that on this 6th day of November 2025, I filed the foregoing *Response in Opposition to Defendant Dovenmuehle's Mortgage, Inc's Motion to Stay Discovery* with the Clerk of Court using the CM/ECF system, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

**Distribution:**

3

 

Timothy Dylan Reeves
McGlinchey Stafford
333 Commerce Street
Suite 1425
Nashville, TN 37201
Attorney for Dovenmuehle Mortgage, Inc.

Kayleigh Wright
McGlinchey Stafford
10375 Centurion Parkway N
Suite 420
Jacksonville, FL 32256
Attorney for Dovenmuehle Mortgage, Inc.