# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT of FLORIDA
# TAMPA DIVISION

LOGOS I. FARROW,

      Plaintiff,

v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER
FINANCIAL SERVICES;
DOVENMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; SANTANDER CONSUMER
USA INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

      Defendants.

Case No. **8:25-cv-02417-KKM-SPF**

## RESPONSE IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**I. RESPONSE TO DEFENDANT EXPERIAN'S PRELIMINARY STATEMENT**

1

Plaintiff, pro se, responds in opposition to Experian's Preliminary Statement and denies any characterization of the facts that is inconsistent with those set forth in Plaintiff's Complaint. Experian's narrative omits material facts, including multiple certified disputes, Experian's failure to respond to the initial dispute, regulatory complaints, a Notice of Intent to Sue, and documented financial harm.

1. **First dispute & delivery:** On June 6, 2025, Plaintiff mailed a formal written dispute to Experian via USPS Certified Mail No. 9214 8901 4298 0419 8975 51. Experian received this dispute on June 23, 2025, at 1:43 p.m. in Allen, Texas 75013, Signed for by "Lance Rawling", Experian's agent. Experian did not provide any response or reinvestigation results to this first dispute, which constitutes a violation of 15 U.S.C. § 1681i(a) (failure to conduct a reasonable reinvestigation and to provide written results).

2. **Second dispute & delivery:** On July 25, 2025, Plaintiff mailed a second written dispute to Experian via USPS Certified Mail No. 9202 8901 4298 0423 1804 22. USPS records confirm delivery on July 27, 2025, at 2:03 p.m. in Allen, TX 75013, Signed for by "Lance Rawling", Experian's agent.

3. **Notice of Intent to Sue & delivery:** On August 15, 2025, Plaintiff sent a Notice of Intent to Sue to Experian via USPS Certified Mail No. 9214 8901 4298 0424 7889 74. USPS records confirm delivery on August 19, 2025, at 1:23 p.m. in Allen, TX 75013, Signed for by "Lance Rawling", Experian's agent.

4. **Regulatory complaints:** Plaintiff filed a CFPB complaint on July 24, 2025 (CFPB Ref. No. 250724-22616248) describing Experian's failure to reinvestigate and provide required disclosures following receipt of the June 23 dispute; the CFPB portal reflects submission and transmittal to the company. Plaintiff also submitted a BBB complaint

2

(Case No. 23748443) detailing Experian's failure to provide a description of the reinvestigation procedure under § 1681i(a)(6)(B)(iii) and the underlying verification documents required by § 1681i(a)(7)

5. **Adverse action & damages:** As a direct result of Experian's continued reporting of inaccurate information, Plaintiff suffered tangible financial harm, including denial of a $65,650.00 auto loan from Lexus of Wesley Chapel on August 6, 2025, as reflected in the adverse action notice referenced in Plaintiff's *Rule 26 Initial Disclosures* provided to Defendant on October 16th, 2025.

## II. JURISDICTION AND VENUE

6.     Plaintiff reaffirms that jurisdiction and venue are proper for this action. Plaintiff's Complaint invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, which expressly provides for a private right of action in federal court. As alleged in the Complaint, and as supported by the facts set forth herein, Experian is subject to the jurisdiction of this Court.

7.     Experian's repeated statements that jurisdictional allegations are "legal conclusions not subject to denial or admission" do not dispute that Experian regularly conducts business within the State of Florida, furnishes consumer reports to lenders and third parties in this District, and caused harm to Plaintiff in this District. Experian maintains sufficient minimum contacts with Florida such that the exercise of personal jurisdiction comports with due process.

8.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and harm giving rise to this action occurred in this

3

District, and Plaintiff resides here. Accordingly, jurisdiction and venue are proper, and Experian's response does not contest this Court's authority to hear this matter.

