UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.                                                  Case No. 8:25-cv-02417

CITIBANK, N.A., et al.

_____/

**CITIBANK, N.A.'S MOTION TO STAY PENDING ADJUDICATION OF MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CITIBANK, N.A. ("Citibank"), by and through its undersigned counsel, respectfully moves this Court for the entry of an order staying all discovery between Plaintiff, LOGOS I. FARROW ("Plaintiff"), and Citibank pending adjudication of Citibank's Motion to Compel Arbitration and Stay Proceedings [D.E. 91]. In the alternative, Citibank moves for an extension of time to respond to discovery should the Court deny the Motion to Compel Arbitration or this Motion. In support thereof, Citibank states as follows:

### INTRODUCTION

On September 9, 2025, Plaintiff initiated this action by filing his Complaint [D.E. 1], asserting various claims against Citibank and others for alleged violations of the Fair Credit Reporting Act (FCRA). On October 20, 2025, Plaintiff served written discovery upon Citibank, including interrogatories, requests for

1

production, and requests for admission. On November 3, 2025, Citibank filed its Motion to Compel Arbitration and Stay Proceedings (the "Motion to Compel") [D.E. 91] as its first response to Plaintiff's Complaint. Plaintiff filed his opposition to the Motion to Compel on November 6, 2025 [D.E. 98].

Citibank respectfully requests that the Court stay all discovery between Plaintiff and Citibank until after the Court has adjudicated the Motion to Compel.

## MEMORANDUM OF LAW

District courts possess "broad discretion to stay proceedings as an incident to [their] power to control their own dockets." *Mitchell v. Apollo Interactive Ins. Sols. LLC*, 2024 WL 5327443 at *1 (M.D. Fla. Dec. 16, 2024) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). This Court may therefore stay discovery and any further proceedings "until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Id*. Such a stay is particularly appropriate when a motion to compel arbitration is pending. *See id.; see also Bufkin v. Scottrade, Inc.,* 812 F. App'x. 838, 842 (11th Cir. 2020). When deciding whether to stay discovery, a court will take a "preliminary peak" at a pending dispositive motion to determine whether it appears meritorious and case dispositive. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Citibank's Motion to Compel is supported by record evidence and has a high probability of success based upon the direct correlation to the Plaintiff's credit card accounts and the broad scope of the arbitration agreement contained in the card agreements controlling the same. *See* Motion to Compel. Plaintiff's arguments in

2

opposition to the Motion to Compel are both contradicted by the card agreements governing his accounts, and unsupported by applicable law. Indeed, even Plaintiff's argument that his claims are outside the scope of the arbitration provision (which they are not) is unsubstantiated because such arguments have been expressly delegated to the American Arbitration Association as further discussed in the Motion to Compel. See Motion to Compel, pgs. 13-17; *see Grimes v. Citigroup Inc.,* 2025 WL 2652863 (M.D. Fla. September 16, 2025) (finding arbitrability was expressly delegated to AAA under substantively the same Citibank arbitration provision as this action).

Allowing discovery to proceed prior to a determination on the Motion to Compel would result in an irretrievable loss of the key benefits of arbitration, including "efficiency, less expense, less intrusive discovery…" and "frustrate the purpose of arbitration – an inexpensive and expeditious resolution of claims." *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023); *Mitchell v. Apollo Interactive Ins. Sols. LLC*, 2024 WL 5327443, at *2. Indeed, discovery on the merits or requiring participation in substantive proceedings "may result in the expenditure of large amounts of time, money, and judicial resources" as well as risk a determination that Citibank has waived its right to arbitrate. *Id.* (citing *Morat v. Cingular Wireless LLC*, No. 3:07-CV-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008)); *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1544 (11th Cir. 1990) (finding participation in discovery akin to trial preparation

constituting waiver of arbitration rights). Here, Citibank has reserved its right to compel arbitration and expressly does not waive the same.

The Motion to Compel is clearly meritorious and truly case dispositive if granted. As a result, any discovery between Plaintiff and Citibank should be stayed pending a ruling on the Motion to Compel. *See e.g., McIntosh v. Hilton Grand Vacations, Inc.,* 2025 WL 1412431 (M.D. Fla. May 15, 2025) (granting motion to stay discovery pending ruling on motion to compel arbitration); *Falcon v. Televisaunivision Digital, Inc.,* 2024 WL 639789 at *1 (M.D. Fla. Feb 15, 2024); *Hillery v. Dick Baird, Inc.,* 2019 WL 13082690 at *2 (M.D. Fla. Feb 25, 2019); *Shireman v. Tracker Marine, LLC,* 2018 WL 11482799 at *2 (M.D. Fla. Nov 30, 2018).

## CONCLUSION

For the foregoing reasons, Defendant Citibank, N.A., respectfully requests that this Court exercise its discretion to stay discovery pending ruling on the Motion to Compel. To the extent the Court denies this motion or the Motion to Compel, Citibank respectfully requests an extension of time of thirty (30) days to respond to Plaintiff's discovery requests.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that he has conferred with Plaintiff in good faith and that Plaintiff opposes the relief sought in this Motion.

Dated this 13th day of November, 2025.

        Respectfully,

        */s/ Andrew C. Wilson*
        Louis M. Ursini, III, Esq.
        Florida Bar No. 0355940
        Primary: louis.ursini@arlaw.com
        Secondary: lisa.stallard@arlaw.com
        ADAMS AND REESE LLP
        100 North Tampa Street, Suite 4000
        Tampa, FL 33602
        813-402-2880 (Telephone)
        813-402-2887 (Facsimile)

        Andrew C. Wilson, Esq.
        Florida Bar No. 0103203
        Primary: andrew.wilson@arlaw.com
        Secondary: Suellen.Kerrigan@arlaw.com
        ADAMS AND REESE LLP
        2001 Siesta Drive, Suite 320
        Sarasota, FL 34239
        941-316-7636 (Telephone)
        *Counsel for Citibank, N.A.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 13th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

            /s/ *Andrew C. Wilson*
            ANDREW C. WILSON
            Florida Bar No. 0103203