# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT of FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE, INC; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>    Defendants. | Case No. **8:25-cv-02417-KKM-SPF** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITIBANK, N.A.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF IT'S MOTION TO COMPEL ARBITRATION**

Plaintiff, Logos I. Farrow, proceeding Pro Se, respectfully submits this *Response in Opposition to Defendant Citibank, N.A.'s Motion for Leave to File a Reply to*

1

*Plaintiff's Opposition to Citibank's Motion to Compel Arbitration*, and states:

1. Plaintiff's Response in Opposition raised *no new matters* that would warrant additional briefing. Plaintiff addressed only those issues Citibank itself raised in its Motion to Compel Arbitration and the accompanying Booth Declaration.

2. The arguments in Plaintiff's Opposition were limited to:

(a) Citibank's failure to provide any authenticated or signed arbitration agreement.

(b) Citibank's lack of competent evidence establishing mutual assent.

(c) deficiencies in Citibank's evidentiary submissions under the *Federal Rules of Evidence.*

(d) the legal effect of Plaintiff's revocation and Citibank's post-revocation conduct; and

(e) the independent statutory duties implicated under the Fair Credit Reporting Act.

These issues were all presented by Citibank in its original filings, and Plaintiff's Opposition did not expand the scope of the dispute or introduce new factual or legal theories.

3. Citibank asserts that motions to compel arbitration are "treated like summary judgment motions" and therefore merit reply briefing. However, the *Local Rules* do not authorize replies as a matter of course. Whether a reply is permitted remains within the Court's discretion, and courts in this District typically grant leave only when the response introduces new issues that the movant could not have reasonably anticipated, which is

not the case here.

4. Additional briefing would not assist the Court. The arbitration issues are straightforward, the record is complete, and Citibank identifies no changes in law or facts that would justify a reply. Further briefing would serve only to reargue matters already presented, contrary to the interest in securing a "just, speedy, and inexpensive" determination of this action under Rule 1.

WHEREFORE, Plaintiff respectfully requests that the Court DENY *Citibank, N.A.'s Motion for Leave to File a Reply* and proceed to adjudicate the *Motion to Compel Arbitration* as fully briefed.

| | |
|---|---|
| Executed on this 15th day of November 2025 | Respectfully submitted, |

/s/ *Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com
(813) 781-6308

### Certification

I HEREBY CERTIFY that on this 15th day of November 2025, I filed the foregoing *Response in Opposition to Defendant Citibank, N.A.'s Motion for Leave to File a Reply In Support of Defendant's Motion to Compel Arbitration* with the Clerk of Court using USPS certified mail and the CM/ECF system, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

**Distribution:**

3

**Andrew Charles Wilson**
Adams and Reese LLP
2001 Siesta Drive
Suite 302
Sarasota, FL 34239
941-316-7600
Email: andrew.wilson@arlaw.com
*Attorney for CITI Bank, NA.*

**John Emery Springer**
Adams & Reese, LLP
100 N. Tampa Street
Suite 4000
Tampa, FL 33602
727-501-4471
Fax: 813-402-2887
Email: john.springer@arlaw.com
*Attorney for Citibank, N.A.*

**Louis M. Ursini, III**
Adams and Reese LLP
100 North Tampa Street
Suite 4000
Tampa, FL 33602
813-402-2880
Email: louis.ursini@arlaw.com
*Attorney for Citibank, N.A*

4