UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.                                      Case No. 8:25-cv-02417

CITIBANK, N.A., et al.

_____/

**CITIBANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

    Defendant, CITIBANK N.A. ("Citibank"), by and through its undersigned counsel and pursuant to this Court's Order dated November 18, 2025 [D.E. 105], respectfully files this Reply in Support of its Motion to Compel Arbitration, filed on November 3, 2025 [D.E. 91] (the "Motion"), and states as follows:

    1.    Plaintiff argues in his Response in Opposition to Citibank's Motion to Compel Arbitration [D.E. 98] (the "Opposition") that: (1) he effectively terminated or revoked his agreement to arbitrate; (2) Citibank has not produced "a signed arbitration agreement;" (3) Citibank's alleged breach of the Card Agreements and violation of the FCRA "excused [him] from any further contractual obligations, including any arbitration provision;" and (4) case law shows that arbitration is improper. As set forth herein, Plaintiff's arguments are contradicted by the Card Agreements governing Plaintiff's Accounts and unsupported by applicable law.

### *(a)  Plaintiff's alleged termination of the arbitration agreement*

2.  The Card Agreements each permit rejection of the arbitration provision, but require such rejection to be mailed within 45 days of Account opening to be effective. D.E. 91-1 at pp. 21 and 38. Both Accounts were opened in 2021,[1] making Plaintiff's alleged rejection in July 2025 after years of using the accounts untimely and ineffective. Indeed, the FAA itself makes clear that any arbitration agreement to which the act applies "shall be valid, **irrevocable**, and enforceable." 9 U.S.C. § 2 (emphasis added). *See also Jackson v. Discover Financial Services*, 2024 WL 4554658, *2 (M.D. Fla. 2024).

3.  In *Jackson*, the plaintiff opposed a financial institution's efforts to compel arbitration pursuant to the terms of a credit card agreement containing an arbitration provision that, like here, provided for a time-limited right to reject it. *Id*. at *1. The plaintiff failed to reject the arbitration provision within the 30 days provided by the applicable agreement and used the credit card account for nearly two years before sending a purported rejection of the arbitration agreement shortly before filing a lawsuit against the financial institution for breach of contract and violation of consumer protection laws. *Id*. at *1-2. The Court declined to give the untimely rejection any effect, and granted the financial institution's motion to compel arbitration. *Id*. at *5-6. The facts of this case are strikingly similar to those in *Jackson*, and Citibank respectfully submits that the same result should be reached here.

---

[1] *See* Declaration of Kelly Booth, D.E. 91-1 at ¶ 4.

### (b) The Card Agreements are binding and enforceable

4. The Card Agreements at issue did not require signature, and instead became binding upon use of the card and Plaintiff's failure to cancel his accounts within 30 days. Each of the Card Agreements state:

> **Binding Agreement.** This Agreement takes effect once you use your Card. Even if you don't use your Card, this Agreement will take effect unless you contact us to cancel your Account within 30 days after we sent you this Agreement.

D.E. 91-1 at pp. 13 and 30. *See also* S.D. Codified Laws 54-11-9 ("The use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer . . . .").

5. Plaintiff's demand for the "original" or "signed" arbitration agreement ignores the reality of consumer credit card agreements. Citibank has submitted evidence, through the Declaration of Kelly Booth, that the Card Agreements attached to her declaration as Exhibits 1 and 2 are copies of the agreements actually mailed to Plaintiff *with the corresponding credit cards*. [D.E. 91-1, ¶¶ 6 and 9]. Plaintiff's use of the credit cards confirms that he both received the Card Agreements mailed with them and assented to their terms as set forth above.

### (c) Plaintiff's claims are subject to arbitration

6. Plaintiff's claims against Citibank, which solely encompass claims under the FCRA in connection with his accounts with Citibank, are subject to arbitration. Indeed, page 10 of the Card Agreements each broadly provide for

the agreement to arbitrate all claims, "no matter what legal theory they're based on or what remedy . . . they seek, including Claims based on contract, . . . statutory or regulatory provisions, or any other sources of law. . . ." D.E. 91-1 at pp. 20 and 37.

