UNITED STATES DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>      Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE, INC; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>      Defendants. | Case No. **8:25-cv-02417-KKM-SPF** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

    This case arises from Defendant Experian Information Solutions, Inc.'s ("Experian") failure to conduct any reinvestigation of Plaintiff's written consumer disputes and its continued

1

reporting of inaccurate credit information, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b) and 1681i. The undisputed record establishes that:

1. Plaintiff submitted multiple written disputes to Experian;
2. Experian received them;
3. Experian conducted no reinvestigation and provided no results;
4. The inaccurate information remained on Plaintiff's credit file; and
5. Plaintiff was denied credit as a result.

Under binding Supreme Court and Eleventh Circuit authority, no genuine dispute of material fact exists, and Plaintiff is entitled to judgment as a matter of law on both liability and damages.

## II. LEGAL STANDARD

A. Summary Judgment Under Rule 56

*Federal Rule of Civil Procedure 56(a)* provides that summary judgment "shall" be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Supreme Court has held that summary judgment is appropriate where the non-moving party fails to present evidence sufficient for a reasonable jury to find in its favor. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit," and is "genuine" only if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where, as here, the record evidence is one-sided, summary judgment is appropriate. Id. at 251–52.

## III. STATUTORY FRAMEWORK

A. *15 U.S.C. § 1681i* — **Duty to Reinvestigate**

Upon receiving a consumer's dispute, a consumer reporting agency ("CRA") must:

1. Conduct a reasonable reinvestigation,
2. Forward all relevant information to furnishers, and
3. Provide written results to the consumer.

Failure to do so violates §1681i(a)(1)-(6).

The Eleventh Circuit holds that a CRA may be liable when it fails to reasonably reinvestigate disputed information. Losch v. Nationstar Mortg., LLC, 995 F.3d 937, 944–45 (11th Cir. 2021).

B.   *15 U.S.C. § 1681e(b)* — **Duty of Accuracy**

CRAs must "follow reasonable procedures to assure maximum possible accuracy." Liability arises where:

1. Inaccurate information is reported;
2. The CRA failed to follow reasonable procedures; and
3. The consumer suffers harm.

Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991).

## IV. ARGUMENT

A.   Experian Violated § 1681i By Failing to Conduct Any Reinvestigation

The undisputed facts (Statement of Material Facts 4–9, 13–17) and Plaintiff's sworn Declaration establish:

3

- Plaintiff mailed disputes on June 6 and July 24, 2025.
- Experian received both;
- Experian provided no acknowledgment, no reinvestigation, and no results.

Under Losch, failure to conduct a reasonable reinvestigation is actionable. Experian conducted no reinvestigation at all and produced no evidence to the contrary. Summary judgment is therefore warranted.

B.   Experian Violated § 1681e(b) By Continuing to Report Inaccurate Information

Despite receiving two written disputes and a Notice of Intent to Sue, Experian continued to report the inaccurate data as of August 2025. Under Cahlin, continued reporting of inaccurate information without reasonable procedures creates liability. Experian's silence establishes procedural unreasonableness as a matter of law.

C.   Plaintiff Suffered Actual Damages as a Result of Experian's Violations

The Lexus adverse action notice confirms:

- Credit was denied on August 6, 2025.
- The denial was based in whole or in part on Experian's information.

The Eleventh Circuit recognizes that denial of credit constitutes actual damages. Pedro v. Equifax, Inc., 868 F.3d 1275, 1280–81 (11th Cir. 2017). Plaintiff is therefore entitled to actual damages.

D.   Plaintiff Is Entitled to Statutory Damages for Willful Violations

Under §1681n(a)(1)(A), a willful violation entitles Plaintiff to statutory damages "of not less than $100 and not more than $1,000." Given Experian's complete failure to act despite multiple notices, Plaintiff requests the statutory maximum: $1,000.

4

E.  Plaintiff Is Entitled to Punitive Damages

Section 1681n(a)(2) authorizes punitive damages for willful violations. Experian's repeated disregard of Plaintiff's disputes supports a finding of willfulness. Plaintiff respectfully requests punitive damages in an amount to be determined by the Court.

F.  Plaintiff Is Entitled to Costs

Under §§1681n and 1681o, Plaintiff is entitled to recover costs.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter summary judgment in Plaintiff's favor and award:

1. Judgment on liability under §§1681e(b) and 1681i;
2. Actual damages based on Plaintiff's adverse credit denial;
3. Statutory damages of $1,000;
4. Punitive damages in an amount to be determined by the Court; and
5. Costs as permitted by statute.

Respectfully submitted,
Date: December 3, 2025

*/s/ Logos I. Farrow*
Logos I. Farrow
Plaintiff, Pro Se