UNITED STATES DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE, INC; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC, <br><br> Defendants. | DEC 9 2025 AM 11:17 <br> FILED - USDC - FLMD - TPA <br><br> Case No. **8:25-cv-02417-KKM-SPF** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
DENYING LEAVE TO FILE SUR-REPLY**

Plaintiff, Logos I. Farrow, proceeding pro se, respectfully moves pursuant to *Federal Rule of Civil Procedure 54(b)* and *Local Rule 3.01(d)* for reconsideration of the Court's December 5,

1

2025 Endorsed Order (D.E. 111) denying Plaintiff leave to file a Sur-Reply. In support, Plaintiff states:

**1. Standard for Reconsideration**

Reconsideration is appropriate when the Court has overlooked or misapprehended a material point of law or fact, or when necessary to prevent clear error or manifest injustice. *See Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

**2. The Court's Order Appears to Rely on the Assumption That the Issues Were Fully Briefed**

The Court denied leave based on the conclusion that "the issues raised in Citibank's Motion to Compel Arbitration appear to be fairly and adequately addressed by the parties' current briefing." (D.E. 111).

Respectfully, Plaintiff submits that this conclusion was based on an understandable oversight: Citibank's Reply (D.E. 109) introduced several new arguments and authorities that were not raised in its original Motion (D.E. 91). Thus, the issues were not fully briefed.

**3. Citibank's Reply Introduced New Matters Not Previously Presented**

Citibank's Reply raised, for the first time:

- A new legal theory that Plaintiff's revocation was "untimely" under a 45-day opt-out provision;

- New reliance on *Jackson v. Discover Financial Services* (M.D. Fla. 2024);

- A new South Dakota contract-formation argument;

- A new severability argument under *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006).

2

These arguments do not appear anywhere in Citibank's original Motion (D.E. 91). Plaintiff had no opportunity to respond to these new matters, which directly affected the Court's evaluation of the arbitration issue. Because the denial order assumes the issues were "fairly and adequately addressed," reconsideration is necessary to correct this procedural misunderstanding.

### 4. A Limited Sur-Reply Is the Proper Procedural Mechanism

Because Citibank raised new issues in its Reply, a Sur-Reply is the appropriate, narrow vehicle to ensure the Court has the benefit of complete briefing. Plaintiff does not seek to re-argue previously addressed issues, but only to respond to new arguments raised for the first time in Reply briefing. This is consistent with federal practice and avoids unfair prejudice.

### 5. Relief Requested

Plaintiff respectfully requests that the Court:

1. Reconsider its December 5, 2025, Order (D.E. 111);
2. Grant leave for Plaintiff to file a Sur-Reply not exceeding five pages, limited solely to the new issues raised in Citibank's Reply (D.E. 109).

### Local Rule 3.01(g) Certification

Plaintiff certifies that he conferred in good faith with counsel for Citibank regarding this Motion. Citibank opposes the relief requested.

Executed on this 9th day of December 2025         Respectfully submitted,

/s/ *Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com

**Certification**

I HEREBY CERTIFY that on this 9th day of December 2025, I filed the foregoing *Plaintiff's Motion for Reconsideration of Order Denying Leave to File a Sur-Reply* with the Clerk of Court, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

*Distribution:*

Andrew Charles Wilson
Adams and Reese LLP
2001 Siesta Drive
Suite 302
Sarasota, FL 34239
941-316-7600
Email: andrew.wilson@arlaw.com
*Attorney for Citibank, NA.*

John Emery Springer
Adams & Reese, LLP
100 N. Tampa Street
Suite 4000
Tampa, FL 33602
727-501-4471
Fax: 813-402-2887
Email: john.springer@arlaw.com
*Attorney for Citibank, N.A.*

Louis M. Ursini, III
Adams and Reese LLP
100 North Tampa Street
Suite 4000
Tampa, FL 33602
813-402-2880
Email: louis.ursini@arlaw.com
*Attorney for Citibank, N.A*