UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.    Case No. 8:25-cv-2417-KKM-SPF

CAPITAL ONE SERVICES, LLC,
et al.,

    Defendants.

## ORDER

Plaintiff Logos Farrow brings this action under the Fair Credit Reporting Act against Capital One Services, LLC, Citibank, N.A., Discover Financial Services, Dovenmuehle Mortgage, Inc., JPMorgan Chase Bank N.A., Santander Consumer USA Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC.[1] *See* Compl. (Doc. 1). Dovenmuehle moves to dismiss, (Doc. 57), and Citibank moves to compel arbitration, (Docs. 91, 109). Farrow opposes both motions and separately moves for summary judgment against Experian. (Docs. 73, 98, 112).

---

[1] Discover Financial Services, Santander, Equifax, and Trans Union have been terminated from the action. (Docs. 77, 86, 97).

Upon review, I find that Farrow's complaint constitutes an impermissible shotgun pleading that prevents resolution of the pending motions. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015). Shotgun pleadings "violate[] either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both," and have been "condemned repeatedly" by the Eleventh Circuit. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Shotgun pleadings fall into "four rough types of categories," two of which describe Farrow's complaint. *Weiland*, 792 F.3d at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The other type is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.*

Farrow's complaint makes both errors. First, in each count Farrow "incorporates by reference all preceding paragraphs as though fully set forth herein." *E.g.*, Compl. ¶ 103. At the same time, however, Farrow lists one count per defendant. Accordingly, Counts 2–9 each "contain irrelevant factual allegations and legal conclusions" unconnected to the defendant named therein. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Second, Farrow's complaint lists three causes of

action per count, some of which appear inapplicable to certain defendants. *See, e.g.*, Compl. ¶¶ 103–115 (Count 1) (alleging violations of 15 U.S.C. §§ 1681s-2(b), 1681e(b), 1681n, and 1681o). This "completely disregards Rule 10(b)'s requirement that discrete claims should be plead[ed] in separate counts[.]" *Magluta*, 256 F.3d at 1284; *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("[D]iscrete causes of action should be plead in separate counts."). These deficiencies make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," and thus require dismissal of Farrow's complaint with leave to amend. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Accordingly, the following is **ORDERED:**

1. Farrow's complaint (Doc. 1) is **DISMISSED without prejudice**. He may file an amended complaint that addresses this Order's concerns no later than **December 29, 2025**. If Farrow fails to do so, this action will become subject to dismissal.

2. Dovenmuehle's Motion to Dismiss (Doc. 57) and Citibank's Motion to Compel Arbitration (Doc. 91) are **DENIED without prejudice as moot.** The defendants may renew their motions upon the filing of any amended complaint.

3. Farrow's Motions to Consider the Response (Doc. 108), Motion for Summary Judgment (Doc. 112), Motion for Extension of Time to

File Joint Statement of Undisputed Facts (Doc. 116), and Motion for Reconsideration (Doc. 117) are **DENIED without prejudice as moot.** Farrow is reminded of this Court's summary judgment procedures. *See* (Doc. 64) ¶ 9.

**ORDERED** in Tampa, Florida, on December 15, 2025.

Kathryn Kimball Mizelle
United States District Judge