# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT of FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, N.A.;<br>CITIBANK, N.A.; DISCOVER<br>FINANCIAL SERVICES;<br>DOVENMUEHLE MORTGAGE,<br>INC; JPMORGAN CHASE BANK,<br>N.A.; SANTANDER CONSUMER<br>USA INC.; EQUIFAX<br>INFORMATION SERVICES, LLC.;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; and TRANS<br>UNION LLC,<br><br><br>    Defendants. | Case No. **8:25-cv-02417-KKM-SPF** |

DEC 29 2025 PM12:11
FILED - USDC - FLMD - TPA

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Logos I. Farrow ("Plaintiff"), appearing pro se, brings this first

amended action against Defendants, CAPITAL ONE SERVICES, N.A.;

CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE

1

MORTGAGE, INC.; JPMORGAN CHASE BANK, N.A.; SANTANDER

CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES LLC;

EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION LLC,

(hereinafter collectively "Defendants") and in support thereof respectfully alleges

violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## PRELIMINARY STATEMENT

1.     Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2.     The FCRA places obligations both on consumer reporting agencies ("CRAs") such as Equifax, Experian, and TransUnion, and on furnishers of credit information such as Capital One, Citi, Discover, Dovenmuehle, JPMorgan Chase, and Santander.

3.     Plaintiff seeks relief for damages sustained as a result of Defendants' actions, including emotional distress, denial of credit, adverse financial consequences, and reputational harm.

4.     Defendants committed the acts and violations described herein knowingly, willfully, and intentionally, and failed to maintain procedures reasonably adapted to avoid such violations.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337 because Plaintiff's claims arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

6.     Jurisdiction is also proper under 15 U.S.C. §1681p, which provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7.     This Court has personal jurisdiction over Defendants because each Defendant regularly conducts business in the State of Florida, including within the Middle District of Florida, and each Defendant furnishes, reports, or maintains consumer credit information relating to Florida residents.

8.     Venue is proper in this Court under 28 U.S.C. §1391(b) because Plaintiff resides in the Middle District of Florida, a substantial part of the events and omissions giving rise to these claims occurred in this District, and Defendants transact business within this District.

9.     Plaintiff Logos I. Farrow is a natural person residing in Wesley Chapel, Pasco County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

10.     Plaintiff resided at 7542 Avocet Dr, Wesley Chapel, Florida at all times relevant, and all actions related to Plaintiff stated herein took place in or around Wesley Chapel, Florida.

11.     Defendant Capital One Services, N.A. ("Capital One") is a foreign for-profit limited liability company formed in the State of Delaware, with its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, and principal address at 1680 Capital One Drive, McLean, VA 22102.

12.     Defendant Citibank, N.A. ("Citi") is a foreign for-profit corporation organized in the State of Delaware, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 388 Greenwich Street, New York, NY 10013.

13.     Defendant Discover Financial Services ("Discover") is a foreign for-profit LLC organized in the State of Delaware, with its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, and principal address at 2500 Lake Cook Road, Riverwoods, IL 60015.

14.     Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a foreign for-profit corporation formed in the State of Delaware, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL

33324, and principal address at 1 Corporate Drive Suite 360, Lake Zurich, IL 60047.

15.     Defendant JPMorgan Chase Bank, N.A. ("Chase") is a foreign for-profit corporation incorporated in the State of Ohio, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 1111 Polaris Parkway, Columbus, OH 43240.

16.     Defendant Santander Consumer USA, Inc. ("Santander") is a foreign for-profit corporation organized in the State of Illinois, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 1601 Elm Street, Suite 800, Dallas, TX 75201.

17.     Defendant Equifax Information Services, LLC ("Equifax") is a foreign for-profit LLC formed in the State of Georgia, with its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, and principal address at 1550 Peachtree Street NW, Atlanta, GA 30309.

18.     Defendant Experian Information Solutions, Inc. ("Experian") is a foreign for-profit corporation formed in the State of Ohio, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL

33324, and principal address at 475 Anton Boulevard, Costa Mesa, CA 92626.

19. Defendant Trans Union LLC ("TransUnion") is a foreign for-profit LLC formed in the State of Delaware, with its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, and principal address at 555 West Adams Street, Chicago, IL 60661.

20. Each Defendant is a "person" as defined by 15 U.S.C. §1681a(b) and regularly engages in the business of furnishing and/or evaluating consumer credit information.

21. Each Defendant acted through its agents, employees, officers, directors, successors, and assigns, all of whom were acting within the scope of their authority and employment.

## GENERAL ALLEGATIONS

22. Plaintiff incorporates by reference the allegations above solely for background and factual context.

23. Defendants are each engaged in the business of assembling, evaluating, and furnishing consumer credit information for the purpose of providing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties.

