## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT of FLORIDA
## TAMPA DIVISION

LOGOS I. FARROW,

       Plaintiff,

   v.

CAPITAL ONE SERVICES, N.A.;
CITIBANK, N.A.;
DOVENMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; EXPERIAN INFORMATION
SOLUTIONS,

       Defendants.

Case No. **8:25-cv-02417-KKM-SPF**

---

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Logos I. Farrow ("Plaintiff"), appearing pro se, brings this second

amended action against Defendants, CAPITAL ONE SERVICES, N.A.;

CITIBANK, N.A.; DOVENMUEHLE MORTGAGE, INC.; JPMORGAN CHASE

BANK, N.A.; and EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter

1

collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## PRELIMINARY STATEMENT

1.      Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2.      The FCRA places obligations both on consumer reporting agencies ("CRAs") such as Experian, and on furnishers of credit information such as Capital One, Citi, Dovenmuehle, and JPMorgan Chase.

3.      Plaintiff seeks relief for damages sustained as a result of Defendants' actions, including emotional distress, denial of credit, adverse financial consequences, and reputational harm.

4.      Defendants committed the acts and violations described herein knowingly, willfully, and intentionally, and failed to maintain procedures reasonably adapted to avoid such violations.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337 because Plaintiff's claims arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

2

6.      Jurisdiction is also proper under 15 U.S.C. §1681p, which provides

that an action to enforce any liability created under the FCRA may be

brought in any appropriate United States District Court, without regard to

the amount in controversy.

7.      This Court has personal jurisdiction over Defendants because each

Defendant regularly conducts business in the State of Florida, including

within the Middle District of Florida, and each Defendant furnishes, reports,

or maintains consumer credit information relating to Florida residents.

8.      Venue is proper in this Court under 28 U.S.C. §1391(b) because

Plaintiff resides in the Middle District of Florida, a substantial part of the

events and omissions giving rise to these claims occurred in this District, and

Defendants transact business within this District.

9.      Plaintiff Logos I. Farrow is a natural person residing in Wesley

Chapel, Pasco County, Florida. Plaintiff is a "consumer" as defined by 15

U.S.C. §1681a(c).

10.     Plaintiff resided at 7542 Avocet Dr, Wesley Chapel, Florida at all

times relevant, and all actions related to Plaintiff stated herein took place in

or around Wesley Chapel, Florida.

3

11.     Defendant Capital One Services, N.A. ("Capital One") is a foreign for-profit limited liability company formed in the State of Delaware, with its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, and principal address at 1680 Capital One Drive, McLean, VA 22102.

12.     Defendant Citibank, N.A. ("Citi") is a foreign for-profit corporation organized in the State of Delaware, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 388 Greenwich Street, New York, NY 10013.

13.     Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a foreign for-profit corporation formed in the State of Delaware, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 1 Corporate Drive Suite 360, Lake Zurich, IL 60047.

14.     Defendant JPMorgan Chase Bank, N.A. ("Chase") is a foreign for-profit corporation incorporated in the State of Ohio, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 1111 Polaris Parkway, Columbus, OH 43240.

4

15.    Defendant Experian Information Solutions, Inc. ("Experian") is a foreign for-profit corporation formed in the State of Ohio, with its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, and principal address at 475 Anton Boulevard, Costa Mesa, CA 92626.

16.    Each Defendant is a "person" as defined by 15 U.S.C. §1681a(b) and regularly engages in the business of furnishing and/or evaluating consumer credit information.

17.    Each Defendant acted through its agents, employees, officers, directors, successors, and assigns, all of whom were acting within the scope of their authority and employment.

## GENERAL ALLEGATIONS

18.    Plaintiff incorporates by reference the allegations above solely for background and factual context.

19.    Defendants are each engaged in the business of assembling, evaluating, and furnishing consumer credit information for the purpose of providing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties.

5

20.     Defendants have a duty under the Fair Credit Reporting Act ("FCRA") to ensure the maximum possible accuracy of the information they report and maintain regarding consumers.

21.     Plaintiff alleges that Defendants have reported, and continue to report, inaccurate, misleading, and incomplete information concerning Plaintiff's accounts, credit history, and creditworthiness.

