## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| LOGOS I. FARROW,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC; CITIBANK, N.A.; DISCOVER FINANCIAL SERVICES; DOVENMUEHLE MORTGAGE, INC.; JPMORGAN CHASE BANK, N.A.; SANTANDER CONSUMER USA INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>    Defendants. | Case No.: 8:25-cv-2417-KKM-SPF |

**DEFENDANT JPMORGAN CHASE BANK N.A.'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("**JPMC**") files its Answer and Defenses to Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial ("**SAC**"), (Doc. 122), filed by Plaintiff Logos I. Farrow ("**Plaintiff**"), responding to the correspondingly numbered paragraphs of the SAC as follows:

## PRELIMINARY STATEMENT[1]

1.      The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph concern or purport to characterize provisions of the Fair Credit Reporting Act ("**FCRA**") and/or the bases for its enactment, which speak for themselves. To the extent the allegations in this paragraph misquote or mischaracterize those provisions (or bases), omit other relevant provisions (or bases), or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and any liability to Plaintiff.

2.      The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph concern or purport to characterize provisions of the FCRA, which speak for themselves. To the extent the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and any liability to Plaintiff and that Plaintiff is entitled to any relief from JPMC.

3.      JPMC admits only that this purports to be an action seeking damages for violations of the FCRA. However, JPMC otherwise denies the allegations of this

_____

[1] The headings set forth in JPMC's answer reference the corresponding headings in Plaintiff's SAC and are not deemed an admission. To the extent those headings assert allegations against JPMC, they are denied.

paragraph, denies that Plaintiff sustained any damages because of JPMC's actions or conduct, and denies that Plaintiff is entitled to any relief from JPMC.

4.  JPMC denies the allegations in this paragraph asserted against it, denies that Plaintiff sustained any damages because of JPMC's actions or conduct, and denies that Plaintiff is entitled to any relief from JPMC. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

## JURISDICTION AND VENUE

5.  The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, JPMC admits only that Plaintiff asserts FCRA claims and that the statutes referenced in this paragraph speak for themselves. JPMC denies any allegations that are contrary to the law and also denies that Plaintiff is entitled to any relief from JPMC.

6.  The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, JPMC admits only that Plaintiff asserts FCRA claims and that the statute referenced in this paragraph speaks for itself. JPMC denies any allegations that are contrary to the law and also denies that Plaintiff is entitled to any relief from JPMC.

7.  The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, JPMC denies any allegations that are contrary to the law and admits only that it is a national association and is chartered pursuant to the laws of the United States of America, with its main office in

Ohio, that it issues credit cards to customers nationwide, including customers in Florida, and that it furnishes information regarding customer accounts to consumer reporting agencies ("**CRAs**"). JPMC denies that Plaintiff sustained any damages because of JPMC's actions or conduct and denies that Plaintiff is entitled to any relief from JPMC. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

8. The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them—except that JPMC admits it is a national association and is chartered pursuant to the laws of the United States of America, that it issues credit cards to customers nationwide, including customers in Florida, and that it furnishes information regarding customer accounts to CRAs.

9. JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies, them.

10. JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies, them.

11. The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

12.  The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

13.  The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

14.  JPMC denies the allegations of this paragraph, except that JPMC admits that it is a national association and is chartered pursuant to the laws of the United States of America, with its main office in Ohio (at 1111 Polaris Parkway, Columbus, Ohio 43240), and that its Florida registered agent is CT Corporation System, whose address is 1200 South Pine Island Rd, Plantation, Florida, 33324.

15.  The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

16.  The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, the referenced statute speaks for itself, and JPMC admits only that it is a national association and that it furnishes information to CRAs. Otherwise, JPMC is without knowledge or information at this

5

time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

17. JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

## GENERAL ALLEGATIONS

18. JPMC incorporates by reference its responses to the allegations contained in paragraphs 1 through 17 above.

19. JPMC denies the allegations in this paragraph asserted against it. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

20. The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph concern or purport to characterize provisions of the FCRA, which speak for themselves. To the extent the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and denies that Plaintiff is entitled to any relief from JPMC. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

21.    JPMC denies the allegations in this paragraph asserted against it. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

22.    JPMC denies the allegations in this paragraph asserted against it. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

23.    The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph concern or purport to characterize provisions of the FCRA, which speak for themselves. To the extent the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and denies that Plaintiff is entitled to any relief from JPMC.

24.    The allegations in this paragraph assert legal conclusions and are directed at another party, and thus, no response is required. To the extent a response is required, the allegations in this paragraph concern or purport to characterize provisions of the FCRA, which speak for themselves. To the extent the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations.

