**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

| | |
|---|---|
| **LOGOS I. FARROW,** )<br><br>        **Plaintiff,** )<br>**v.** )<br><br>**DOVENMUEHLE** )<br>**MORTGAGE, INC.,** *et al.*, )<br><br>        **Defendants.** ) | **8:25-CV-02417-KKM-SPF** |

## MOTION TO DISMISS

Defendant, Dovenmuehle Mortgage, Inc. (hereinafter "Dovenmuehle"), moves this Court to enter an order, under Rule 12, dismissing this action. In support of this motion, Dovenmuehle states as follows:

## INTRODUCTION

There are no well pleaded facts in Plaintiff's complaint. It is a shotgun pleading that does not plausibly establish personal jurisdiction over, or a cause of action against, Dovenmuehle. Dovenmuehle is not subject to personal jurisdiction in Florida for Farrow's claims under the Fair Credit Reporting Act ("FCRA") because it is not incorporated under Florida law, does not maintain its principal place of business in Florida,

and did not conduct any investigation in Florida into a notice of dispute from a credit reporting agency.

Farrow's complaint also fails to state a claim against Dovenmuehle. He asserts three separate theories of FCRA violations, none of which are viable. Farrow cannot assert a claim against Dovenmuehle for a violation of § 1681s–2(b) because Farrow explicitly alleges he mailed both written disputes directly to Dovenmuehle. And Farrow's eighth and nineth causes of action are dependent upon his theories under § 1681s–2(b). Because Farrow fails to state a claim against Dovenmuehle, this Court should grant this motion to dismiss.

### FACTS AS PLEADED IN THE COMPLAINT

Farrow alleges "each Defendant regularly conducts business in the State of Florida . . . and each Defendant furnishes, reports, or maintains consumer credit information relating to Florida residents." (Doc. 122 at 3, ¶ 7). In a generalized fashion, Farrow alleges that "a substantial part of the events and omissions giving rise to these claims occurred in this District[.]" (Doc. 122 at 3, ¶ 8.) Farrow alleges that, on two occasions, he mailed "a formal written dispute" to Dovenmuehle's place of business in Illinois regarding alleged inaccurate credit reporting. (Doc. 122 at 13,

TA 509406.1

¶50; Doc. 122 at 14, ¶53.) Dovenmuehle responded, but its response did not satisfy Farrow. (Doc. 122 at 14, ¶ 52.)

### FACTS FOR DOVENMUEHLE'S FACTUAL CHALLENGE TO PERSONAL JURISDICTION

Dovenmuehle maintains its principal place of business in Lake Zurich, Illinois. (Ex. 1 at ¶ 3; Doc. 122 at 4, ¶13.) It is incorporated under Delaware law. (Ex. 2.)[1] When Dovenmuehle receives a notice of dispute from a credit reporting agency, it conducts its investigation from its principal place of business in Lake Zurich, Illinois. (Ex. 1 at ¶ 4.) When Dovenmuehle investigated the disputes regarding Mr. Farrow's concerns, it conducted its investigations only in Lake Zurich, Illinois. (Ex. 1 at ¶ 5.) Dovenmuehle has not conducted any investigation in Florida pertaining to Mr. Farrow. (Ex. 1 at ¶ 6.)

### LEGAL ANALYSIS

**I.    This court lacks personal jurisdiction over Dovenmuehle.**

Farrow's only claims against Dovenmuehle arise under the FCRA. And all of the jurisdictional facts pertaining to those claims occurred in

---

[1] This Court can take judicial notice of the State of Delaware's official records. *See Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.*, No. 3:20CV5681/MCR/EMT, 2020 WL 8449155, at *2 (N.D. Fla. Aug. 25, 2020) (listing cases finding that courts take judicial notice of facts derived from secretary of state websites).

3

Illinois. Because Florida is not a paradigm forum for general jurisdiction, and specific jurisdiction does not exist because the allegations at issue occurred in Illinois, this Court cannot assert personal jurisdiction over Dovenmuehle.

