# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.; DISCOVER
FINANCIAL SERVICES;
DOVEMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; SANTANDER CONSUMER
USA, INC.; EQUIFAX
INFORMATION SERVICES, LLC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

    Defendants.

_____

Case No.
8:25-CV-02417-KKM-SPF

## CAPITAL ONE, N.A.'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant named as Capital One Services, LLC, properly

identified as Capital One, N.A. ("Capital One"), by and through undersigned

counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to

move (the "Motion") this Honorable Court to enter an Order dismissing *Plaintiff's*

*Second Amended Complaint for Damages and Demand for Jury Trial* [Dkt. No. 122]

("Third Complaint") filed by Plaintiff Logos I. Farrow (the "Plaintiff"), stating as follows:

## **INTRODUCTION**

Despite two separate chances to amend, Plaintiff has still proffered no facts supporting a claim against Capital One in this action. Instead, the Third Complaint, like its predecessors, is an improper shotgun pleading that does not plausibly establish a cause of action against Capital One under the Fair Credit Reporting Act ("FCRA"). Indeed, while Plaintiff purports to assert three separate theories of FCRA violations (Counts I-III), none are viable. Specifically:

- Count I fails because Plaintiff cannot assert a claim against Capital One for a violation of § 1681s-2(b), as that sub-section only applies after a notice of dispute is received from a credit reporting agency ("CRA") and, here, Plaintiff explicitly alleges he, not a CRA, mailed both written disputes directly to Capital One.

- Count II fails because it is dependent upon Plaintiff's mistaken belief that Capital One violated § 1681s-2(b); and

- Count III fails because the Complaint does not allege any violations of the FCRA that would support a finding of willful noncompliance under § 1681n.

Because Plaintiff fails to state a claim against Capital One, this Court should grant this Motion and dismiss the Third Complaint against Capital One in its entirety, with prejudice.

Further, because this is Plaintiff's third attempt at asserting such claims done with specific knowledge of their baseless nature, the Court should also impose sanctions against Farrow pursuant to 15 U.S.C. § 1681n(c).

## FACTUAL BACKGROUND

### A.   PROCEDURAL HISTORY

On September 9, 2025, Plaintiff initiated this action (the "Action") by filing a *Verified Complaint and Demand for Trial by Jury* (the "First Complaint"). Dkt. No. 1.

On December 15, 2025, the First Complaint was dismissed as "an impermissible shotgun pleading." Dkt. No. 119, at p. 2.

On December 29, 2025, Plaintiff filed his *First Amended Complaint for Damages and Demand for Jury Trial* [Dkt. No. 120] (the "Second Complaint").

On December 31, 2025, the Second Complaint was dismissed as "an impermissible shotgun pleading." Dkt. No. 121.

On January 7, 2026, Plaintiff filed the Third Complaint. With regard to the claims against Capital One, the Third Complaint is nearly identical to the Second Complaint.

B.    **CLAIMS AGAINST CAPITAL ONE, AS PLEADED IN THE COMPLAINT**

Plaintiff's Third Complaint asserts three claims against Capital One:

- Count I (Violation of 15 U.S.C. § 1681s-2(b) (SUBSTANTIVE) Against Capital One Services, N.A.);

- Count II (Negligent Noncompliance with the FCRA 15 U.S.C. § 1681o – Against Capital One Services, N.A.); and

- Count III (Willful Noncompliance with the FCRA 15 U.S.C. § 1681n – Against Capital One Services, N.A.) (collectively, the "Capital One Counts").

Dkt. No. 122, ¶¶ 72 – 86. Each of the Capital One Counts incorporates only seven paragraphs of factual background, specifically paragraphs 36 through 42 of the Third Complaint. Dkt. No. 122, ¶¶ 72, 78 and 83. Paragraphs 36 through 42 of the Third Complaint describe certain written communications that were exchanged between Plaintiff and Capital One. Dkt. No. 122, ¶¶ 36-42. Importantly, Plaintiff alleges that he (not a CRA) "sent a formal written dispute" and the "second dispute letter" to Capital One. Dkt. No. 122, ¶¶ 36, 39.

## LEGAL MEMORANDUM

I.    **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id.*

Additionally, the Eleventh Circuit has repeatedly condemned "shotgun pleadings," which fail to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

## II.  PLAINTIFF FAILS TO STATE A CLAIM FOR FCRA VIOLATIONS

### A.  PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1681s-2(B) FAILS

Count I of the Third Complaint must be dismissed because it fails to allege a claim against Capital One upon which relief can be granted.

The FCRA draws a critical distinction between disputes submitted through a CRA and disputes submitted directly by a consumer. *Compare* 15 U.S.C. § 1681s-2(a)(8) with 15 U.S.C. § 1681s-2(b). The former are awarded a private cause of action. 15 U.S.C. § 1681s-2(b). The latter are not. 15 U.S.C. § 1681s-2(c)(1).

