# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT of FLORIDA
## TAMPA DIVISION

LOGOS I. FARROW,

       Plaintiff,

  v.

CAPITAL ONE SERVICES, LLC;
CITIBANK, N.A.;
DOVENMUEHLE MORTGAGE,
INC; JPMORGAN CHASE BANK,
N.A.; EXPERIAN INFORMATION
SOLUTIONS, INC.,

       Defendants.

Case No. **8:25-cv-02417-KKM-SPF**

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DOVENMUEHLE'S MOTION TO DISMISS

### Response to Defendant's INTRODUCTION

Defendant's opening characterization misstates both the pleading standard and the allegations in the Second Amended Complaint. At the Rule 12 stage, Plaintiff must plead a plausible claim for relief and allege a prima facie basis for personal jurisdiction; the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor.

1

First, the Second Amended Complaint is not a "shotgun pleading." It identifies the relevant tradeline, the disputed information, the dispute communications, and the post-dispute furnishing conduct, and it connects those facts to specific statutory duties under the FCRA. Defendant's disagreement with Plaintiff's allegations is not grounds for dismissal.

Second, Defendant's personal jurisdiction argument is premature and incorrect as framed. Plaintiff alleges Florida residency, Florida-based injury, and Defendant's furnishing of information into nationwide consumer reporting systems that foreseeably causes harm in Florida. Defendant's claim that its "investigation" occurred outside Florida does not defeat specific jurisdiction where the alleged tortious conduct is directed to and causes injury in the forum.

Third, Defendant's assertion that Plaintiff cannot plead a claim under 15 U.S.C. § 1681s-2(b) merely because Plaintiff also sent disputes directly to Defendant is legally incorrect at the pleading stage. Plaintiff alleges that Defendant failed to conduct a reasonable investigation and continued furnishing inaccurate information after notice. These are factual issues not resolvable on a motion to dismiss.

Finally, because Plaintiff plausibly alleges underlying FCRA violations, Defendant's derivative argument attacking Plaintiff's related counts fails.

### Response to Defendant's FACTS AS PLEADED IN THE COMPLAINT

Defendant selectively quotes the Second Amended Complaint while omitting critical factual allegations that must be accepted as true. Plaintiff alleges Florida residency, Florida-based injury, and furnishing conduct causing harm in this forum. These allegations are sufficient to support personal jurisdiction at the pleading stage.

Defendant also mischaracterizes Plaintiff's dispute allegations. Plaintiff alleges that

2

Defendant received notice and continued furnishing inaccurate information without conducting a reasonable investigation. Whether Defendant's response was adequate is a merits issue, not a pleading defect.

### Response to Defendant's FACTUAL CHALLENGE TO PERSONAL JURISDICTION

Defendant's affidavit does not defeat personal jurisdiction. Plaintiff alleges specific jurisdiction based on Defendant's purposeful conduct directed toward a Florida resident and the resulting injury in Florida. The location of Defendant's internal investigation is not dispositive.

At this stage, Plaintiff need only establish a prima facie basis for jurisdiction. All reasonable inferences must be drawn in Plaintiff's favor, and any factual disputes should be resolved through jurisdictional discovery, not dismissal.

### Response to Defendant's LEGAL ANALYSIS – PERSONAL JURISDICTION

Plaintiff does not assert general jurisdiction. Rather, Plaintiff alleges specific jurisdiction based on forum-directed conduct and injury. Defendant's reliance on its place of incorporation and principal place of business is therefore misplaced.

Defendant's reliance on Bristol-Myers Squibb is inapposite. Plaintiff's claims arise directly from Defendant's furnishing activity affecting a Florida resident. Accordingly, dismissal for lack of personal jurisdiction is improper.

### Response to Defendant's LEGAL ANALYSIS – FAILURE TO STATE A CLAIM

Defendant's Rule 12(b)(6) arguments mischaracterize the Second Amended Complaint. Plaintiff plausibly alleges notice, continued furnishing, and failure to conduct a reasonable investigation.

Plaintiff's allegations regarding CRA notice are further supported by Experian's Automated Credit Dispute Verification (**ACDV**), which reflects Defendant's response to the

3

dispute. (**Exhibit B.**) This confirms notice and investigation, reinforcing the plausibility of Plaintiff's § 1681s-2(b) claim at the pleading stage.

Because Plaintiff plausibly pleads an underlying FCRA violation, his related claims under §§ 1681n and 1681o likewise survive.

## CONCLUSION

For the foregoing reasons, Plaintiff has plausibly alleged personal jurisdiction and stated claims for relief under the FCRA. Defendant's arguments improperly seek to resolve disputed facts and impose an elevated pleading standard at the Rule 12 stage. Accordingly, Defendant Dovenmuehle Mortgage, Inc.'s Motion to Dismiss should be denied in its entirety, and this action should proceed to discovery.

Dated on this 4th day of February 2026

Respectfully submitted,
/s/ *Logos I. Farrow*
Logos I. Farrow, Plaintiff, Pro Se
7542 Avocet Drive
Wesley Chapel, FL 33544
SonnyF78@yahoo.com
(813) 781-6308

## Certification

I HEREBY CERTIFY that on this 4th day of February 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using USPS certified mail, which will automatically serve all counsel of record via CM/ECF.

*Distribution:*

Timothy Dylan Reeves
Spencer Fane LLP
511 Union St
Ste 1000
Nashville, TN 37219
*LEAD ATTORNEY*

4

Kayleigh Wright
Spencer Fane, LLP
201 North Franklin St.
Suite 2150
Tampa, FL 33602
*ATTORNEY TO BE NOTICED*