UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGOS I. FARROW,

    Plaintiff,

v.                                                 Case No. 8:25-cv-2417-KKM-SPF

CITIBANK, N.A. et al.

    Defendants.
_____

## ORDER

Plaintiff Logos Farrow sues Capital One Services, N.A., Dovenmuehle Mortgage, Inc., and other defendants for alleged violations of the Fair Credit Reporting Act (FCRA). *See* 2d Am. Compl. (Doc. 122). Capital One moves to dismiss Farrow's claims under Rule 12(b)(6) and seeks an award of attorney's fees under the FCRA. Capital One Mot. (Doc. 138); Reply (Doc. 144). Dovenmuehle separately moves to dismiss Farrow's FCRA claims for lack of personal jurisdiction and for failure to state a claim. *See* Dovenmuehle Mot. (Doc. 137). Farrow opposes both motions.[1] Resp. (Docs. 139, 140). I grant Capital One's motion to dismiss Farrow's claims but deny the motion insofar as it requests attorney's fees. I grant Dovenmuehle's motion to dismiss in full.

---

[1] Farrow also moves for leave to file a sur-reply to Capital One's reply brief. *See* (Doc. 147). Because the issues are adequately presented, I deny Farrow's motion.

## I.  BACKGROUND

As part of their lending and loan servicing operations, Capital One and Dovenmuehle are "engaged in the business of assembling, evaluating, and furnishing consumer credit information for the purpose of providing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties." 2d Am. Compl. ¶ 19. According to Farrow, Capital One and Dovenmuehle—"furnisher[s] of information" under the FCRA—each failed to conduct a reasonable investigation into Farrow's credit account disputes. *Id.* ¶¶ 73–75, 103–105.

More specifically, on June 6, 2025, Farrow by certified mail "sent a formal written dispute to Capital One Services, N.A. regarding inaccurate reporting on" Farrow's credit account. *Id.* ¶ 36. Farrow attached to the dispute letter a June 5, 2025 credit report identifying "inaccurate and inconsistent tradeline data," including "the Date Opened, High Credit, Credit Limit, Date Last Reported, Date Last Active, and Date of Last Payment," that were reported differently across the three major credit reporting agencies. *Id.* ¶ 37. Farrow "requested supporting documentation including . . . transaction records, to verify the accuracy of the reported information." *Id.* Capital One "issued a perfunctory response letter that merely restated the currently reported data without producing any documentary evidence." *Id.* ¶ 38. Farrow sent a second dispute letter on July 13 and a notice of his intent to sue on August 15. *Id.* ¶¶ 39–41.

2

Farrow brings three claims against Capital One. First, he alleges that, "[u]pon receiving notice of [his] dispute from a consumer reporting agency," Capital One failed to conduct a reasonable investigation and correct, delete, or appropriately modify inaccurate information, as required by 15 U.S.C. § 1681s-2(b). *Id.* ¶ 74–76. As a result, Farrow "suffered actual damages, including but not limited to loss of credit opportunities, damage to credit reputation, emotional distress, and out-of-pocket expenses." *Id.* ¶ 77. Second, Farrow alleges that "Capital One negligently failed to comply with its duties under the FCRA." *Id.* ¶ 79. And third, Farrow alleges that "Capital One's violations of the FCRA were willful, knowing, and in reckless disregard of [his] rights under the Act." *Id.* ¶ 84. For the latter claims, Farrow seeks damages, attorney's fees, and costs under 15 U.S.C. §§ 1681o(a)(2) and 1681n. *Id.* ¶¶ 82, 86.

Farrow's allegations and claims against Dovenmuehle are nearly identical to those against Capital One. On June 6, 2026, Farrow "sent a formal written dispute to Dovenmuehle Mortgage, Inc. regarding inaccurate reporting on [his] Mortgage Account." *Id.* ¶ 50. Similarly, Farrow disputed "inaccurate and inconsistent tradeline information" and demanded an investigation and supporting documentation. *Id.* ¶ 51. Dovenmuehle issued two response letters, "neither of which addressed the disputes," but instead "enclosed a loan modification offer, without supplying documentation or conducting a reinvestigation." *Id.* ¶ 52. Like Capital One, Farrow claims that Dovenmuehle

3

also "failed to conduct a reasonable investigation" into the dispute, as required by 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 104–06. And Farrow alleges that Dovenmuehle's noncompliance was negligent and willful. *See id.* ¶¶ 108–116. After Farrow's first two complaints were dismissed as shotgun pleadings, *see* (Docs. 119, 121), Capital One and Dovenmuehle each move to dismiss the adverse claims in Farrow's second amended complaint.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. ANALYSIS