### III. PARTIES

9.      Plaintiff is a natural person and consumer, as defined by 15 U.S.C. § 1681a(c), who at all times relevant resided in Wesley Chapel, Pasco County, Florida. Plaintiff provided proper proof of identity and residency— including a government-issued identification and utility statements — with each Experian dispute letter, and again within Plaintiff's *Rule 26(a)(1) Initial Disclosures* served on October 16, 2025. Plaintiff's residency in this District was therefore well-established and verified prior to the filing of this action.

10.      Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Experian maintains consumer files, furnishes consumer reports, and conducts business throughout the United States, including within the State of Florida and this District. Experian maintains its principal office in Costa Mesa, California, is incorporated in the State of Ohio, and may be served through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.      Experian repeatedly asserts that it lacks knowledge or information sufficient to form a belief as to the allegations in Paragraphs 9 through 16, 18, and the remainder of Paragraph 19 of the Complaint and, on that basis, issues blanket denials. These statements are not credible, given that Experian maintains Plaintiff's consumer file, including Plaintiff's personal identifying information and address, as part of its normal business operations. Further, Plaintiff supplied Experian with validating identification and residency documents multiple times — both with each dispute letter and again in

4

Plaintiff's *Rule 26 Initial Disclosures* — making Experian's claimed lack of knowledge improper, evasive, and inconsistent with its obligations and access to Plaintiff's consumer data.

## IV. GENERAL AND FACTUAL ALLEGATIONS

12.  Plaintiff, pro se, reaffirms the General and Factual Allegations contained in the Complaint as true, accurate, and sufficiently pled under Fed. R. Civ. P. 8. Experian's repeated and evasive blanket denials do not rebut the well-pleaded facts establishing Experian's statutory duties under the Fair Credit Reporting Act ("FCRA") and the factual basis for Plaintiff's claims.

13.  Plaintiff alleged, and continues to assert, that Experian is a consumer reporting agency subject to the obligations set forth in the FCRA, including its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) and to conduct a timely and reasonable reinvestigation upon notice of a dispute under 15 U.S.C. § 1681i. As detailed in Section I of this Response, Plaintiff provided Experian with multiple written disputes that identified the specific inaccurate tradelines furnished by third-party furnishers, giving Experian direct notice of the inaccurate information at issue.

14.  The factual allegations in the Complaint are supported by the documentary evidence previously supplied to Experian and referenced in Section I of this Response, including proof of identity and residency, certified mail records, dispute letters identifying the inaccuracies, and subsequent regulatory complaints. Experian was therefore aware of the disputed information reported by the furnishers and cannot credibly deny knowledge of the underlying facts. Plaintiff's allegations remain well-

founded, and Experian's evasive blanket denials do not undermine the sufficiency of the claims asserted.

## V. RESPONSE TO EXPERIAN'S AFFIRMATIVE DEFENSES

Plaintiff, pro se, responds to Experian's Affirmative Defenses and states that many of the asserted defenses are boilerplate, conclusory, and unsupported by specific facts as required under *Fed. R. Civ. P. 8(c)*. Experian's affirmative defenses fail to rebut the well-pleaded allegations in the Complaint or the evidence referenced in Sections I through IV of this Response, and several are improper as a matter of law. Plaintiff responds to each defense below in the order presented.

### First Affirmative Defense: Failure to State a Claim

Experian's First Affirmative Defense is legally insufficient. Plaintiff has alleged detailed facts establishing violations of Experian's duties under the Fair Credit Reporting Act, including its failure to follow reasonable procedures to assure maximum possible accuracy pursuant to 15 U.S.C. § 1681e(b), and failure to conduct a timely and reasonable reinvestigation after receiving Plaintiff's written disputes under 15 U.S.C. § 1681i. Plaintiff's allegations identify the inaccurate information, the dates of disputes, Experian's receipt of those disputes, and the resulting harm. These factual allegations meet and exceed the pleading standards required under Rule 8. This defense should therefore be rejected.