7. Plaintiff's allegation that Citibank breached the Card Agreement, even one could be established, would not terminate his agreement to arbitrate any disputes with Citibank (including, notably, claims for alleged breach of contract). It is well-settled that an arbitration provision is severable from the remainder of a contract, and that even a challenge to the validity of a contract—unless such challenge is specific to the arbitration clause itself—is for the arbitrator to decide. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006).

### (d) *Plaintiff's case law is inapposite*

8. Finally, the case law cited by Plaintiff lends his arguments no support. In *Dasher v. RBC Bank (USA)*, the Court declined to compel arbitration because the original agreement between a bank and the account holders (which contained an arbitration provision) was entirely superseded by a new agreement (which did not contain an arbitration provision). 745 F. 3d 1111 (11th Cir. 2014).

9. In *Wexler v. AT&T Corp.*, the Court considered whether a broad arbitration provision between the plaintiff and her cellular telephone provider (AT&T Mobility LLC) extended to claims against a different, but related entity (AT&T Corp.) for alleged statutory violations regarding unsolicited calls and texts. 211 F. Supp. 3d 500 (E.D. N.Y. 2016). The Court concluded that there was insufficient evidence of mutual intent to arbitrate any conceivable dispute between

the plaintiff and any entity under the AT&T corporate umbrella, and therefore declined to compel arbitration. *Id.* at 505.

10.     *Hinkle v. Midland Credit Mgmt., Inc.*, did not consider a motion to compel arbitration at all, but instead dealt with a motion for summary judgment in a claim brought under the FCRA. 827 F. 3d 1295 (11th Cir. 2016).

11.     In *Bazemore v. Jefferson Capital Sys., LLC*, a debt collector sought to enforce an arbitration provision through a declaration that was "woefully inadequate." 827 F. 3d 1325 (11th Cir. 2016). Specifically, it did not identify how the plaintiff accepted the terms governing the account when she applied for it, or what those terms were. *Id.* at 1330-31. The declaration also averred only that a "Welcome Kit" containing a cardholder agreement "'*would have been* sent to Plaintiff' within ten days of her online application," but the declarant had no knowledge of whether such welcome kit was in fact sent, and there was no evidence it would have included an arbitration agreement. *Id.* at 1331. Here, by contrast, Ms. Booth has testified that Exhibits 1 and 2 of her Declaration contain copies of the exact Card Agreements that were sent to Plaintiff *along with his credit cards*. D.E. 91-1, ¶¶6 and 9.

WHEREFORE, for the foregoing reasons, and for the reasons set forth more fully in its Motion, Citibank respectfully requests that the Court grant the Motion, compel Plaintiff's claims against it to arbitration, stay these proceedings, and award it such other and further relief this Court deems proper.

Dated:  November 24, 2025

>  */s/ Andrew C. Wilson*
> Louis M. Ursini, III, Esq.
> Florida Bar No. 0355940
> Primary: louis.ursini@arlaw.com
> Secondary: lisa.stallard@arlaw.com
> ADAMS AND REESE LLP
> 100 North Tampa Street, Suite 4000
> Tampa, FL  33602
> 813-402-2880 (Telephone)
> 813-402-2887 (Facsimile)
>
> Andrew C. Wilson, Esq.
> Florida Bar No. 0103203
> Primary:  andrew.wilson@arlaw.com
> Secondary:  suellen.kerrigan@arlaw.com
> ADAMS AND REESE LLP
> 2001 Siesta Drive, Suite 302
> Sarasota, FL  34239
> 941-316-7600 (Telephone)
> *Counsel for Defendant, Citibank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November 2025, this document was electronically filed with Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

>  */s/ Andrew C. Wilson*
> Andrew C. Wilson
> Florida Bar No. 0103203