6

24.     Defendants have a duty under the Fair Credit Reporting Act ("FCRA") to ensure the maximum possible accuracy of the information they report and maintain regarding consumers.

25.     Plaintiff alleges that Defendants have reported, and continue to report, inaccurate, misleading, and incomplete information concerning Plaintiff's accounts, credit history, and creditworthiness.

26.     Defendants' reporting has included incorrect account statuses, high credit limits, dates of last activity, payment histories, and other derogatory information that does not comply with the accuracy and completeness standards of the FCRA.

27.     When a data furnisher elects to report an account, the FCRA requires that the account be reported completely and accurately. A furnisher cannot selectively report portions of an account in a manner that is misleading, incomplete, or inaccurate.

28.     The consumer reporting agencies (Equifax, Experian, and TransUnion) are not passive entities that must report whatever information furnishers provide; rather, they have an independent duty under 15 U.S.C. §1681e(b) and §1681i to ensure maximum accuracy and to reinvestigate disputed information.

29.     Plaintiff alleges that Defendants are well aware of the requirements of the FCRA and the credit reporting industry standards yet chose not to comply with them. The "furnisher" Defendants have a duty under 15 U.S.C. §1681s-2, When a furnisher receives notice of a consumer dispute, it must investigate, review all relevant information, and report the results back. If the disputed information is inaccurate, incomplete, or unverifiable, the furnisher must correct it, delete it, or block it from further reporting, and notify all appropriate credit bureaus.

30.     Plaintiff further alleges that Defendants' conduct was willful, intentional, and in reckless disregard of Plaintiff's rights, designed to maximize their own convenience and profits while undermining Plaintiff's credit standing.

31.     As a result of Defendants' inaccurate reporting and failure to conduct proper investigations, Plaintiff has suffered significant damages, including denial of credit, higher costs of credit, damage to reputation, emotional distress, and financial harm.

## FACTUAL ALLEGATIONS

32.     Plaintiff incorporates by reference the allegations above solely for background and factual context.

## A. Plaintiff's Disputes and the USPS Certified Mail Process

33.    Plaintiff, acting pro se, initiated multiple written disputes with Defendants beginning in June 2025, sent via USPS Certified Mail with tracking numbers confirming delivery.

34.    Plaintiff attached supporting documentation with each dispute letter, including copies of consumer reports, explanations of inaccuracies, and relevant statutory references.

35.    Defendants received and/or had the opportunity to receive these dispute letters yet failed to conduct reasonable reinvestigations as required by the Fair Credit Reporting Act, 15 U.S.C. §1681i and §1681s-2(b).

36.    Plaintiff's disputes were timely, specific, and clearly identified inaccurate tradelines.

## B. Adverse Action

37.    On or about August 6, 2025, Plaintiff was denied a vehicle loan in the amount of $65,650, due to Plaintiff's inaccurately reported credit report.

38.    This denial directly resulted from inaccurate and incomplete reporting maintained and furnished by Defendants.

9

39.    The inaccurate reporting has impaired Plaintiff's creditworthiness, caused denial of financial opportunities, and inflicted significant emotional distress.

## C. Inaccuracy – Capital One Services, N.A.

40.    On June 6, 2025, Plaintiff sent a formal written dispute to Capital One Services, N.A. regarding inaccurate reporting on Account No. *517805852992\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 04, and Capital One received and signed for delivery on June 16, 2025, in Salt Lake City, Utah.

41.    In this first dispute, Plaintiff challenged inaccurate data points being reported to Equifax, Experian, and TransUnion, including: Date Opened, High Credit, Credit Limit, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff provided a June 5, 2025, credit report detailing the inaccuracies. Plaintiff specifically requested supporting documentation such as payment history, original account agreements, and transaction records.

42.    On June 26, 2025, Capital One issued a perfunctory response letter that merely restated the currently reported data without producing any documentary evidence. No verification of the high credit amount, credit limit,

or account opening date was provided, and no underlying documentation was supplied.

43.     On July 13, 2025, Plaintiff submitted a second dispute letter, again via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4108 10), reiterating the inaccuracies. USPS records confirm delivery on July 17, 2025, in Salt Lake City, Utah.

44.     Plaintiff's July 13 letter highlighted that Capital One's June 26 response failed to meet its statutory obligations under 15 U.S.C. §1681s-2(b) and emphasized that the disputed information remained unchanged on Plaintiff's credit report pulled on July 13, 2025.

45.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue to Capital One via USPS Certified Mail No. 9214 8901 4298 0424 7877 55, received on August 19, 2025, in Salt Lake City, Utah. This Notice of Intent cited ongoing FCRA violations, the adverse action denial of a $65,650 auto loan on August 6, 2025, and the filing of formal complaints with the Better Business Bureau (BBB, Case No. 23629816) and the Consumer Financial Protection Bureau (CFPB, Case No. 250812-23099174).