22.     Defendants' reporting has included incorrect account statuses, high credit limits, dates of last activity, payment histories, and other derogatory information that does not comply with the accuracy and completeness standards of the FCRA.

23.     When a data furnisher elects to report an account, the FCRA requires that the account be reported completely and accurately. A furnisher cannot selectively report portions of an account in a manner that is misleading, incomplete, or inaccurate.

24.     The consumer reporting agency (Experian) is not a passive entity that must report whatever information furnishers provide; rather, they have an independent duty under 15 U.S.C. §1681e(b) and §1681i to ensure maximum accuracy and to reinvestigate disputed information.

25.     Plaintiff alleges that Defendants are well aware of the requirements of

the FCRA and the credit reporting industry standards yet chose not to

comply with them. The "furnisher" Defendants have a duty under 15 U.S.C.

§1681s-2, When a furnisher receives notice of a consumer dispute, it must

investigate, review all relevant information, and report the results back. If

the disputed information is inaccurate, incomplete, or unverifiable, the

furnisher must correct it, delete it, or block it from further reporting, and

notify all appropriate credit bureaus.

26.     Plaintiff further alleges that Defendants' conduct was willful,

intentional, and in reckless disregard of Plaintiff's rights, designed to

maximize their own convenience and profits while undermining Plaintiff's

credit standing.

27.     As a result of Defendants' inaccurate reporting and failure to conduct

proper investigations, Plaintiff has suffered significant damages, including

denial of credit, higher costs of credit, damage to reputation, emotional

distress, and financial harm.

## FACTUAL ALLEGATIONS

28.     Plaintiff incorporates by reference the allegations above solely for

background and factual context.

### A. *Plaintiff's Disputes and the USPS Certified Mail Process*

29.    Plaintiff, acting pro se, initiated multiple written disputes with Defendants beginning in June 2025, sent via USPS Certified Mail with tracking numbers confirming delivery.

30.    Plaintiff attached supporting documentation with each dispute letter, including copies of consumer reports, explanations of inaccuracies, and relevant statutory references.

31.    Defendants received and/or had the opportunity to receive these dispute letters yet failed to conduct reasonable reinvestigations as required by the Fair Credit Reporting Act, 15 U.S.C. §1681i and §1681s-2(b).

32.    Plaintiff's disputes were timely, specific, and clearly identified inaccurate tradelines.

### B. *Adverse Action*

33.    On or about August 6, 2025, Plaintiff was denied a vehicle loan in the amount of $65,650, due to Plaintiff's inaccurately reported credit report.

34.    This denial directly resulted from inaccurate and incomplete reporting maintained and furnished by Defendants.

8

35.    The inaccurate reporting has impaired Plaintiff's creditworthiness, caused denial of financial opportunities, and inflicted significant emotional distress.

### C. Inaccuracy – Capital One Services, N.A.

36.    On June 6, 2025, Plaintiff sent a formal written dispute to Capital One Services, N.A. regarding inaccurate reporting on Account No. *517805852992*\*\*\*. The dispute was mailed via USPS Certified Mail No. 9214 8901 4298 0419 8977 04, and Capital One received and signed for delivery on June 16, 2025, in Salt Lake City, Utah.

37.    In the first dispute, Plaintiff challenged inaccurate and inconsistent tradeline data reported by Equifax, Experian, and TransUnion. Specifically, the consumer reporting agencies reported different values for the same account, including the Date Opened, High Credit, Credit Limit, Date Last Reported, Date Last Active, and Date of Last Payment. Plaintiff submitted a June 5, 2025 credit report demonstrating these discrepancies and requested supporting documentation, including payment history, the original account agreement, and transaction records, to verify the accuracy of the reported information.

38.        On June 26, 2025, Capital One issued a perfunctory response letter that merely restated the currently reported data without producing any documentary evidence. No verification of the high credit amount, credit limit, or account opening date was provided, and no underlying documentation was supplied.

39.        On July 13, 2025, Plaintiff submitted a second dispute letter, again via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4108 10), reiterating the inaccuracies. USPS records confirm delivery on July 17, 2025, in Salt Lake City, Utah.

40.        Plaintiff's July 13 second dispute letter highlighted that Capital One's June 26 response failed to meet its statutory obligations under 15 U.S.C. §1681s-2(b) and emphasized that the previous disputed information remained unchanged on Plaintiff's credit report pulled on July 13, 2025.