7

25. JPMC denies the allegations in this paragraph asserted against it. Further, the allegations in this paragraph concern or purport to characterize provisions of the FCRA, which speak for themselves. And to the extent the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and denies that Plaintiff is entitled to any relief from JPMC. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

26. JPMC denies the allegations in this paragraph asserted against it. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

27. JPMC denies the allegations in this paragraph asserted against it and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

## FACTUAL ALLEGATIONS

28. JPMC incorporates by reference its responses to the allegations contained in paragraphs 1 through 27 above.

**A. Plaintiff's Disputes and the USPS Certified Mail Process**

29.    JPMC denies the allegations of this paragraph asserted against it, except that JPMC admits that it received letters regarding Plaintiff's JPMC credit card account (the "**Account**"). To the extent the allegations in this paragraph concern or characterize these written documents, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent with those documents and further denies that any action or inactions on JPMC's part were improper or violated the FCRA. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

30.    JPMC denies the allegations of this paragraph asserted against it, except that JPMC admits that it received letters regarding Plaintiff's Account, which enclosed documents. To the extent the allegations in this paragraph concern or characterize these written documents, including any enclosures, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent those documents and further denies that any action or inactions on JPMC's part were improper or violated the FCRA. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

31.    JPMC denies the allegations in this paragraph asserted against it. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

32. JPMC denies the allegations in this paragraph asserted against it. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

**B. Adverse Action**

33. JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

34. JPMC denies the allegations in this paragraph asserted against it and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

35. JPMC denies the allegations in this paragraph asserted against it and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

**C. [Alleged] Inaccuracy – Capital One Services, N.A.**

36. The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

37.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

38.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

39.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

40.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

41.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

42.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC

is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

### D. [Alleged] Inaccuracy – Citi Bank, NA

43.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

44.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

45.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

46.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

47.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC

is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

48.     The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

49.     The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

**F.  (Sic) [Alleged] Inaccuracy – Dovenmuehle Mortgage, Inc.**

50.     The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

51.     The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

52.     The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC

is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

53.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

54.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

55.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

56.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

### G. (Sic) [Alleged] Inaccuracy – JPMorgan Chase Bank, NA

57.    JPMC denies the allegations in this paragraph, except that JPMC admits *only* that on or about June 13, 2025, it received a letter from Plaintiff dated June 6, 2025, (the "**June 2025 Letter**"). To the extent the allegations in this paragraph concern

or characterize written documents, in particular the contents of the June 2025 Letter, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent with those documents and further denies that any actions or inactions on JPMC's part were improper or violated the FCRA and that Plaintiff is entitled to any relief from JPMC.

58.    JPMC denies the allegations in this paragraph, except that JPMC admits *only* that it received the June 2025 Letter. To the extent the allegations in this paragraph concern or characterize written documents, in particular the contents of the June 2025 Letter, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent with those documents and further denies that any actions or inactions on JPMC's part were improper or violated the FCRA and that Plaintiff is entitled to any relief from JPMC.

59.    JPMC denies the allegations in this paragraph, except that JPMC admits *only* that it responded to the June 2025 Letter. To the extent the allegations in this paragraph concern or characterize written documents, in particular the contents of JPMC's response to the June 2025 Letter or JPMC's furnishing of information to CRAs, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent with those documents and further denies that any actions or inactions on JPMC's part were improper or violated the FCRA and that Plaintiff is entitled to any relief from JPMC.

60.    JPMC denies to the allegations in this paragraph to the extent Plaintiff alleges that JPMC failed to respond to any notice of dispute regarding the Account

15

and that JPMC's furnished incorrect or erroneous information regarding the Account to CRAs. Otherwise, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

61.     JPMC denies the allegations in this paragraph.

62.     JPMC denies the allegations in this paragraph, except that JPMC admits *only* that on or about August 18, 2025, it received a letter from Plaintiff dated August 15, 2025 (the "**August 2025 Letter**"). To the extent the allegations in this paragraph concern or characterize written documents, in particular the contents of the August 2025 Letter, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent with those documents and further denies that any actions or inactions on JPMC's part were improper or violated the FCRA and that Plaintiff is entitled to any relief from JPMC.

63.     JPMC denies the allegations in this paragraph, except that JPMC admits *only* that it received complaints Plaintiff filed with the Better Business Bureau and the Consumer Financial Protection Bureau. To the extent the allegations in this paragraph concern or characterize written documents, in particular the contents of those complaints or JPMC's responses, those documents speak for themselves. JPMC denies any allegations in this paragraph that are inconsistent with those documents and further denies that any actions or inactions on JPMC's part were improper or violated the FCRA and that Plaintiff is entitled to any relief from JPMC.