For purposes of a Rule 12(b)(2) motion, the Court must determine whether it has general or specific jurisdiction over Dovenmuehle, the two types of personal jurisdiction consistent with the Due Process Clause of the Fourteenth Amendment. *See Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 923–25 (2011). The plaintiff bears the burden of alleging sufficient facts in her complaint to make out a prima facie case of specific jurisdiction over a non-resident defendant. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). When a nonresident defendant has filed a 12(b)(2) motion, a court must first decide whether the plaintiffs have pled facts sufficient to establish a prima facie case of personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). It is not enough for plaintiffs to merely reiterate the allegations in the complaint. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

4

## A.    Florida is not a paradigm forum that provides general jurisdiction.

First, the Court looks to whether it has general jurisdiction over Dovenmuehle. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "The 'paradigm' forums in which a corporate defendant is 'at home,' we explained, are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). This test simplifies the general jurisdictional inquiry and substantially narrows the circumstances under which general jurisdiction will lie. And it explicitly rejected more expansive theories of general jurisdiction that courts applied in the past. Now, a plaintiff must plead facts that establish a defendant is "essentially at home" in the forum state. *Rowe v. Gary, Williams, Parteni, Watson & Gary*, P.L.L.C., 723 F. App'x 871, 875 (11th Cir. 2018).

Here, Farrow did not plead facts that establish Dovenmuehle is at home in Florida by incorporating under Florida law or maintaining its principal place in Florida. In fact, Farrow admits that Dovenmuehle is incorporated in the state of Delaware and maintains its principal place

5

of business in Illinois. (Doc. 122 at 4, ¶13). Therefore, Farrow has not satisfied his burden to plead personal jurisdiction against Dovenmuehle. *See Rowe*, 723 F. App'x at 875.

Florida is not a paradigm for Dovenmuehle. Dovenmuehle is a corporation that is incorporated under Delaware law with its principal place of business in Illinois. (Ex. 1; Ex. 2.) Consequently, Dovenmuehle is not subject to personal jurisdiction in Florida.

### B. Because Dovenmuehle's investigation occurred only in Illinois, this Court cannot assert specific jurisdiction.

With general jurisdiction lacking, this Court must have specific jurisdiction to exercise personal jurisdiction over Dovenmuehle. "Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). To exercise specific jurisdiction "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017)) (cleaned up). "When there is no such connection, specific jurisdiction is lacking

6

regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 582 U.S. at 264.

The *Bristol-Myers* Court also rejected as "loose and spurious" a test purporting to determine specific jurisdiction based upon a defendant's unrelated contacts with a forum, as it created a "sliding scale." *Id.* Instead, the Court held that specific jurisdiction requires "a connection between the forum and the specific claims at issue;" a defendant's unrelated contacts with a forum are irrelevant as "continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id.* (internal quotations and citations omitted). Accordingly, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 1780 (internal quotations omitted).

Here, the pertinent controversy is Dovenmuehle's investigation under 15 U.S.C. § 1681s–2(b). Under § 1681s–2(b), Dovenmuehle must, upon received notice of a dispute from a credit reporting agency, "conduct an investigation with respect to the disputed information[.]" 15 U.S.C. § 1681s–2(b)(1)(A).

7

Farrow does not plead any facts establishing where Dovenmuehle investigated any dispute from a credit reporting agency. Farrow did not allege that Dovenmuehle conducted that investigation in Florida. Nor could he since Dovenmuehle's business operations are in Illinois where the investigation would have taken place. (Ex. 1.) And where Farrow alleges he sent his two written disputes. (Doc. 122 at 13, ¶50; Doc. 122 at 14, ¶53.)

Without facts plausibly establishing Dovenmuehle's investigation occurred in Florida, this Court cannot assert specific jurisdiction over Dovenmuehle. *Cf. Coleman v. Experian Information Solutions, Inc.*, Case No. 5:24-cv-532-LCV, slip op at 9 (N.D. Ala. March 12, 2025) (finding that court lacked specific jurisdiction because investigation occurred outside forum state and in the state where the loan servicer was located). Consequently, this Court lacks personal jurisdiction over Dovenmuehle.

## II.    Farrow fails to state a claim for FCRA violations.

Farrow's claims against Dovenmuehle appear in Counts VII, VIII, and IX, which purports to assert three causes of action under the FCRA. Only the first purported cause of action is a substantive cause of action.