Moreover, before a private cause of action arises under section 1681s-2(b) of the FCRA, the furnisher must receive notice of a dispute from a CRA. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) ("That subsection requires furnishers to conduct investigations into consumer disputes only upon receiving notification of a dispute from a CRA."); *see also* 15 U.S.C. § 1681s-2(b)(1) ("After receiving notice pursuant to section 1681i(a)(2) of this title of a

dispute…"); 15 U.S.C. § 1681i(a)(2) ("Before the expiration of the 5-business-day period beginning on the date on which **a consumer reporting agency** receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency **shall provide notification of the dispute to any person who provided any item of information in dispute**, at the address and in the manner established with the person.") (emphasis added).

Count I of the Complaint alleges that Plaintiff, not a CRA, sent disputes to Capital One regarding the reporting of his account. Dkt. No. 122, ¶¶ 36-37, 39-40 and 72. This is not sufficient to state a claim under section 1681s-2(b) of the FCRA. *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019).[1] Accordingly, Count I must be dismissed because it does not allege that

---

[1] Capital One acknowledges Paragraph 74 of the Third Complaint, which states that "[u]pon receiving notice of Plaintiff's dispute from a consumer reporting agency . . ." Defendant was required to conduct a reasonable investigation. Dkt. No. 122, ¶ 74. This conclusory allegation as to the legal requirements of the FCRA is insufficient, however, as it is expressly contradicted by Plaintiff's repeated allegations that he sent the disputes directly to Capital One (Dkt. No. 122, ¶¶ 36-37, 39-40 and 72) and unsubstantiated by any factual allegations that Plaintiff actually submitted a dispute to any CRA regarding Capital One's reporting or that any CRA, in turn, transmitted such a dispute to Capital One. *See Maximoff v. Truist Bank*, No. 9:23-cv-81422, 2024 WL 6902278, *2 (S.D. Fla. July 26, 2024) (dismissing § 1681s-2(b) claim because plaintiff failed to allege a CRA provided notice of the dispute, even though it was alleged that a report was submitted to a CRA, finding, "[w]ithout facts that Defendant FCB received notice from the CRA, here Defendant TransUnion, Plaintiff's complaint fails to state a claim."); *see also McGee v. Wells Fargo Bank N.A.*, No. 3:23-CV-437-RGJ, 2024 WL 1119420 (W.D. Ky. Mar. 14, 2024) (dismissing § 1681s-2(b) claim against a financial institution because plaintiff failed to allege a CRA sent a report to that particular financial institution, even though it was alleged that a report disputing unidentified discrepancies was submitted to a CRA).

Capital One received notice of a dispute from a CRA and, thus does not allege the statutory prerequisite to a viable cause of action under 15 U.S.C. § 1681s-2(b).

### B.   PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1681O FAILS

Count II of the Complaint must similarly be dismissed, as Capital One's purported violation of 15 U.S.C. § 1681o is wholly premised upon a violation of 15 U.S.C. § 1681s-2(b)(1), which, as discussed above, has not been alleged to have occurred here. Section 1681o of the FCRA provides a remedy when a party negligently violates an underlying substantive provision of the FCRA. 15 U.S.C. § 1681o ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer.") Section 1681o does not apply, however, to disputes received directly from a consumer. 15 U.S.C. § 1681s-2(c)(1).

Count II of the Complaint alleges, "Capital One negligently failed to comply with its duties under the FCRA, including its obligations under 15 U.S.C. § 1681s-2(b)." Dkt. No. 122, ¶ 79. Count II does not allege that Capital One violated any section of the FCRA other than 1681s-2(b).

As discussed above, the Third Complaint fails to assert a viable cause of action under 15 U.S.C. § 1681s-2(b)(1) because there is no allegation incorporated into any of the Capital One Counts that Capital One received notice of any dispute from any CRA. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th

Cir. 2019) (dismissing claim under 15 U.S.C. § 1681s-2(b) because there was no allegation that notice had been provided by a CRA). Rather, the only disputes that Capital One is alleged to have received are those sent directly by Plaintiff. Dkt. No. 122, ¶¶ 36-37, 39-40 and 78. Under such circumstances, 15 U.S.C. § 1681o is inapplicable. *See* 15 U.S.C. § 1681s-2(c)(1) ("[S]ections 1681n and 1681o of this title do not apply to any violation of - subsection (a) of this section, including any regulations issued thereunder"). Thus, Count II must be dismissed for failure to state a cause of action because it is wholly dependent on Capital One's purported violation of 15 U.S.C. § 1681s-2(b), an inapplicable statute.

### C. PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1681N FAILS

Count III of the Complaint must likewise be dismissed, as the Complaint fails to allege any violation of the FCRA upon which liability could arise. Section 1681n of the FCRA provides a private cause of action against "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer." 15 U.S.C. § 1681n(a). Liability under Section 1681n of the FCRA, like Section 1681o, is wholly dependent upon the underlying substantive violation. *Id*. Furthermore, like Section 1681o, Section 1681n of the FCRA does not apply to violations of any duties arising from a dispute is received directly from a consumer. 15 U.S.C. § 1681s-2(c)(1).