"[T]o ensure fair and accurate credit reporting," the FCRA imposes duties on furnishers of consumer information. *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 453 (11th Cir. 2019) (per curiam) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). As relevant here, when a furnisher receives notice from a credit reporting agency (CRA) of a dispute concerning provided information, "the furnisher must conduct an investigation, review all relevant information provided by the CRA, and report its results to the CRA." *Hunt*, 770 F. App'x at 457 (citing 15 U.S.C. § 1681s-2(b)(1)). "That subsection requires furnishers to conduct investigations into consumer disputes *only upon receiving notification of a dispute from a CRA.*" *Id.* at 458 (emphasis added); *see Manfredi v. Rocket Mortg., LLC*, No. 8:22-CV-2631-SDM-NHA, 2025 WL 703949, at *4 (M.D. Fla. Feb. 6, 2025) ("[T]he duty of a furnisher of credit information to investigate a credit dispute is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency, not just the consumer.") (citation modified).

Once the duty triggers, if investigation reveals that the disputed information is inaccurate, the furnisher must modify, delete, or permanently

5

block the reporting of that information to a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1)(E). Section "1681s-2(b) contemplates three possible outcomes of a satisfactory investigation: (1) the information is accurate and complete, (2) the information is inaccurate or incomplete, or (3) the information cannot be verified." *Hunt*, 770 F. App'x at 457 (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018)). Although the FCRA imposes other duties on furnishers, including those based on disputes received from consumers directly, "the only private right of action consumers have against furnishers is for a violation of [Section] 1681s-2(b)" for failure to investigate a dispute from a CRA. *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1366–67 (11th Cir. 2024) (citation modified).

"A furnisher who fails to conduct a reasonable investigation may also be liable for a 'negligent' violation under Section 1681o or a 'willful' violation under Section 1681n." *Manfredi*, 2025 WL 703949, at *4. But neither Section 1681n nor 1681o apply to disputes that furnishers receive directly from consumers. *See* 15 U.S.C. § 1681s-2(c)(1).

### A. Capital One: Counts I, II, and III

Capital One argues that Farrow fails to state a claim because he does not allege that Capital One received notice of a dispute from a credit reporting agency, as required by 15 U.S.C. § 1681s-2(b). Capital One Mot. at 5–7. Further, Capital One seeks fees under 15 U.S.C. § 1681n(c), which authorizes

6

fees to a defendant who prevails against a complaint "filed in bad faith or for purposes of harassment." *See id.* at 10–11. Although I agree with Capital One that Farrow fails to state a claim, I decline to award fees.

Again, FCRA only provides a private right of action for a furnisher's failure to investigate a dispute received from a credit reporting agency, not a consumer. *See, e.g.*, *Hunt*, 770 F. App'x at 457. Here, Farrow mailed Capital One two dispute letters on June 6, 2025, and July 13, 2025, respectively. *See* 2d Am. Compl. ¶¶ 36–38. Dissatisfied with Capital One's response, Farrow then mailed Capital One a "Notice of Intent to Sue" on August 15, 2025, in which Farrow "cited" "the filing of formal complaints with the Better Business Bureau . . . and the Consumer Financial Protection Bureau." *Id.* ¶ 41. Farrow alleges that despite receiving those "three separate certified disputes and notices," Capital One failed to conduct a reasonable investigation and willfully or negligently violated the FCRA. *Id.* ¶ 42. Those allegations are insufficient to establish Capital One's statutory duty to investigate.

Farrow first responds that "[w]hether [Capital One] received notice from a consumer reporting agency, when that notice was received, and the scope of [Capital One's] investigation are factual matters that cannot be resolved on a motion to dismiss." Resp. at 5. Not so. The FCRA creates a private right of action only in limited circumstances. Farrow must plead those circumstances—specifically receipt from a credit reporting agency—to state a

7

violation of § 1681s-2(b). *See Maximoff v. Truist Bank*, No. 9:23-cv-81422, 2024 WL 6902278, *2 (S.D. Fla. July 26, 2024) (dismissing § 1681s-2(b) claim because "[w]ithout facts that [the defendant] received notice from the CRA . . . Plaintiff's complaint fails to state a claim."); *Zickafoose v. Upstart Network, Inc.*, No. 8:25-cv-1280, 2025 WL 2879548, *4 (M.D. Fla. Oct. 9, 2025) (same). "[D]irect communication from [Farrow] to [Capital One] cannot establish a duty on the part of [Capital One] to [Farrow], nor can letters sent by [Farrow] form the basis for a Section 1681s-2(b) claim." *Manfredi*, 2025 WL 703949, at *4.