### Second Affirmative Defense: Truth/Accuracy of Information

This defense fails because Experian cannot avoid liability by asserting that the information it reported was "true." Plaintiff disputed inaccurate information appearing in Experian's consumer report, and Experian was placed on notice of specific inaccuracies. Under 15 U.S.C. §

6

1681e(b), Experian has an independent statutory duty to assure maximum possible accuracy and cannot rely solely on a furnisher's data. The fact that Experian updated information after Plaintiff's disputes demonstrates the information was not fully accurate at all times, which defeats this defense. Accordingly, this defense lacks merit.

**Third Affirmative Defense: Compliance/Good Faith**

Experian's assertion of "good faith" compliance with the FCRA is contradicted by the record. Plaintiff provided Experian with multiple written disputes identifying the inaccurate information, yet Experian failed to provide a response to the first dispute and failed to correct or reasonably reinvestigate the disputed reporting. Good faith is not a defense where a CRA fails to meet statutory duties imposed by §§ 1681e(b) and 1681i. A party cannot claim good faith where it ignored or inadequately responded to valid disputes supported by documentation. This defense is unsupported and should be rejected.

**Fourth Affirmative Defense: Failure to Mitigate Damages**

This defense fails because Plaintiff took all appropriate steps to mitigate any harm. Plaintiff timely disputed the inaccurate information twice, filed a CFPB complaint, filed a BBB complaint, and sent a Notice of Intent to Sue, all before initiating litigation. A consumer has no duty to mitigate damages arising from a CRA's own statutory violations of the FCRA. Plaintiff's diligent efforts to resolve the matter without litigation demonstrate mitigation. This defense is without factual or legal basis.

**Fifth Affirmative Defense: Intervening Superseding Cause**

This defense is improper because Experian remains responsible for its independent obligations under the FCRA, regardless of the actions of furnishers. Even if a furnisher provided

7

inaccurate data, Experian had a duty to reasonably reinvestigate the disputed information once Plaintiff submitted written disputes. An intervening cause defense cannot shield Experian from liability for its own statutory violations. The defense is therefore misplaced and without merit.

**Sixth Affirmative Defense: Proximate Cause**

Experian's negligence was a direct and proximate cause of Plaintiff's harm. Plaintiff suffered adverse action on a credit application as a result of Experian's continued reporting of inaccurate information despite receiving proper notice of the dispute. Experian's failure to correct or reinvestigate the inaccurate information foreseeably caused damage. This defense contradicts the facts and should be rejected.

**Seventh Affirmative Defense: Set-Off/Recoupment**

Set-off and recoupment are not applicable to FCRA actions. Plaintiff seeks statutory, actual, and punitive damages authorized under §§ 1681n and 1681o based on Experian's own conduct. Experian has identified no basis for set-off or recoupment, nor any claim that Plaintiff received compensation from any other party. This defense is unsupported and should be dismissed as inapplicable.

**Eighth Affirmative Defense: Punitive Damages**

This defense is premature. The FCRA expressly authorizes punitive damages for willful noncompliance under 15 U.S.C. § 1681n. Whether Experian's conduct was willful is a fact-based determination reserved for later stages of litigation and cannot be resolved at the pleading stage. This defense is improper and should be rejected at this time.

**Ninth Affirmative Defense: Statute of Limitations**

Plaintiff's FCRA claims are timely under 15 U.S.C. § 1681p, which provides a two-year limitations period from discovery of the violation, or five years from the date of the violation. Plaintiff's claims fall well within the statutory period, as the disputes, adverse action, and events at issue occurred within the applicable timeframe. Experian has asserted no factual basis for a limitations bar. This defense should be dismissed.

**Tenth Affirmative Defense: Right to Assert Additional Defenses**

This is not a true affirmative defense. It asserts no facts and preserves nothing beyond what the Federal Rules already provide. While Experian may seek to amend its Answer if warranted, this "defense" is legally unnecessary and should be disregarded.