46.     Despite receipt of three separate certified disputes and notices, Capital One has failed to conduct a reasonable reinvestigation, verify the disputed tradeline, or provide documentary evidence as required by law. Instead, Capital One has willfully and/or negligently continued reporting inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

## D. Inaccuracy – Citi Bank, NA

47.     On June 6, 2025, Plaintiff sent a formal written dispute to Citibank, N.A. regarding inaccurate reporting on multiple accounts, including Account Nos. *410039056330\*\*\** and *542418138506\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 35, and Citi received delivery and signature on June 13, 2025, in Sioux Falls, South Dakota.

48.     Plaintiff included a June 5, 2025, credit report which detailed and disputed inaccuracies including Monthly Payment, Date Opened, Balance, High Credit, Credit Limit, Last Reported, Date Last Active, and Date of Last Payment, and requested supporting documentation such as payment histories, original account agreements, and transaction records.

12

49.     On July 2, 2025, Citi responded, but its letter falsely claimed the disputes lacked clarity. Plaintiff's June 6 letter, however, had specifically identified the erroneous tradeline fields and included copies of Plaintiff's identification and credit report.

50.     On July 13, 2025, Plaintiff submitted a second dispute letter and an updated July 13, 2025, credit report which still contained the same inaccuracies from the first dispute, via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4108 03). USPS records confirm delivery on July 18, 2025, in Sioux Falls, South Dakota. This letter reiterated the disputed inaccuracies and highlighted Citi's failure to comply with 15 U.S.C. §1681s-2(b) and §1681i.

51.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7878 85, which was received on August 18, 2025, in Sioux Falls, South Dakota. In this Notice, Plaintiff emphasized Citi's ongoing FCRA violations, the denial of a $65,650 auto loan on August 6, 2025, and the resulting adverse action.

52.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23629854) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22315834), documenting Citi's failure to reasonably investigate and correct disputed inaccuracies.

13

53.    Despite multiple certified disputes, a Notice of Intent to Sue, and the filing of formal complaints with oversight agencies, Citi has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion, causing direct harm to Plaintiff's creditworthiness.

## E. Inaccuracy – Discover Financial Services

54.    On June 6, 2025, Plaintiff sent a formal written dispute to Discover Financial Services regarding inaccurate reporting on Account No. *601101209760\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 66, and Discover received and signed for delivery on June 16, 2025, in Salt Lake City, Utah.

55.    Plaintiff disputed the following data fields as inaccurate, outdated, or unverifiable: Monthly Payment, Date Opened, Balance, High Credit, Past Due, Payment Status, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff specifically requested documentation including payment histories, original account agreements, and transaction records.

56.    On July 12, 2025, Discover issued a response that failed to provide verification documents or adequate explanation, merely reiterating internal account data.

14

57.     On July 24, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0423 1804 08). USPS records confirm delivery on July 28, 2025, in Salt Lake City, Utah. This second dispute noted that the June 6 dispute remained unresolved and that Discover was continuing to report inaccurate tradeline information in violation of 15 U.S.C. §§ 1681i and 1681s-2(b).

58.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7887 83), which was received on August 18, 2025, in Salt Lake City, Utah. This Notice detailed Discover's repeated violations, referenced the denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation absent corrective action.

59.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23655783) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22615748) documenting Discover's failure to comply with its statutory obligations.

60.     Despite multiple certified disputes, USPS-confirmed deliveries, and the filing of formal complaints with oversight agencies, Discover has willfully and/or negligently continued to report inaccurate, incomplete, and

15

unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

## F. Inaccuracy – Dovenmuehle Mortgage, Inc.

61.     On June 6, 2025, Plaintiff sent a formal written dispute to Dovenmuehle Mortgage, Inc. regarding inaccurate reporting on Mortgage Account No. *310002561\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 73, and delivery was confirmed on June 12, 2025, at 9:19 AM in Lake Zurich, Illinois.

62.     Plaintiff sent a June 5, 2025, credit report which detailed and disputed the following data fields as inaccurate, outdated, or unverifiable: Date Opened, Number of Months (Terms), Last Reported, Date Last Active, and Date of Last Payment. Plaintiff specifically requested documentation including payment histories, the original loan agreement, and transaction records verifying each disputed item.

63.     Dovenmuehle issued responses dated June 16, 2025, and June 30, 2025, neither of which addressed the disputes. Instead, the responses either acknowledged receipt or enclosed a loan modification offer, without supplying documentation or conducting a reinvestigation.