41.        On August 15, 2025, Plaintiff sent a Notice of Intent to Sue to Capital One via USPS Certified Mail No. 9214 8901 4298 0424 7877 55, received on August 19, 2025, in Salt Lake City, Utah. This Notice of Intent cited ongoing FCRA violations, the adverse action denial of a $65,650 auto loan on August 6, 2025, and the filing of formal complaints with the Better Business

Bureau (BBB, Case No. 23629816) and the Consumer Financial Protection

Bureau (CFPB, Case No. 250812-23099174).

42.     Despite receipt of three separate certified disputes and notices,

Capital One has failed to conduct a reasonable reinvestigation, verify the

disputed tradeline, or provide documentary evidence as required by law.

Instead, Capital One has willfully and/or negligently continued reporting

inaccurate, incomplete, and unverifiable information to Equifax, Experian, and

TransUnion, directly harming Plaintiff's credit standing.

### D. Inaccuracy – Citi Bank, NA

43.     On June 6, 2025, Plaintiff sent a formal written dispute to Citibank,

N.A. regarding inaccurate reporting on multiple accounts, including Account

Nos. *410039056330*** and *542418138506***. The dispute was mailed

via USPS Certified Mail No. 9214 8901 4298 0419 8977 35, and Citi

received delivery and signature on June 13, 2025, in Sioux Falls, South

Dakota.

44.     Plaintiff included a June 5, 2025 credit report identifying inaccurate

and inconsistent tradeline information, including the Monthly Payment, Date

Opened, Balance, High Credit, Credit Limit, Date Last Reported, Date Last

11

Active, and Date of Last Payment. The credit report demonstrated that these data points were reported differently across the consumer reporting agencies (Experian, Equifax and Trans Union). Plaintiff requested supporting documentation, including payment histories, the original account agreement, and transaction records, to verify the accuracy of the reported information.

45.     On July 2, 2025, Citi responded, but its letter falsely claimed the disputes lacked clarity. Plaintiff's June 6 letter, however, had specifically identified the erroneous tradeline fields and included copies of Plaintiff's identification and credit report.

46.     On July 13, 2025, Plaintiff submitted a second dispute letter and an updated July 13, 2025, credit report which still contained the same inaccuracies from the first dispute, via certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4108 03). USPS records confirm delivery on July 18, 2025, in Sioux Falls, South Dakota. This letter reiterated the disputed inaccuracies and highlighted Citi's failure to comply with 15 U.S.C. §1681s-2(b) and §1681i.

47.     On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7878 85, which was received on August 18, 2025, in Sioux Falls, South Dakota. In this Notice, Plaintiff

emphasized Citi's ongoing FCRA violations, the denial of a $65,650 auto loan
on August 6, 2025, and the resulting adverse action.

48.      Plaintiff also lodged complaints with the Better Business Bureau
(BBB, Case No. 23629854) and the Consumer Financial Protection Bureau
(CFPB, Case No. 250714-22315834), documenting Citi's failure to reasonably
investigate and correct disputed inaccuracies.

49.      Despite multiple certified disputes, a Notice of Intent to Sue, and the
filing of formal complaints with oversight agencies, Citi has willfully and/or
negligently continued to report inaccurate, incomplete, and unverifiable
information to Equifax, Experian, and TransUnion, causing direct harm to
Plaintiff's creditworthiness.

### F. Inaccuracy – Dovenmuehle Mortgage, Inc.

50.      On June 6, 2025, Plaintiff sent a formal written dispute
to Dovenmuehle Mortgage, Inc. regarding inaccurate reporting on Mortgage
Account No. *310002561*\*\*\*. The dispute was mailed via USPS Certified
Mail No. 9214 8901 4298 0419 8977 73, and delivery was confirmed
on June 12, 2025, at 9:19 AM in Lake Zurich, Illinois.

51.    Plaintiff submitted a June 5, 2025 credit report identifying inaccurate
and inconsistent tradeline information, including the Date Opened, Number of
Months (Terms), Date Last Reported, Date Last Active, and Date of Last
Payment. The credit report demonstrated that these data points were reported
differently across Trans Union, Equifax, and Experian. Plaintiff requested
investigation, supporting documentation, including payment histories, the
original loan agreement, and transaction records, to verify the accuracy of the
reported information.