64.    JPMC denies the allegations in this paragraph and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

**J.  (Sic) [Alleged] Inaccuracy – Experian Information Solutions, Inc.**

65.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

66.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

67.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

68.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

69.    The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC

is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

70. The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

71. The allegations of this paragraph are directed at another party and not JPMC, and, thus, no response is required. To the extent a response is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## CAUSES OF ACTION

### COUNT I
### [Alleged] VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) AGAINST CAPITAL ONE SERVICES, N.A.

72–77. The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

### COUNT II
### [Alleged] NEGLIGENCE NONCOMPLIANCE WITH THE FCRA 15 U.S.C. § 1681o – AGAINST CAPITAL ONE SERVICES, N.A.

78–82.     The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT III
### [Alleged] WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n – AGAINST CAPITAL ONE SERVICES, N.A.

83–86.     The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT IV
### [Alleged] VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)
### AGAINST CITIBANK, N.A.

87–92.     The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT V
### [Alleged] NEGLIGENCE NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o – AGAINST CITIBANK, N.A.

93–97.      The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT VI
### [Alleged] WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n – AGAINST CITIBANK, N.A.

98–101.      The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT VII
### [Alleged] VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)
### AGAINST DOVENMUEHLE MORTGAGE, INC.

102–107.      The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT VIII
### [Alleged] NEGLIGENCE NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o – AGAINST DOVENMUEHLE MORTGAGE, INC.

20

108–112.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

**COUNT IX**
**[Alleged] WILLFUL NONCOMPLIANCE WITH THE FCRA**
**15 U.S.C. § 1681n – AGAINST DOVENMUEHLE MORTGAGE, INC.**

113–116.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

**COUNT X**
**[Alleged] VIOLATION OF 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE)**
**AGAINST JPMORGAN CHASE BANK, N.A.**

117.    JPMC re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 57 through 64 above as though fully stated herein.

118.    The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, JPMC admits that it furnishes information to CRAs and that it furnished information to CRAs regarding the Account. Further, the allegations in this paragraph concern or purport to characterize provision(s) of the FCRA, which speak for themselves. And to the extent

the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and that Plaintiff is entitled to any relief from JPMC.

119. The allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph concern or purport to characterize provisions of the FCRA, which speak for themselves. And if the allegations in this paragraph misquote or mischaracterize those provisions, omit other relevant provisions, or allege or suggest that any action or inaction on JPMC's part was improper or violated the FCRA, JPMC denies these allegations and that Plaintiff is entitled to any relief from JPMC.

120. JPMC denies the allegations in this paragraph.

121. JPMC denies the allegations in this paragraph and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

122. JPMC denies the allegations in this paragraph and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

## COUNT XI
### [Alleged] NEGLIGENCE NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681o – AGAINST JPMORGAN CHASE BANK, N.A.

123. JPMC re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 57 through 64 above as though fully stated herein.

124. JPMC denies the allegations in this paragraph.

125. JPMC denies the allegations in this paragraph.

126. JPMC denies the allegations in this paragraph and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

127. JPMC denies the allegations in this paragraph and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

## COUNT XII
### [Alleged] WILLFUL NONCOMPLIANCE WITH THE FCRA
### 15 U.S.C. § 1681n – AGAINST JPMORGAN CHASE BANK, N.A.

128. JPMC re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 57 through 64 above as though fully stated herein.

129. JPMC denies the allegations in this paragraph.

130. JPMC denies the allegations in this paragraph.

131. JPMC denies the allegations in this paragraph and further denies that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

## COUNT XIII
### [Alleged] VIOLATION OF 15 U.S.C. § 1681e(b) (SUBSTANTIVE)
### AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

132–137. The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT XIV
### [Alleged] NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b)
### 15 U.S.C. § 1681o – AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

138–141.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT XV
### [Alleged] WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681e(b) 15 U.S.C. § 1681n – AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

142–144.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT XVI
### [Alleged] VIOLATION OF 15 U.S.C. § 1681i (SUBSTANTIVE) AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

145–147.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

## COUNT XVII
### [Alleged] NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681i

24

**15 U.S.C. § 1681o – AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.**

148–151.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

**COUNT XVIII**
**[Alleged] WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681i**
**15 U.S.C. § 1681n – AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.**

152–154.    The allegations of these paragraphs are directed at another party and not JPMC, and, thus, no response is required. To the extent a response to these paragraphs is required, JPMC is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

JPMC denies the allegations in the PRAYER FOR RELIEF paragraph following paragraph 154 of the SAC (including, but not limited to, the allegations that Plaintiff is entitled to an award of actual and punitive damages, attorneys' fees, and to equitable relief), and further denies any liability to Plaintiff, that Plaintiff is entitled to any relief from JPMC, and that Plaintiff sustained any damages as a result of JPMC's actions or conduct.

JPMC respectfully requests that it be awarded its attorneys' fees incurred in connection with defending this action.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ABOVE ARE HEREBY DENIED.