### A.    Farrow's claim under § 1681s–2(b) (Count VII) fails because he does not plausibly plead facts establishing

8

### Dovenmuehle received notice of dispute from the credit reporting agencies.

Farrow cannot prevail on his FCRA claim under § 1681s–2(b) because he explicitly alleges he mailed both written disputes directly to Dovenmuehle. (Doc. 122 at 13, ¶50; Doc. 122 at 14, ¶53.) To establish his claim, Farrow must plead facts plausibly alleging that Dovenmuehle received notice of Farrow's dispute from a credit reporting agency. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) ("That subsection requires furnishers to conduct investigations into consumer disputes only upon receiving notification of a dispute from a CRA.") Because Farrow alleges that Dovenmuehle received notice of his dispute directly from him, and not from a credit report agency, he cannot prevail on his FCRA claim.

Despite explicitly pleading that Farrow mailed notice of his dispute directly to Dovenmuehle, Count VII contains the kind of "formulaic recitation of the elements" that *Twombly* prohibits. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although Farrow pleads in an unadorned and generalized fashion that "[u]pon receiving notice of Plaintiff's disputes from a consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2),

9

TA 509406.1

Defendant was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation…" (Doc. 122 at 26, ¶ 104.) But Farrow does not plead any facts that plausibly establish Dovenmuehle received a dispute from a credit reporting agency.[2] And it is implausible to construe this bare bones legal conclusion as true in light of Farrow's explicit allegations that he mailed his dispute directly to Dovenmuehle.[3] (Doc. 122 at 13, ¶50; Doc. 122 at 14, ¶53.)

Consequently, this Court should dismiss Farrow's FCRA claim under § 1681s–2(b).

### B. Farrow's claim under § 1681n and § 1681o (Counts VII and IX), fail for the same reasons.

---

[2] For a FCRA claim, Courts in this District require a plaintiff to plead more specific facts that plausibly establish the claim. *See Diaz v. Equifax Info. Servs., LLC*, No. 2:20-CV-437-JLB-MRM, 2021 WL 2814908, at *6 (M.D. Fla. Feb. 19, 2021) ("To sufficiently plead an actual inaccuracy, Plaintiff should provide facts identifying BANA's allegedly inaccurate report, including the nature of the report and when the report was made.")

[3] In an analogous context under RESPA, a plaintiff must plead facts establishing the contents of a QWR if the plaintiff does not attach it. *See Patton v. Ocwen Loan Servicing, LLC*, No. 6:11-CV-445-ORL-19, 2011 WL 1706889, at *3 (M.D. Fla. May 5, 2011); *see also Gnipp v. Bank of Am. N.A.*, No. 2:15-CV-99-FTM-29CM, 2016 WL 502013, at *3 (M.D. Fla. Feb. 8, 2016) (instructing pro se plaintiff that "[i]If available, both the alleged QWR and request for debt validation should be attached as exhibits to the amended complaint.").

10

Sections 1681n and 1681o merely provide a private right of action for negligent and willful noncompliance with FCRA's other provisions. They do not provide a separate basis from liability and are reliant upon Farrow's allegation of a violation under § 1681s–2(b). This cause of action fails for the same reasons as Farrow's claims under § 1681s–2(b). Consequently, this Court should dismiss these claims.

## CONCLUSION

This Court should dismiss Plaintiff's claims against Dovenmuehle for lack of personal jurisdiction and failure to state claim.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Dovenmuehle's counsel conferred with Plaintiff, Logos Farrow, via email on January 15, 2026, regarding the relief sought in this motion. Plaintiff opposes the relief requested in this Motion.

Dated this 3rd day of February 2026.

Respectfully submitted,

**SPENCER FANE, LLP**

*/s/ Kayleigh Wright*
**Kayleigh Wright, Esq.**
Florida Bar # 1051881

11

TA 509406.1

201 North Franklin Street, Suite 2150
Tampa, FL 33602
TELEPHONE: (813) 424-3500
FACSIMILE: (813) 405-8904
Primary E-mail: kwright@spencerfane.com
Secondary E-mails: cgipson@spencerfane.com
afoster@spencerfane.com

**T. Dylan Reeves, Esq.**
Florida Bar # 90490
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 687-2765
Facsimile: (615) 238-6301
Primary E-mail: dreeves@spencerfane.com
Secondary E-mail: mdouglas@spencerfane.com

***Counsel for Defendant,***
***DOVENMUEHLE MORTGAGE, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on February 3rd, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification to all counsel of record, including:

Logos I. Farrow
7542 Avocet Drive
Wesley Chapel, FL 33544
*Plaintiff*

/s/ Kayleigh Wright
Attorney

12

TA 509406.1