Count III of the Complaint alleges that "Capital One's violations of the FCRA were willful, knowing and in reckless disregard of Plaintiff's rights under the Act." Dkt. No. 122, ¶ 84. Like most shotgun pleadings, Count III does not otherwise describe what the purported violations were. *Id*. at ¶¶ 83-86. After a thorough review of the Complaint, the only allegations by Plaintiff against Capital One appears to be premised upon violations of 15 U.S.C. § 1681s-2(b), which are inapplicable here because there is no allegation that Capital One ever received notice of a dispute from a CRA. Dkt. No. 122, ¶¶ 83 – 86. Instead, like Counts I and II, Count III alleges that Capital One received notice of a dispute directly from Plaintiff. Dkt. No. 122, ¶¶ 36-37, 39-40 and 83. Accordingly, there is no legal basis upon which to grant any relief to the Plaintiff and Count III must be dismissed.

### D.  LEAVE TO FURTHER AMEND IS FUTILE.

A court need not allow an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001).

Here, Plaintiff has already had two opportunities to revise its claims against Capital One in this action. Yet, the Third Complaint fails to cure any of the errors identified by the Court's *sua sponte* dismissal of the Second Complaint. *See* Dkt.

No. 121 (Dismissing Second Complaint as impermissible shotgun pleading). Instead of adding any facts to support its Capital One Counts, Plaintiff: (1) limited the factual basis for the Capital One Counts from the "factual allegations set forth above as they relate solely to Defendant Capital One Services, N.A." to "paragraphs 36 through 42 of this Complaint" [*Compare* Dkt. No. 120, ¶¶ 104, 110 and 115 (emphasis removed) *with* Dkt. No. 72, 78 and 83]; and (2) consolidated the description of Capital One's purported FCRA violations [*Compare* Dkt. No. 120, ¶ 16 *with* Dkt. No. 122, ¶ 74]. In other words, despite multiple opportunities, Plaintiff has undertaken no real effort to proffer any facts supporting his continued claims against Capital One in this action. Under these circumstances, further opportunity to amend in this action would be equally futile, and must be denied.

### E.    CAPITAL ONE IS ENTITLED TO FEES, COSTS AND RELIEF UNDER 15 U.S.C. § 1681N(C)

In addition to dismissal of Counts I–III, Capital One respectfully requests an award of its reasonable attorney's fees and costs in responding to the Third Complaint pursuant to 15 U.S.C. § 1681n(c). That provision authorizes the Court to award fees to a prevailing defendant upon a finding that an action was filed in bad faith or for purposes of harassment. 15 U.S.C. § 1681n(c).

Here, Plaintiff's claims against Capital One are legally foreclosed by well-settled authority holding that a furnisher's duties under § 1681s-2(b) are triggered only by notice from a consumer reporting agency—not by direct disputes from a

consumer. 15 U.S.C. § 1681s-2(b); *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019). Despite this clear law and multiple attempts to amend, as well as direct communications with counsel for Capital One regarding the invalidity of his attempted causes of action, Plaintiff continues to pursue claims based solely on his own certified-mail correspondence. Dkt. No. 122, ¶¶ 36-37, 39-40, 72, 78 and 83. Moreover, like Plaintiff's impermissible shotgun pleading of a Second Complaint, Count III of the Third Complaint continues to assert willful misconduct without any supporting factual allegations. These defects are not technical pleading errors; they reflect an action pursued in knowing disregard of the statute's limits and binding precedent, as well as the Court's orders.

Accordingly, should the Court find that Plaintiff's prosecution of Counts I–III was undertaken in bad faith or for purposes of harassment, Capital One respectfully requests an award of its reasonable attorney's fees and costs incurred in responding to those claims, as authorized by 15 U.S.C. § 1681n(c), together with any other relief the Court deems just and proper.

## CONCLUSION

For the foregoing reasons, Defendant Capital One Services, N.A. respectfully requests that the Court dismiss Counts I, II, and III of Plaintiff's Second Amended Complaint with prejudice, award Capital One its reasonable attorney's fees and costs

pursuant to 15 U.S.C. § 1681n(c), and grant such further relief as the Court deems

just and proper.

Respectfully submitted this the 4th day of February, 2026,

/s/ Rachel B. Cash
Rachel B. Cash
Florida Bar No. 114052
Brett Stroze
Florida Bar No. 1049718
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 413-8701
Email: rcash@burr.com
            bstroze@burr.com

Attorneys for Defendant
*Capital One, N.A., improperly
identified as Capital One Services,
LLC*

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

I HEREBY CERTIFY that I have conferred in good faith with the Plaintiff, Logos I. Farrow, by email on February 4, 2026, who indicated that he opposes this motion.

*/s/ Rachel B. Cash*
Rachel B. Cash
Florida Bar No.: 114052

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I also served a copy of same via email and/or U.S. mail upon the following:

Logos I. Farrow
7542 Avocet Drive
Wesley Chapel, FL 33544
(813) 781-6308
SonnyF78@yahoo.com
*Pro Se Plaintiff*

*/s/ Rachel B. Cash*
Rachel B. Cash
Fla. Bar No. 114052