Even so, Farrow argues that he "does not allege that [Capital One's] statutory obligations arose solely from those direct communications." Resp. at 5. Elsewhere in the complaint Farrow suggests that "[u]pon receiving notice of [his] dispute from a credit reporting agency," Capital One became obligated to investigate. 2d Am. Compl. ¶ 74. That "formulaic recitation of [an] element[]" cannot suffice without factual support. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Farrow does not allege that he notified a credit reporting agency of the dispute, nor does he allege which reporting agency notified Capital One, or when it did so. *See Manfredi*, 2025 WL 703949, at *4 ("The notice [of a dispute] required in order to trigger the furnisher's duties under the statute does not come from any consumer reporting agency or an agency, but, rather, must come from the . . . consumer reporting agency that

8

received notice of a dispute from any consumer." (quoting *Freeman v. Ocwen Loan Servicing*, LLC, 113 F.4th 701, 707 (7th Cir. 2024)).

At most, Farrow maintains that credit reporting agency "Experian's Automated Credit Dispute Verification (ACDV) reflecting [Capital One's] response to the dispute" supports the conclusion that Capital One received notice from a reporting agency. Resp. at 6; *see* (Doc. 140-1). But Farrow never alleged as much, and he cannot add new facts in a response to a motion to dismiss. *See EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 n.5 (11th Cir. 2016); *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (per curiam). Even if he could, it remains unclear how much the document would help Farrow. Farrow never alleges that he filed a dispute with Experian, *see Manfredi*, 2025 WL 703949, at *4, and the ACDV is dated September 25, 2025, sixteen days after Farrow filed his initial complaint alleging that Capital One failed to investigate his dispute. Although the "subscriber response date" on the cutoff document pre-dates this suit, it post-dates Farrow's letters to Capital One, and Farrow does not explain the date's significance, nor any other document fields. Farrow fails to state a claim against Capital One under § 1681s-2(b)(1), and thus his claims that Capital One violated that FCRA subsection negligently or willfully necessarily fail. Because Farrow has unsuccessfully tried to state these claims three times, I dismiss them with prejudice.

9

Finally, and although Farrow's arguments are foreclosed, I decline to award Capital One fees because I do not conclude that Farrow's complaint "was filed in bad faith or for purposes of harassment" based on the record before me. 15 U.S.C. 1681n(c).

### B. Dovenmuehle: Counts VII, VIII, and IX

#### i. Personal Jurisdiction

Before addressing the merits, I must address Dovenmuehle's contention that this Court lacks personal jurisdiction over it because "all of the jurisdictional facts pertaining to [Farrow's] claims occurred in Illinois," and because Dovenmuehle, a Delaware Corporation with its principal operations in Illinois, is not otherwise subject to general jurisdiction in Florida. Mot. at 3–6; *see* Swartz Decl. (Doc. 137-1). Farrow responds that Dovenmuehle's "furnishing of information into nationwide consumer reporting systems that foreseeably causes harm in Florida" against Florida residents subjects Dovenmuehle to jurisdiction here. Resp. at 2. Further, Farrow avers that "[t]he mortgage account at issue concerns property located" in Florida. Farrow Decl. (Doc. 139-1) ¶ 4.

Where jurisdiction is based on a federal statute "that is silent regarding service of process," *Structural Panels, Inc. v. Texas Aluminum Indus., Inc.*, 814 F. Supp. 1058, 1064 (M.D. Fla. 1993) (report and recommendation adopted), like the FCRA, a federal court may exercise personal jurisdiction over a

defendant only if the state's long-arm statute is satisfied and the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment, *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). Florida's long-arm statute recognizes both general and specific jurisdiction, and the long-arm statute is coextensive with the Due Process Clause as to the former. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352–53 (11th Cir. 2013). General jurisdiction applies if the defendant's affiliations with the forum are "so continuous and systematic as to render them essentially at home in the forum State," *id.* at 1204 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)), while specific jurisdiction attaches to certain causes of actions arising from the defendant's forum-directed actions, *Louis Vuitton*, 736 F.3d at 1353, and applies only if the defendant's contacts with the forum are such that "maintenance of the suit is reasonable in the context of our federal system of government and does not offend traditional notions of fair play and substantial justice," *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation modified).

While I agree that Dovenmuehle is not subject to general jurisdiction because Farrow does not allege that Dovenmuehle's contacts are "so continuous and systematic as to render [Dovenmuehle] essentially at home in Florida," the requirements for specific jurisdiction are satisfied. To avoid that