**Eleventh Affirmative Defense: Indemnification**

Indemnification does not apply to FCRA claims. Experian cannot shift its statutory responsibilities to furnishers or any other party. A CRA's duties under §§ 1681e(b) and 1681i are non-delegable. This defense has no application to Plaintiff's claims and should be rejected.

**Twelfth Affirmative Defense: Laches**

The doctrine of laches does not apply to FCRA claims and has no relevance here. Plaintiff acted promptly and consistently, submitting disputes, complaints, and written notices before filing suit. There was no unreasonable delay, and Experian has not alleged any prejudice. This defense fails as a matter of law.

**Thirteenth Affirmative Defense: Estoppel**

This conclusory defense is unsupported by facts. Plaintiff did not engage in any conduct

9

that would mislead Experian or prevent it from complying with its statutory duties. Estoppel requires reliance and prejudice, neither of which is present here. This defense should be dismissed.

**Fourteenth Affirmative Defense: Jurisdiction and Venue**

As established in Section II of this Response, jurisdiction and venue are proper in this Court. Experian conducts business in this District, the harm occurred in this District, and Plaintiff resides in this District. This defense is contrary to the facts and is without merit.

**Fifteenth Affirmative Defense: Unclean Hands**

This defense is improper and unsupported. Plaintiff has engaged in no misconduct related to this matter, and equitable doctrines such as unclean hands do not bar statutory claims under the FCRA. Experian has alleged no facts to justify this defense. It should be rejected.

**Sixteenth Affirmative Defense: Arbitration**

This defense fails because no arbitration agreement exists between Plaintiff and Experian. Plaintiff has never entered into any contract or agreement with Experian containing an arbitration clause. Experian cannot compel arbitration absent a valid agreement. This defense is baseless and should be dismissed.

**Summary**

Experian's affirmative defenses are legally and factually insufficient and fail to overcome Plaintiff's well-pleaded FCRA claims. Many of the defenses are conclusory, inapplicable, or unsupported by law, and none negate Experian's statutory obligations. As a consumer reporting

10

agency, Experian is directly responsible for complying with the FCRA, and its defenses do not excuse its failures to do so.

## VI. RESPONSE TO EXPERIAN'S PRAYER FOR RELIEF

Plaintiff opposes Experian's Prayer for Relief in its entirety. Experian's request that Plaintiff "take nothing" and that this action be dismissed is contrary to the facts, the evidence presented, and the well-pleaded claims establishing violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff has alleged and supported actionable violations of 15 U.S.C. §§ 1681e(b) and 1681i and has demonstrated resulting harm, including adverse credit action and financial injury. Dismissal is not warranted, and Experian is not entitled to judgment in its favor.

Experian is not entitled to recover costs or attorney's fees. The FCRA authorizes an award of attorney's fees to a prevailing *plaintiff* under 15 U.S.C. §§ 1681n and 1681o, not to a defendant, absent a showing that the action was frivolous or brought in bad faith, which circumstances are not present here. Plaintiff has proceeded in good faith and supported all claims with documentary evidence referenced in this Response and provided to Experian prior to litigation.

To the extent Experian seeks "such other and further relief as the Court may deem just and proper," Plaintiff respectfully submits that such relief should be granted in favor of Plaintiff, not Experian. Plaintiff has stated valid claims for relief and supported them with factual allegations and evidence. Experian's Prayer for Relief should be denied.

11

WHEREFORE, Plaintiff respectfully requests that Experian's Prayer for Relief be denied in its entirety, that this action proceed on the merits, and that Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated on this 6th day of November 2025                    Respectfully submitted,

/s/ *Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com
(813) 781-6308

## Certification

I HEREBY CERTIFY that on this 6th day of November 2025, I filed the foregoing *Response in Opposition to Defendant Experian Information Solutions, Inc.'s Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

**Distribution:**
Gary Sonnenfeld
Troutman Pepper Locke LLP
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33401
Attorney for Experian Information Solutions, Inc.

12