16

64.     On July 13, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4107 80), which was delivered on July 17, 2025, at 3:21 PM in Lake Zurich, Illinois. Plaintiff's second dispute reiterated Dovenmuehle's noncompliance and noted that as of Plaintiff's updated three-bureau credit report pulled on July 13, 2025, the inaccurate tradeline remained unchanged.

65.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7888 82) and was received by Dovenmuehle. This Notice cited Dovenmuehle's repeated violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i and 1681s-2(b), referenced the denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

66.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23650459) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22316566) regarding Dovenmuehle's ongoing failure to correct or verify the disputed tradeline.

67.     Despite two formal disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Dovenmuehle has willfully and/or negligently continued to report inaccurate, incomplete, and

unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

## G. Inaccuracy – JPMorgan Chase Bank, NA

68.     On June 6, 2025, Plaintiff sent a formal written dispute to JPMorgan Chase Bank, N.A. regarding inaccurate reporting on Account No. *426684160960\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8978 41, and delivery was confirmed on June 13, 2025, at 12:21 PM in Wilmington, Delaware.

69.     Plaintiff provided a June 5, 2025, three bureau credit report which detailed and disputed the following data fields as inaccurate, outdated, or unverifiable: Date Opened, High Credit, Credit Limit, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff specifically requested supporting documentation, including payment histories, the original account agreement, and transaction records verifying each disputed item.

70.     JPMorgan Chase issued a response June 23, 2025, but failed to address the disputes or provide investigation details.

71.     On July 15, 2025, Plaintiff sent a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0422 4107 11, which was delivered on July 16, 2025, at 1:42 PM in Wilmington, Delaware. Despite receipt,

18

JPMorgan Chase failed to provide documentary evidence or correct the erroneous tradeline information.

72.     As of Plaintiff's updated three-bureau credit report pulled on August 11, 2025, the disputed account remained inaccurately reported, with no corrections or supporting documentation provided.

73.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7890 87, which was delivered on August 18, 2025, at 11:37 AM in Wilmington, Delaware. This Notice detailed Chase's repeated violations, referenced the adverse action denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

74.     Plaintiff also lodged complaints with the Better Business Bureau (BBB, Case No. 23650482) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22319229) regarding JPMorgan Chase's ongoing failure to comply with its statutory obligations.

75.     Despite multiple disputes, USPS-confirmed deliveries, and oversight agency complaints, JPMorgan Chase has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's credit standing.

### H. Inaccuracy – Santander Consumer USA, Inc.

76.     On June 6, 2025, Plaintiff sent a formal written dispute to Santander Consumer USA Inc. regarding inaccurate reporting on Auto Loan Account No. *3000028156305\*\*\**. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8978 72.

77.     Santander Consumer USA issued a response dated June 26, 2025, advising my dispute letter was received then proceeded to ask for the dispute information already provided.

78.     In this first-round dispute, Plaintiff contested multiple inaccurate tradeline entries being reported to the CRAs, including: Date Opened, High Credit, Past Due, Last Reported, Date Last Active, and Date of Last Payment. Plaintiff requested supporting documentation including payment histories, original account agreements, and transaction records.

79.     On July 13, 2025, Plaintiff sent a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0422 4106 50, which was successfully delivered on July 22, 2025, at 6:23 AM in Fort Worth, Texas 76161. Santander again failed to provide the required documentation or correct the disputed tradeline.

80.     As of Plaintiff's updated credit report pulled on August 11, 2025, the disputed Santander tradeline remained uncorrected, showing significant

20

derogatory information across all three CRAs, despite Santander's receipt of two disputes.

81.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7891 62, which was delivered on August 19, 2025, at 6:27 AM in Fort Worth, Texas 76161. This Notice detailed Santander's continued noncompliance referenced the denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

82.    Plaintiff also filed complaints with the Better Business Bureau (BBB, Case No. 23752997) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22319492) regarding Santander's failure to comply with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i and 1681s-2(b).

83.    Despite receipt of two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and regulatory complaints, Santander has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion, directly harming Plaintiff's creditworthiness.

## I. Inaccuracy – Equifax Information Services, LLC

84.      On June 6, 2025, Plaintiff sent a formal written dispute to Equifax Information Services, LLC regarding inaccurate and unverifiable reporting across multiple tradelines and personal identifiers. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8976 05, and delivery was confirmed on June 15, 2025, at 1:07 PM in Atlanta, Georgia.

85.      Plaintiff's June 6 dispute challenged: (a) outdated and inaccurate personal information, including former addresses and aliases; (b) multiple tradelines furnished by Capital One, Citi, Discover, JPMorgan Chase, Santander, Dovenmuehle, Florida CRU, and GS Bank USA; and (c) several unauthorized inquiries dated September 2024 that lacked a permissible purpose under 15 U.S.C. § 1681b.