52.    Dovenmuehle issued responses dated June 16, 2025, and June 30,
2025, neither of which addressed the disputes. Instead, the responses either
acknowledged receipt or enclosed a loan modification offer, without supplying
documentation or conducting a reinvestigation.

53.    On July 13, 2025, Plaintiff submitted a second dispute letter via
certified mail (USPS Certified Mail No. 9202 8901 4298 0422 4107 80), which
was delivered on July 17, 2025, at 3:21 PM in Lake Zurich, Illinois. Plaintiff's
second dispute reiterated Dovenmuehle's noncompliance and noted that as of
Plaintiff's updated three-bureau credit report pulled on July 13, 2025, the
inaccurate tradeline remained unchanged.

54.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via
certified mail (USPS Certified Mail No. 9214 8901 4298 0424 7888 82) and
was received by Dovenmuehle. This Notice cited Dovenmuehle's repeated
violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i and 1681s-2(b),
referenced the denial of Plaintiff's $65,650 auto loan on August 6, 2025, and
warned of imminent litigation.

55.    Plaintiff also lodged complaints with the Better Business Bureau
(BBB, Case No. 23650459) and the Consumer Financial Protection Bureau
(CFPB, Case No. 250714-22316566) regarding Dovenmuehle's ongoing failure
to correct or verify the disputed tradeline.

56.    Despite two formal disputes, a Notice of Intent to Sue, USPS-
confirmed deliveries, and oversight agency complaints, Dovenmuehle has
willfully and/or negligently continued to report inaccurate, incomplete, and
unverifiable information to Equifax, Experian, and TransUnion, directly
harming Plaintiff's credit standing.

## G. Inaccuracy – JPMorgan Chase Bank, NA

57.    On June 6, 2025, Plaintiff sent a formal written dispute to JPMorgan
Chase Bank, N.A. regarding inaccurate reporting on Account

No. *426684160960*\*\*\*. The dispute was mailed via USPS Certified Mail

No. 9214 8901 4298 0419 8978 41, and delivery was confirmed on June 13,

2025, at 12:21 PM in Wilmington, Delaware.

58.        Plaintiff submitted a June 5, 2025 three-bureau credit report

identifying inaccurate and inconsistent tradeline information, including the Date

Opened, High Credit, Credit Limit, Date Last Reported, Date Last Active, and

Date of Last Payment. The credit report demonstrated that these data points

were reported differently across Trans Union, Equifax, and Experian. Plaintiff

requested investigation, supporting documentation, including payment histories,

the original account agreement, and transaction records, to verify the accuracy

of the reported information.

59.        JPMorgan Chase issued a response June 23, 2025, but failed to

address the disputes or provide investigation details.

60.        On July 15, 2025, Plaintiff sent a second dispute letter via USPS

Certified Mail No. 9202 8901 4298 0422 4107 11, which was delivered

on July 16, 2025, at 1:42 PM in Wilmington, Delaware. Despite receipt,

JPMorgan Chase failed to provide documentary evidence or correct the

erroneous tradeline information.

16

61.    As of Plaintiff's updated three-bureau credit report pulled on August

11, 2025, the disputed account remained inaccurately reported, with no

corrections, investigation, or supporting documentation provided.

62.    On August 15, 2025, Plaintiff sent a Notice of Intent to Sue via USPS

Certified Mail No. 9214 8901 4298 0424 7890 87, which was delivered

on August 18, 2025, at 11:37 AM in Wilmington, Delaware. This Notice

detailed Chase's repeated violations, referenced the adverse action denial of

Plaintiff's $65,650 auto loan on August 6, 2025, and warned of imminent

litigation.

63.    Plaintiff also lodged complaints with the Better Business Bureau

(BBB, Case No. 23650482) and the Consumer Financial Protection Bureau

(CFPB, Case No. 250714-22319229) regarding JPMorgan Chase's ongoing

failure to comply with its statutory obligations.

64.    Despite multiple disputes, USPS-confirmed deliveries, and oversight

agency complaints, JPMorgan Chase has willfully and/or negligently

continued to report inaccurate, incomplete, and unverifiable information to

Equifax, Experian, and TransUnion, directly harming Plaintiff's credit

standing.