## DEFENSES[2]

### First Defense

The SAC fails to state a claim upon which relief can be granted against JPMC, or Plaintiff's claims otherwise fail, in whole or in part, to the extent Plaintiff's claims against JPMC are based on notices or letters that Plaintiff allegedly sent directly to JPMC. (SAC, ¶¶ 57–64, 117, 123, 128). The FCRA does not provide a private right of action for such direct correspondence Plaintiff sent to JPMC.

### Second Defense

Plaintiff's FCRA claims fail and JPMC is not liable to Plaintiff because JPMC acted in good faith conformity with the applicable rules, regulations, standards, and interpretations of applicable law, including any all duties it had under the FCRA.

Further, Plaintiff does not allege the existence of any additional investigation that JPMC should have conducted that would have changed any of the reporting JPMC made to CRAs.

---

[2] By denominating the matters alleged below as "Defenses," JPMC is not intending to shift, and is not shifting, the burden of proof as to any matters for which Plaintiff already has such burden, nor is JPMC intending to limit, or limiting, the arguments it can make in opposition to Plaintiff's claims by virtue of its denials of the allegations of the SAC.

## Third Defense

Plaintiff's claims against JPMC are barred to the extent the information JPMC furnished and communicated regarding the JPMC Account was accurate and true.

## Fourth Defense

At all times relevant to the allegations in the SAC, JPMC's actions and conduct, including its investigations of any dispute notices it received regarding Plaintiff's Account, were consistent with and in compliance with all laws, statutes, regulations, and standards applicable to JPMC.

JPMC maintains reasonable procedures and conducted reasonable investigations with respect to each purported notice received from CRAs (and otherwise).

## Fifth Defense

Plaintiff's SAC fails to state a claim upon which relief may be granted against JPMC, in whole or in part, or Plaintiff's claims otherwise fail to the extent any alleged injury, damages, or loss of which Plaintiff complains were not proximately caused by the acts or omissions of JPMC and instead were caused by a third-party(ies) acting independently of JPMC—including multiple others whose actions Plaintiff has claimed damaged him in the SAC—and/or resulted from other intervening or superseding causes unrelated to JPMC.

27

**Sixth Defense**

To the extent Plaintiff suffered any injury, loss, or damages, Plaintiff caused or contributed to any purported damages through his own actions, inactions, and conduct. Plaintiff's claims should be barred by, or any such damages reduced by, Plaintiff's own negligence, mistakes, and/or conduct.

**Seventh Defense**

Some or all of Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's lack of standing. Plaintiff cannot recover against JPMC to the extent that Plaintiff has not alleged or cannot prove an injury-in-fact.

**Eighth Defense**

Some or all of Plaintiff's purported damages are speculative in nature, not reasonably certain, discernable, or calculable, or are non-recoverable losses, if any.

**Ninth Defense**

Plaintiff's claims are barred, in whole or in part, because none of the inaccuracies alleged by Plaintiff, even if true, were significant enough to have caused any legally cognizable harm.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages, including to the extent Plaintiff failed to promptly provide sufficient and clear information supporting the alleged inaccuracies with respect to the JPMC Account's reporting.

28

## Eleventh Defense

If JPMC is found responsible in any manner for any injury or damages claimed by Plaintiff, JPMC is not the sole and proximate cause of those purported injury and damages. And they must be apportioned among the various causes and the non-JPMC persons or entities that contributed to or caused Plaintiff's purported injury or damages, in accordance with proof presented at trial.

## Twelfth Defense

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent (i) Plaintiff provides insufficient facts to support such and award, and (ii) any such award is barred or limited by statute, by the fact that JPMC did not act with any willfulness, fraud, malice, or reckless disregard with respect to Plaintiff, or would violate the holdings and standards set forth by the Supreme Court of the United States, including, without limitation, in *BMW of N. Am. V. Gore*, 517 U.S. 559 (1996) and in *State Farm Mut Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirteenth Defense

To the extent Plaintiff's seeks injunctive relief through his claims for equitable relief in the SAC, Plaintiff's claims are barred, in whole or in part, because such a remedy is not available to private litigants, such as Plaintiff, under the FCRA.

[*Signature On Following Page*]

29

Respectfully submitted,

*/s/ Scott D. Feather*
Scott D. Feather (FBN 68740) – Lead Counsel
**CARLTON FIELDS, P.A.**
P.O. Box 3239
Tampa, FL  33601-3239
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
Email: sfeather@carltonfields.com

*Attorneys for JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the authorized CM/ECF filers in this case. Additionally, I certify that I served a copy of this motion via mail and email on Plaintiff at: 7542 Avocet Drive, Wesley Chapel, FL 33544 (SonnyF78@yahoo.com).

*/s/ Scott D. Feather*
Attorney