11

conclusion, Dovenmuehle avers that the complaint fails to allege "that Dovenmuehle conducted the investigation in Florida," and thus the dispute is too disconnected from the forum. Dovenmuehle Mot. at 8. To be sure, other federal courts have found personal jurisdiction lacking over out-of-state loan providers or servicers on different facts. *See, e.g.*, *Coleman v. Experian Info. Sols., Inc.*, Case No. 5:24-cv-532-LCV, (N.D. Ala. March 12, 2025), Dkt. No. 49 at 9 (finding that court lacked jurisdiction over out-of-state student loan servicer because investigation occurred outside the forum state); *Mednik v. Specialized Loan Servicing, LLC*, No. 20-CV-427 (MKB), 2021 WL 707285, at *6 (E.D.N.Y. Feb. 23, 2021) (concluding that mortgage loan servicer was not subject to specific personal jurisdiction in New York based solely on servicing and investigating a mortgage on Pennsylvania property); *Lowe v. MAC Fed. Credit Union*, No. SA-17-CV-1230-XR, 2018 WL 2422999, at *3–6 (W.D. Tex. May 29, 2018) (concluding that the court lacked personal jurisdiction over non-resident auto loan lender where both the debtor and vehicle relocated to the forum state after issuance of loan).

But none of those cases addressed Florida's long-arm statute or a loan for real property located in the forum state. Here, as Farrow argues, "[t]he location of [Dovenmuehle's] internal investigation [in Illinois] is not dispositive" because Dovenmuehle purposefully directed its conduct toward a Florida resident to service a Florida-based loan. Resp. at 3; *see* 2d Am. Compl.

12

¶¶ 7–10 (alleging that the defendants "conducts business in [Florida]," where Farrow resides). The mortgage account that Farrow disputed "concerns property located" in Wesley Chapel, Florida. Farrow Decl. ¶ 4; *see* 2d Am. Compl. ¶ 50 (alleging "inaccurate reporting on [Farrow's] Mortgage Account"); *see also id.* ¶ 52 ("enclos[ing] a loan modification offer" for Farrow's Florida property in response to his dispute letter). Florida's long-arm statute recognizes that "[o]wning, using, possessing, or holding a mortgage or other lien on any real property within [Florida]" subjects a defendant to personal jurisdiction, so long as the "cause of action aris[es]" from that act. § 48.193(1)(a)(3), Fla. Stat; *see also id.* § 48.193(1)(a)(1) (subjecting to personal jurisdiction a defendant who "carr[ies] on a business . . . in this state"); *id.* § 48.193(1)(a)(6) (subjecting to personal jurisdiction any defendant who causes injury in Florida by "act or omission" related to the defendant's "solicitation or service activities within this state"). By servicing Florida-resident Farrow's loan for real property in Florida and providing information to credit reporting agencies regarding that loan, Dovenmuehle could have anticipated litigating disputes regarding that credit account—even those related to investigative obligations under a federal statute like the FCRA—in Florida.

### ii. FCRA Claims: Counts VII, VIII, and IX

Turning to the merits of Dovenmuehle's Rule 12(b)(6) arguments, Farrow fails to allege that Dovenmuehle violated § 1681s-2(b), either

13

negligently or willfully, for the same reasons that he failed to state a claim against Capital One. That is, Farrow's operative complaint does not sufficiently allege that Dovenmuehle received notice of the dispute from a credit reporting agency, a necessary fact to trigger Dovenmuehle's statutory duty to investigate. *See, e.g., Hunt*, 770 F. App'x at 457. Farrow's pleading deficiency is fatal and requires dismissal of his three claims against Dovenmuehle. Because Farrow has failed to state these claims three times, I dismiss them with prejudice.[2]

## IV. CONCLUSION

After two previous attempts to state claims for violations of the FCRA against defendants Capital One and Dovenmuehle, Farrow again fails to state a claim for relief. Specifically, Farrow fails to allege that either defendant had a duty to investigate a dispute received from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1). Accordingly, the following is **ORDERED**:

1. Capital One Services, N.A.'s Motion to Dismiss (Doc. 138) is **GRANTED IN PART.**

---

[2] To the extent that Farrow asserts he should be permitted to replead these claims because his previous two complaints were dismissed as shotgun pleadings, I disagree. Dovenmuehle moved to dismiss Farrow's initial complaint and placed Farrow on notice of the substantive deficiencies at issue here, but Farrow failed to remedy them. *See* (Doc. 57) at 9 ("Because Farrow alleges that Dovenmuehle received notice of his dispute directly from him, and not from a credit report agency, he cannot prevail on his FCRA claim.").

14

2. Dovenmuehle Mortgage, Inc.'s Motion to Dismiss (Doc. 137) is **GRANTED**.

3. Farrow's Motion for Leave to File a Sur-Reply (Doc. 147) is **DENIED.**

4. Counts I, II, III, VII, VIII, and IX of the Second Amended Complaint (Doc. 122) are **DISMISSED** with prejudice.

5. The Clerk is directed to **TERMINATE** Defendants Capital One Services, N.A., and Dovenmuehle Mortgage, Inc., from this action.

**ORDERED** in Tampa, Florida, March 10, 2026.

*[Signature: Kathryn Kimball Mizelle]*

Kathryn Kimball Mizelle
United States District Judge