86.      On July 7, 2025, Equifax issued a response, which Plaintiff received on July 18, 2025, that failed to provide verification documents or perform a meaningful reinvestigation. The inaccurate tradelines and unauthorized inquiries remained unchanged.

87.      On July 24, 2025, Plaintiff submitted a second dispute letter via certified mail (USPS Certified Mail No. 9202 8901 4298 0423 1805 21), which was delivered on July 28, 2025, at 12:12 PM in Atlanta, Georgia. This dispute reiterated Equifax's noncompliance, demanded a lawful

22

reinvestigation, and enclosed an updated three-bureau credit report confirming the inaccuracies remained uncorrected.

88.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7889 36), which was delivered on August 18, 2025, at 9:48 AM in Atlanta, Georgia. This Notice cited Equifax's repeated violations of 15 U.S.C. §§ 1681i and 1681e(b), documented the adverse action denial of Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent litigation.

89.    Plaintiff also filed formal complaints with the Better Business Bureau (BBB, Case No. 23748475) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22616578) regarding Equifax's continued failure to correct or delete the disputed items.

90.    Despite two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Equifax has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information, thereby failing to follow reasonable procedures to assure maximum possible accuracy and directly harming Plaintiff's creditworthiness.

## J. Inaccuracy – Experian Information Solutions, Inc.

91.    On June 6, 2025, Plaintiff sent a formal written dispute to Experian Information Solutions, Inc. regarding inaccurate personal identifiers, unauthorized inquiries, and multiple tradelines including Capital One, Citi, Discover, JPMorgan Chase, Santander, FCCU, and Dovenmuehle. Plaintiff included a June 5, 2025, three bureau credit report detailing all disputed inaccuracies. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8975 51, and delivery was confirmed on June 23, 2025, at 1:43 PM in Allen, Texas.

92.    Plaintiff's June 6 dispute identified numerous inaccuracies: (a) Outdated and incorrect personal information, including former names and addresses. (b) Multiple tradelines containing errors in Date Opened, High Credit, Credit Limit, Balance, Past Due, Last Reported, Date Last Active, and Date of Last Payment. (c) At least six unauthorized inquiries dated September 21, 2024, lacking any permissible purpose under 15 U.S.C. § 1681b, including inquiries by Chevrolet of Wesley Chapel, NCCINC/Sun Toyota, Ally Financial, Santander, Suncoast Credit Union, and USF Federal Credit Union.

93.    For lack of response, on July 24, 2025, Plaintiff mailed a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0423 1804 22,

24

which was delivered on July 27, 2025, at 2:03 PM in Allen, Texas. In this second dispute, Plaintiff emphasized that Experian had failed to acknowledge or respond to the June 6 dispute, noted the absence of any reinvestigation, and included updated credit reports confirming that inaccuracies persisted.

94.     As of Plaintiff's updated credit report pulled on July 24, 2025, Experian continued reporting the same inaccurate tradelines and personal identifiers without change or verification, in violation of 15 U.S.C. §§ 1681i(a) and 1681e(b).

95.     On August 15, 2025, Plaintiff mailed a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7889 74, which was delivered on August 19, 2025, at 1:23 PM in Allen, Texas. This Notice cited Experian's repeated statutory violations, referenced the August 6, 2025, denial of Plaintiff's $65,650 auto loan, and warned of imminent litigation absent corrective action.

96.     Plaintiff also filed complaints with the Better Business Bureau (BBB, Case No. 23748443) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22616248), documenting Experian's continued noncompliance and failure to reasonably reinvestigate or correct disputed inaccuracies.

97.     Despite receipt of two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Experian has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information, directly harming Plaintiff's creditworthiness.

## K. Inaccuracy – TransUnion

98.     On June 6, 2025, Plaintiff sent a formal written dispute to TransUnion LLC regarding inaccurate personal identifiers, unauthorized inquiries, and multiple tradelines. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8976 74, and delivery was confirmed on June 13, 2025, at 3:06 PM in Chester, Pennsylvania.

99.     Plaintiff's June 6 dispute challenged: (a) Outdated and inaccurate personal identifiers including former names and addresses. (b) Multiple tradelines furnished by Capital One, Citi, Discover, JPMorgan Chase, Santander, Dovenmuehle, Florida CRU, and GS Bank USA, with errors in Date Opened, High Credit, Credit Limit, Balance, Last Reported, Date Last Active, and Date of Last Payment. (C) Unauthorized inquiries dated September 21, 2024, by JPMCB Auto, VyStar, Sun Toyota, and Chevrolet of Wesley Chapel, none of which were authorized or supported by a permissible purpose under 15 U.S.C. § 1681b.