### J. Inaccuracy – Experian Information Solutions, Inc.

65.    On June 6, 2025, Plaintiff sent a formal written dispute to Experian

Information Solutions, Inc. regarding inaccurate personal identifiers,

unauthorized inquiries, and multiple tradelines including Capital One, Citi,

Discover, JPMorgan Chase, Santander, FCCU, and Dovenmuehle. Plaintiff

included a June 5, 2025 three bureau credit report that demonstrated all

disputed inaccuracies and data points reported differently across Trans

Union, Equifax and Experian. Plaintiff further provided proof of

identification and residency. The dispute was mailed via USPS Certified

Mail No. 9214 8901 4298 0419 8975 51, and delivery was confirmed

on June 23, 2025, at 1:43 PM in Allen, Texas.

66.    Plaintiff's June 6 dispute letter with provided three bureau credit

report identified and displayed numerous inaccuracies: (a) Outdated and

incorrect personal information, including former names and addresses. (b)

Multiple tradelines containing errors in Date Opened, High Credit, Credit

Limit, Balance, Past Due, Last Reported, Date Last Active, and Date of Last

Payment. (c) At least six unauthorized inquiries dated September 21, 2024,

lacking any permissible purpose under 15 U.S.C. § 1681b, including

inquiries by Chevrolet of Wesley Chapel, NCCINC/Sun Toyota, Ally

Financial, Santander, Suncoast Credit Union, and USF Federal Credit Union.

Plaintiff further requested re-investigation, and its results pertaining to the above referenced inaccuracies.

67.     For lack of response, on July 24, 2025, Plaintiff mailed a second dispute letter via USPS Certified Mail No. 9202 8901 4298 0423 1804 22, which was delivered on July 27, 2025, at 2:03 PM in Allen, Texas. In this second dispute, Plaintiff emphasized that Experian had failed to acknowledge or respond to the June 6 dispute, noted the absence of any reinvestigation, and included updated credit reports confirming that inaccuracies persisted.

68.     As of Plaintiff's updated credit report pulled on July 24, 2025, Experian continued reporting the same inaccurate tradelines and personal identifiers without change or verification, in violation of 15 U.S.C. §§ 1681i(a) and 1681e(b).

69.     On August 15, 2025, Plaintiff mailed a Notice of Intent to Sue via USPS Certified Mail No. 9214 8901 4298 0424 7889 74, which was delivered on August 19, 2025, at 1:23 PM in Allen, Texas. This Notice cited Experian's repeated statutory violations, referenced the August 6, 2025, denial of Plaintiff's $65,650 auto loan, and warned of imminent litigation absent corrective action.

70.    Plaintiff also filed complaints with the Better Business Bureau (BBB, Case No. 23748443) and the Consumer Financial Protection Bureau (CFPB, Case No. 250724-22616248), documenting Experian's continued noncompliance and failure to reasonably reinvestigate or correct disputed inaccuracies.

71.    Despite receipt of two certified disputes, a Notice of Intent to Sue, USPS-confirmed deliveries, and oversight agency complaints, Experian has willfully and/or negligently continued to report inaccurate, incomplete, and unverifiable information, directly harming Plaintiff's creditworthiness.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) AGAINST CAPITAL ONE SERVICES, N.A.

72.    Plaintiff re-alleges and incorporates by reference paragraphs 36 through 42 of this Complaint.

73.    Capital One Services, N.A. ("Capital One") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

74.    Upon receiving notice of Plaintiff's dispute from a consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2), Defendant was required under

15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, and report accurate results of that investigation, including correcting, deleting, or appropriately modifying any information found to be inaccurate, incomplete, or unverifiable.

75.    Capital One failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate and unverifiable information.

76.    Capital One continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

77.    As a direct and proximate result of Capital One's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

**COUNT II**
**NEGLIGENT NONCOMPLIANCE WITH THE FCRA**
**15 U.S.C. § 1681o - AGAINST CAPITAL ONE SERVICES, N.A.**

78.     Plaintiff re-alleges and incorporates by reference paragraphs 36
through 42 of this Complaint.

79.     Capital One negligently failed to comply with its duties under the
FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

80.     Capital One failed to exercise reasonable care in conducting
investigations of Plaintiff's disputes and in ensuring the accuracy and
completeness of the information it furnished.