26

100.    On July 14, 2025, Plaintiff mailed a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0422 4106 29, which was delivered on July 16, 2025, at 1:28 PM in Chester, Pennsylvania. This second dispute reiterated that Plaintiff had received no response to the June 6 letter, noted that inaccuracies remained on Plaintiff's updated July 13 three-bureau credit report, and demanded a lawful reinvestigation under 15 U.S.C. § 1681i.

101.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7894 52, which was delivered on August 28, 2025, at 4:04 PM in Chester, Pennsylvania. This Notice detailed TransUnion's repeated statutory violations, referenced the August 6, 2025, denial of Plaintiff's $65,650 auto loan, and warned of imminent litigation.

102.    Plaintiff also filed complaints with the Better Business Bureau (BBB, Case No. 23752985) and the Consumer Financial Protection Bureau (CFPB, Case No. 250714-22319928), documenting TransUnion's failure to reasonably investigate and correct the disputed inaccuracies.

103.    Despite two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, TransUnion has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information, thereby failing to follow reasonable procedures to

assure maximum possible accuracy and directly harming Plaintiff's creditworthiness.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) AGAINST CAPITAL ONE SERVICES, N.A.

104. Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Capital One Services, N.A.**

105. Capital One Services, N.A. ("Capital One") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

106. After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), Capital One was required under 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

28

d. Modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable.

107. Capital One failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate and unverifiable information.

108. Capital One continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

109. As a direct and proximate result of Capital One's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT II
### NEGLIGENT NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o - AGAINST CAPITAL ONE SERVICES, N.A.

110. Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Capital One Services, N.A.**

111. Capital One negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

112.    Capital One failed to exercise reasonable care in conducting investigations of Plaintiff's disputes and in ensuring the accuracy and completeness of the information it furnished.

113.    As a direct and proximate result of Capital One's negligent noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

114.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

### <u>COUNT III</u>
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST CAPITAL ONE SERVICES, N.A.

115.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Capital One Services, N.A.**

116.    Capital One's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

117.    Capital One acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

118.    As a direct and proximate result of Capital One's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) AGAINST DISCOVER FINANCIAL SERVICES

119.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Discover Financial Services**.

120.    Discover Financial Services ("Discover") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

121.    After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), Discover was required under 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

31

d. If, as a result of the investigation, the disputed information was found to be inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that information to consumer reporting agencies.

122.    Discover failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate or unverifiable information.

123.    Discover continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

124.    As a direct and proximate result of Discover's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT V
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681o - AGAINST DISCOVER FINANCIAL SERVICES

125.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Discover Financial Services**.

126.    Discover negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

127.    Discover failed to exercise reasonable care in conducting investigations of Plaintiff's disputes and in ensuring the accuracy and completeness of the information it furnished.

128.    As a direct and proximate result of Discover's negligent noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

129.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

## COUNT VI
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST DISCOVER FINANCIAL SERVICES

130.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Discover Financial Services**.

131.    Discover's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

33

132.    Discover acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

133.    As a direct and proximate result of Discover's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VII
### VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) AGAINST CITIBANK, N.A.

134.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Citibank, N.A.**

135.    Citibank, N.A. ("Citibank") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

136.    After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), Citibank was required under 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

34

c. Report the results of the investigation to the consumer reporting agencies; and

d. If, as a result of the investigation, the disputed information was found to be inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that information to consumer reporting agencies.

137. Citibank failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate or unverifiable information.

138. Citibank continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

139. As a direct and proximate result of Citibank's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT VIII
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681o - AGAINST CITIBANK, N.A.

35

140.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Citibank, N.A.**

141.    Citibank negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

142.    Citibank failed to exercise reasonable care in conducting investigations of Plaintiff's disputes and in ensuring the accuracy and completeness of the information it furnished.

143.    As a direct and proximate result of Citibank's negligent noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

144.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

## COUNT IX
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST CITIBANK, N.A.

145.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Citibank, N.A.**

146.    Citibank's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

147.    Citibank acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

148.    As a direct and proximate result of Citibank's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT X
### VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) AGAINST DOVENMUEHLE MORTGAGE, INC.

149.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Dovenmuehle Mortgage, Inc.**

150.    Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

151.    After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), Dovenmuehle was required under 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. If, as a result of the reinvestigation, the disputed information was found to be inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that information to consumer reporting agencies.

152. Dovenmuehle failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate or unverifiable information.

153. Dovenmuehle continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

154. As a direct and proximate result of Dovenmuehle's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT XI
### NEGLIGENT NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o - AGAINST DOVENMUEHLE MORTGAGE, INC.

155.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Dovenmuehle Mortgage, Inc.**

156.    Dovenmuehle negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

157.    Dovenmuehle failed to exercise reasonable care in conducting investigations of Plaintiff's disputes and in ensuring the accuracy and completeness of the information it furnished.