81.     As a direct and proximate result of Capital One's negligent
noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. §
1681o(a)(1).

82.     Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the
costs of this action and reasonable attorney's fees.


## COUNT III
## WILLFUL NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681n - AGAINST CAPITAL ONE SERVICES, N.A.

83.     Plaintiff re-alleges and incorporates by reference paragraphs 36
through 42 of this Complaint.

84.     Capital One's violations of the FCRA were willful, knowing, and in
reckless disregard of Plaintiff's rights under the Act.

85.    Capital One acted with conscious disregard for its statutory

obligations by continuing to report disputed information without conducting

a lawful and reasonable investigation.

86.    As a direct and proximate result of Capital One's willful

noncompliance, Plaintiff is entitled to statutory damages, punitive damages,

and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)
## AGAINST CITIBANK, N.A.

87.    Plaintiff re-alleges and incorporates by reference paragraphs 43

through 49 of this Complaint.

88.    Citibank, N.A. ("Citibank") is a furnisher of information as defined by

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

89.    Upon receiving notice of Plaintiff's dispute from a consumer reporting

agency pursuant to 15 U.S.C. § 1681i(a)(2), Defendant was required under

15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all

relevant information provided by the consumer reporting agency, and report

accurate results of that investigation, including correcting, deleting, or

appropriately modifying any information found to be inaccurate, incomplete,

or unverifiable.

23

90.     Citibank failed to conduct a reasonable investigation, failed to

meaningfully review the information provided by the consumer reporting

agencies, and failed to correct or delete inaccurate or unverifiable

information.

91.     Citibank continued to furnish inaccurate, incomplete, and misleading

information concerning Plaintiff to one or more consumer reporting agencies

after receiving notice of Plaintiff's disputes.

92.     As a direct and proximate result of Citibank's violations of 15 U.S.C.

§ 1681s-2(b), Plaintiff suffered actual damages, including but not limited to

loss of credit opportunities, damage to credit reputation, emotional distress,

and out-of-pocket expenses.

**COUNT V**
**NEGLIGENT NONCOMPLIANCE WITH THE FCRA**
**15 U.S.C. § 1681o - AGAINST CITIBANK, N.A.**

93.     Plaintiff re-alleges and incorporates by reference paragraphs 43

through 49 of this Complaint.

94.     Citibank negligently failed to comply with its duties under the FCRA,

including its obligations under 15 U.S.C. § 1681s-2(b).

95.     Citibank failed to exercise reasonable care in conducting

investigations of Plaintiff's disputes and in ensuring the accuracy and

completeness of the information it furnished.

96.     As a direct and proximate result of Citibank's negligent

noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. §

1681o(a)(1).

97.     Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the

costs of this action and reasonable attorney's fees.

## COUNT VI
## WILLFUL NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681n - AGAINST CITIBANK, N.A.

98.     Plaintiff re-alleges and incorporates by reference paragraphs 43

through 49 of this Complaint.

99.     Citibank's violations of the FCRA were willful, knowing, and in

reckless disregard of Plaintiff's rights under the Act.

100.    Citibank acted with conscious disregard for its statutory obligations

by continuing to report disputed information without conducting a lawful

and reasonable investigation.

101.    As a direct and proximate result of Citibank's willful noncompliance,

Plaintiff is entitled to statutory damages, punitive damages, and reasonable

attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)
## AGAINST DOVENMUEHLE MORTGAGE, INC.

102.    Plaintiff re-alleges and incorporates by reference paragraphs 50

through 56 of this Complaint.

103.    Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a furnisher of

information as defined by the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § 1681s-2.

104.    Upon receiving notice of Plaintiff's dispute from a consumer

reporting agency pursuant to 15 U.S.C. § 1681i(a)(2), Defendant was

required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation,

review all relevant information provided by the consumer reporting agency,

and report accurate results of that investigation, including correcting,

deleting, or appropriately modifying any information found to be inaccurate,

incomplete, or unverifiable.

105.    Dovenmuehle failed to conduct a reasonable investigation, failed to

meaningfully review the information provided by the consumer reporting

agencies, and failed to correct or delete inaccurate or unverifiable

information.