158.    As a direct and proximate result of Dovenmuehle's negligent noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

159.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

## COUNT XII
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST DOVENMUEHLE MORTGAGE, INC.

160.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Dovenmuehle Mortgage, Inc.**

161.    Dovenmuehle's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

162.    Dovenmuehle acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

163.    As a direct and proximate result of Dovenmuehle's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

**COUNT XIII**
**VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)**
**AGAINST JPMORGAN CHASE BANK, N.A.**

164.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant JPMorgan Chase Bank, N.A.**

165.    JPMorgan Chase Bank, N.A. ("Chase") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

166.    After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), Chase was required under 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. If, as a result of the investigation, the disputed information was found to be inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that information to consumer reporting agencies.

167.    Chase failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate or unverifiable information.

168. Chase continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

169. As a direct and proximate result of Chase's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT XIV
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681o - AGAINST JPMORGAN CHASE BANK, N.A.

170. Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant JPMorgan Chase Bank, N.A.**

171. Chase negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

172. Chase failed to exercise reasonable care in conducting investigations of Plaintiff's disputes and in ensuring the accuracy and completeness of the information it furnished.

173. As a direct and proximate result of Chase's negligent noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

174.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

## COUNT XV
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST JPMORGAN CHASE BANK, N.A.

175.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant JPMorgan Chase Bank, N.A.**

176.    Chase's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

177.    Chase acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

178.    As a direct and proximate result of Chase's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT XVI
### VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)
### AGAINST SANTANDER CONSUMER USA INC.

179.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Santander Consumer USA Inc.**

180.    Santander Consumer USA Inc. ("Santander") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

181.    After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), Santander was required under 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation with respect to the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of the investigation to the consumer reporting agencies; and

d. If, as a result of the reinvestigation, the disputed information was found to be inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that information to consumer reporting agencies.

182.    Santander failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate or unverifiable information.

183.    Santander continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

184.    As a direct and proximate result of Santander's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT XVII
### NEGLIGENT NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o - AGAINST SANTANDER CONSUMER USA INC.

185.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Santander Consumer USA Inc.**

186.    Santander negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

187.    Santander failed to exercise reasonable care in conducting investigations of Plaintiff's disputes and in ensuring the accuracy and completeness of the information it furnished.

188.    As a direct and proximate result of Santander's negligent noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

189.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

### COUNT XVIII
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST SANTANDER CONSUMER USA INC.

190.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Santander Consumer USA Inc.**

191.    Santander's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

192.    Santander acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

46

193.    As a direct and proximate result of Santander's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

### COUNT XIX
### VIOLATION OF 15 U.S.C. § 1681e(b) (SUBSTANTIVE) AGAINST EQUIFAX INFORMATION SERVICES LLC

194.    Plaintiff incorporates by reference **only** the factual allegations set forth above **as they relate solely to Defendant Equifax Information Services LLC**.

195.    Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

196.    Equifax was required to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681e(b).

197.    Equifax prepared and disseminated consumer reports concerning Plaintiff that contained inaccurate, incomplete, and misleading information supplied by furnishers.

198.    Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit information.

199.    As a direct and proximate result of Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including loss of credit opportunities, reputational harm, and emotional distress.

## COUNT XX
### NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681o - AGAINST EQUIFAX INFORMATION SERVICES LLC

200.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Equifax Information Services LLC.

201.    Equifax negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

202.    As a direct and proximate result of Equifax's negligent noncompliance, Plaintiff suffered actual damages under 15 U.S.C. § 1681o(a)(1).

203.    Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

## COUNT XXI
### WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681n - AGAINST EQUIFAX INFORMATION SERVICES LLC

204.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Equifax Information Services LLC.

205. Equifax's violations of 15 U.S.C. § 1681e(b) were willful and in reckless disregard of Plaintiff's rights.

206. Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.

## COUNT XXII
### VIOLATION OF 15 U.S.C. § 1681i (SUBSTANTIVE) AGAINST EQUIFAX INFORMATION SERVICES LLC

207. Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Equifax Information Services LLC.

208. Plaintiff disputed inaccurate information appearing on her Equifax consumer report.

209. Equifax failed to conduct a reasonable reinvestigation of Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

210. Equifax failed to delete or correct inaccurate or unverifiable information within the statutory timeframe.

211. Plaintiff suffered damages as a result.

## COUNT XXIII
### NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681i 15 U.S.C. § 1681o - AGAINST EQUIFAX INFORMATION SERVICES LLC

212. Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Equifax Information Services LLC.

49

213.     Equifax negligently failed to comply with its duties under 15 U.S.C. § 1681i.

214.     Plaintiff suffered actual damages as a result.

215.     Plaintiff is entitled to recover costs and attorney's fees under 15 U.S.C. § 1681o(a)(2).

## COUNT XXIV
## WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681i
## 15 U.S.C. § 1681n - AGAINST EQUIFAX INFORMATION SERVICES LLC

216.     Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Equifax Information Services LLC.