106.    Dovenmuehle continued to furnish inaccurate, incomplete, and

misleading information concerning Plaintiff to one or more consumer

reporting agencies after receiving notice of Plaintiff's disputes.

107.    As a direct and proximate result of Dovenmuehle's violations of 15

U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not

limited to loss of credit opportunities, damage to credit reputation, emotional

distress, and out-of-pocket expenses.


### COUNT VIII
### NEGLIGENT NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o - AGAINST DOVENMUEHLE MORTGAGE, INC.

108.    Plaintiff re-alleges and incorporates by reference paragraphs 50

through 56 of this Complaint.

109.    Dovenmuehle negligently failed to comply with its duties under the

FCRA, including its obligations under 15 U.S.C. § 1681s-2(b).

110.    Dovenmuehle failed to exercise reasonable care in conducting

investigations of Plaintiff's disputes and in ensuring the accuracy and

completeness of the information it furnished.

111.    As a direct and proximate result of Dovenmuehle's negligent

noncompliance, Plaintiff suffered actual damages as defined by 15 U.S.C. §

1681o(a)(1).

112.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the costs of this action and reasonable attorney's fees.

## COUNT IX
### WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n - AGAINST DOVENMUEHLE MORTGAGE, INC.

113.    Plaintiff re-alleges and incorporates by reference paragraphs 50 through 56 of this Complaint.

114.    Dovenmuehle's violations of the FCRA were willful, knowing, and in reckless disregard of Plaintiff's rights under the Act.

115.    Dovenmuehle acted with conscious disregard for its statutory obligations by continuing to report disputed information without conducting a lawful and reasonable investigation.

116.    As a direct and proximate result of Dovenmuehle's willful noncompliance, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT X
### VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)
### AGAINST JPMORGAN CHASE BANK, N.A.

117.    Plaintiff re-alleges and incorporates by reference paragraphs 57 through 64 of this Complaint.

118.    JPMorgan Chase Bank, N.A. ("Chase") is a furnisher of information as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

119.    Upon receiving notice of Plaintiff's dispute from a consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2), Defendant was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, and report accurate results of that investigation, including correcting, deleting, or appropriately modifying any information found to be inaccurate, incomplete, or unverifiable.

120.    Chase failed to conduct a reasonable investigation, failed to meaningfully review the information provided by the consumer reporting agencies, and failed to correct or delete inaccurate or unverifiable information.

121.    Chase continued to furnish inaccurate, incomplete, and misleading information concerning Plaintiff to one or more consumer reporting agencies after receiving notice of Plaintiff's disputes.

122.    As a direct and proximate result of Chase's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses.

## COUNT XI
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681o - AGAINST JPMORGAN CHASE BANK, N.A.

123.    Plaintiff re-alleges and incorporates by reference paragraphs 57

through 64 of this Complaint.

124.    Chase negligently failed to comply with its duties under the FCRA,

including its obligations under 15 U.S.C. § 1681s-2(b).

125.    Chase failed to exercise reasonable care in conducting investigations

of Plaintiff's disputes and in ensuring the accuracy and completeness of the

information it furnished.

126.    As a direct and proximate result of Chase's negligent noncompliance,

Plaintiff suffered actual damages as defined by 15 U.S.C. § 1681o(a)(1).

127.    Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff is entitled to recover the

costs of this action and reasonable attorney's fees.

## COUNT XII
## WILLFUL NONCOMPLIANCE WITH THE FCRA
## 15 U.S.C. § 1681n - AGAINST JPMORGAN CHASE BANK, N.A.

128.    Plaintiff re-alleges and incorporates by reference paragraphs 57

through 64 of this Complaint.

129.    Chase's violations of the FCRA were willful, knowing, and in

reckless disregard of Plaintiff's rights under the Act.

130.     Chase acted with conscious disregard for its statutory obligations by

continuing to report disputed information without conducting a lawful and

reasonable investigation.

131.     As a direct and proximate result of Chase's willful noncompliance,

Plaintiff is entitled to statutory damages, punitive damages, and reasonable

attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT XIII
### VIOLATION OF 15 U.S.C. § 1681e(b) (SUBSTANTIVE)
### AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

132.     Plaintiff re-alleges and incorporates by reference paragraphs 65

through 71 of this Complaint.