217.     Equifax willfully failed to comply with 15 U.S.C. § 1681i.

218.     Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n.

## COUNT XXV
## VIOLATION OF 15 U.S.C. § 1681e(b) (SUBSTANTIVE)
## AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

219.     Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Experian Information Solutions, Inc.

220.     Experian is a consumer reporting agency under 15 U.S.C. § 1681a(f).

221.     Experian failed to follow reasonable procedures to assure maximum possible accuracy.

222.    Experian published inaccurate consumer reports concerning Plaintiff.

223.    Plaintiff suffered damages.

## COUNT XXVI
### NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681o - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

224.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Experian Information Solutions, Inc.

225.    Experian negligently failed to comply with §1681e(b).

226.    Plaintiff suffered actual damages.

## COUNT XXVII
### WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681n - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

227.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Experian Information Solutions, Inc.

228.    Experian's conduct was willful and reckless.

229.    Plaintiff is entitled to statutory and punitive damages.

## COUNT XXVIII
### VIOLATION OF 15 U.S.C. § 1681i (SUBSTANTIVE)
### AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

230.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Experian Information Solutions, Inc.

51

231. Experian failed to conduct a reasonable reinvestigation.

232. Plaintiff suffered damages.

## COUNT XXIX
### NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681i
### 15 U.S.C. § 1681o - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

233. Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Experian Information Solutions, Inc.

234. Experian negligently violated §1681i.

235. Plaintiff suffered damages.

## COUNT XXX
### WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681i
### 15 U.S.C. § 1681n - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

236. Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant Experian Information Solutions, Inc.

237. Experian willfully violated §1681i.

238. Plaintiff is entitled to statutory and punitive damages.

## COUNT XXXI
### VIOLATION OF 15 U.S.C. § 1681e(b) (SUBSTANTIVE)
### AGAINST TRANSUNION LLC

239. Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant TransUnion LLC.

52

240.    TransUnion is a consumer reporting agency under 15 U.S.C. § 1681a(f).

241.    TransUnion failed to follow reasonable procedures to assure maximum possible accuracy.

242.    Plaintiff suffered damages.

## COUNT XXXII
## NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
## 15 U.S.C. § 1681o - AGAINST TRANSUNION LLC

243.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant TransUnion LLC.

244.    TransUnion negligently failed to comply with §1681e(b).

245.    Plaintiff suffered damages.

## COUNT XXXIII
## WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
## 15 U.S.C. § 1681n - AGAINST TRANSUNION LLC

246.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant TransUnion LLC.

247.    TransUnion willfully violated §1681e(b).

248.    Plaintiff is entitled to statutory and punitive damages.

## COUNT XXXIV
## VIOLATION OF 15 U.S.C. § 1681i (SUBSTANTIVE)
## AGAINST TRANSUNION LLC

53

249.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant TransUnion LLC.

250.    TransUnion failed to conduct a reasonable reinvestigation.

251.    Plaintiff suffered damages.

## COUNT XXXV
## NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681i
## 15 U.S.C. § 1681o - AGAINST TRANSUNION LLC

252.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant TransUnion LLC.

253.    TransUnion negligently violated §1681i.

254.    Plaintiff suffered damages.

## COUNT XXXVI
## WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681i
## 15 U.S.C. § 1681n - AGAINST TRANSUNION LLC

255.    Plaintiff incorporates by reference **only** the factual allegations as they relate solely to Defendant TransUnion LLC.

256.    TransUnion willfully violated §1681i.

257.    Plaintiff is entitled to statutory and punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOGOS I. FARROW respectfully requests that this Court enter judgment in his favor, against the Defendants, and award the following relief: ACTUAL DAMAGES; STATUTORY DAMAGES; PUNITIVE DAMAGES for willful / negligent noncompliance; COSTS AND ATTORNEY'S FEES; EQUITABLE RELIEF requiring Defendants to delete inaccurate or unverifiable information and to comply with the Fair Credit Reporting Act; and SUCH OTHER AND FURTHER RELIEF as the Court deems just and proper.

Dated: December 22, 2025.                  Respectfully submitted,


                                           /s/ Logos I. Farrow
                                           Logos I. Farrow, Plaintiff, Pro Se
                                           7542 Avocet Drive
                                           Wesley Chapel, FL 33544
                                           SonnyF78@yahoo.com


# VERIFICATION

I, Logos I. Farrow, am the Plaintiff in the foregoing First Amended Verified Complaint for Damages and Jury Demand. I have read the foregoing Amended Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of December 2025.          /s/ Logos I. Farrow

55