133.     Experian is a consumer reporting agency under 15 U.S.C. § 1681a(f).

134.     As alleged in paragraphs 65 through 71, Experian reported

inconsistent account balances, dates, and payment information across

Plaintiff's consumer reports despite possessing information demonstrating

that the reported data was inaccurate or unverifiable.

135.     Experian failed to follow reasonable procedures to assure maximum

possible accuracy.

136.     Experian published inaccurate consumer reports concerning Plaintiff.

137.     Plaintiff suffered damages.

31

## COUNT XIV
### NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681o - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

138.    Plaintiff re-alleges and incorporates by reference paragraphs 65

through 71 of this Complaint.

139.    As alleged in paragraphs 65 through 71, Experian failed to conduct a

reasonable reinvestigation after receiving Plaintiff's disputes and supporting

documentation identifying discrepancies in the reported account

information.

140.    Experian negligently failed to comply with §1681e(b).

141.    Plaintiff suffered actual damages.

## COUNT XV
### WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681n - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

142.    Plaintiff re-alleges and incorporates by reference paragraphs 65

through 71 of this Complaint.

143.    Experian's conduct, as alleged in paragraphs 65 through 71, was

willful and in reckless disregard of its statutory obligations, as Experian

continued reporting inconsistent and inaccurate account information despite

repeated notice of the discrepancies.

144.    Plaintiff is entitled to statutory and punitive damages.

32

## COUNT XVI
## VIOLATION OF 15 U.S.C. § 1681i (SUBSTANTIVE)
## AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

145.     Plaintiff re-alleges and incorporates by reference paragraphs 65

through 71 of this Complaint.

146.     As alleged in paragraphs 65 through 71, Experian failed to conduct a

reasonable reinvestigation after receiving Plaintiff's disputes and supporting

documentation identifying discrepancies in the reported account

information.

147.     Plaintiff suffered damages.


## COUNT XVII
## NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681i
## 15 U.S.C. § 1681o - AGAINST EXPERIAN INFORMATION SOLUTIONS,
## INC.

148.     Plaintiff re-alleges and incorporates by reference paragraphs 65

through 71 of this Complaint.

149.     Experian's negligent failure to maintain reasonable procedures and

conduct a reasonable reinvestigation, as described in paragraphs 65 through

71, caused Plaintiff to suffer actual damages, including credit denials and

financial harm.

150.     Experian negligently violated §1681i.

151.     Plaintiff suffered damages.

33

## COUNT XVIII
## WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681i
## 15 U.S.C. § 1681n - AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

152.    Plaintiff re-alleges and incorporates by reference paragraphs 65 through 71 of this Complaint.

153.    Experian's conduct, as alleged in paragraphs 65 through 71, was willful and in reckless disregard of its statutory obligations, as Experian continued reporting inconsistent and inaccurate account information despite repeated notice and evidence of the discrepancies.

154.    Plaintiff is entitled to statutory and punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOGOS I. FARROW respectfully requests that this Court enter judgment in his favor, against the Defendants, and award the following relief: ACTUAL DAMAGES; STATUTORY DAMAGES; PUNITIVE DAMAGES for willful / negligent noncompliance; COSTS AND ATTORNEY'S FEES; EQUITABLE RELIEF consistent with the Fair Credit Reporting Act; and SUCH OTHER AND FURTHER RELIEF as the Court deems just and proper.

Dated: January 6, 2026.                    Respectfully submitted,


                                           /s/ *Logos I. Farrow*
                                           Logos I. Farrow, Plaintiff, Pro Se
                                           7542 Avocet Drive
                                           Wesley Chapel, FL 33544
                                           SonnyF78@yahoo.com


## **VERIFICATION**

I, Logos I. Farrow, am the Plaintiff in the foregoing Second Amended
Verified Complaint for Damages and Jury Demand. I have read the foregoing
Amended Verified Complaint and know the contents thereof. The same is true to
my own knowledge, except as to matters therein stated to be alleged on
information and belief, and as to those matters I believe them to be true.

I verify under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

Executed on this 6th day of January 2026.         /s/ *Logos I. Farrow*